# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, c/o Avenatti Associates, APC 1910 W Sunset Blvd, #450 Los Angeles, CA 90026, | : : : : : | CIVIL ACTION NO. |
| | : | JUDGE: |
| Plaintiff, | : : | MAGISTRATE JUDGE: |
| v. | : : | |
| SHANA M. KECKLEY, in her individual capacity as a Columbus Police Vice Unit Detective, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | **COMPLAINT** **DEMAND FOR JURY TRIAL** |
| and | : : | |
| WHITNEY R. LANCASTER, in his individual capacity as a Columbus Police Vice Unit Lieutenant, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | |
| and | : : | |
| MARY S. PRAITHER, in her individual capacity as a Columbus Police Vice Unit Detective, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | |
| and | : : | |
| STEVEN G. ROSSER, in his individual capacity as a | : : | |

| | |
|---|---|
| Columbus Police Vice Unit Detective,<br>City of Columbus, Division of Police<br>120 Marconi Blvd.<br>Columbus, OH 43215, | :<br>:<br>:<br>: |
| and | : |
| JOHN OR MARY DOE 1, in his or her<br>individual capacity,<br>City of Columbus, Division of Police<br>120 Marconi Blvd.<br>Columbus, OH 43215, | :<br>:<br>:<br>:<br>: |
| and | : |
| JOHN OR MARY DOE 2, in his or her<br>individual capacity,<br>City of Columbus, Division of Police<br>120 Marconi Blvd.<br>Columbus, OH 43215, | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

## I. INTRODUCTION

1. The claims at issue in this case arise from a politically motivated July 11, 2018 incident in which Officers of the Columbus Division of Police ("CDP") Vice Unit ("Vice Unit"), acting under color of state law, intentionally and willfully subjected Plaintiff Stephanie Clifford ("Ms. Clifford") to, *inter alia*, false arrest and false imprisonment in violation of her civil rights.

2. Approximately two months before the events at issue in this case, Ms. Clifford, a.k.a. Stormy Daniels ("Ms. Clifford"), became an opponent of President Donald Trump in litigation. Namely, in March 2018, Ms. Clifford filed a lawsuit seeking to be released from a non-disclosure agreement she had signed in connection with a $130,000 payment she received from the President and/or his representatives. On March 25, 2018, Ms. Clifford was interviewed on "60 Minutes" and told a national television audience about her extramarital affair with the President which led to the non-disclosure agreement and payment of "hush money." In response,

the President and his surrogates attacked her, sought to disparage Ms. Clifford and to impugn her character and credibility.

3. In this civil rights action, Ms. Clifford seeks relief for the violation of her rights secured by the Civil Rights Act of 1871, 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of Ohio.

4. Plaintiff Ms. Clifford seeks monetary damages (special, compensatory, and punitive) against defendants, as well as declaratory, injunctive, and equitable relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## II.  JURISDICTION AND VENUE

5. Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (deprivation of rights under color of law), is conferred on this Court by 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights), and jurisdiction over the state claims is conferred by 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events that give rise to this action occurred in Franklin County, Ohio. Defendants reside and/or are employed as CDP Vice Unit members or in other CDP employment there.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events that give rise to this action occurred in Franklin County, Ohio. Defendants reside and/or are employed as CDP Vice Unit members or in other CDP employment there.

8. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, the common law of the State of Ohio, and Fed. R. Civ. P. 54.

## III.  PARTIES

9. Plaintiff Ms. Clifford ("Ms. Clifford") is a resident of Texas.

10. Defendants Shana Keckley ("Defendant Keckley"), Whitney Lancaster ("Defendant Lancaster"), Mary Praither ("Defendant Praither"), Steven Rosser ("Defendant

Rosser"), and John or Mary Doe 1 ("Defendant Doe 1) (Defendants Keckley, Lancaster, Praither, Rosser and Doe 1 shall collectively be referred to herein as "Defendant Officers") are being sued in their individual capacity; and were, at all times material to this Complaint, employees of the CDP Vice Unit ("Vice Unit") located in Franklin County, Ohio, and "persons" under 42 U.S.C §1983 acting under color of law.

11. Defendant John or Mary Doe 2 ("Defendant Doe 2") is a police officer, spokesperson, and/or social media account administrator for the CDP whose identity is not currently known to Plaintiff. Accordingly, Plaintiff is suing Defendant Doe 2 in his or her individual capacity. At all times material to this Complaint, Defendant Doe 2 was an employee of the CDP, located in Franklin County, Ohio, and a "person" under 42 U.S.C § 1983 acting under color of law.

### III. FACTUAL ALLEGATIONS

12. At approximately 10:00 p.m. on July 11, 2018, Plaintiff Ms. Clifford was scheduled to appear at an adult entertainment venue known as "Sirens" in Columbus, Ohio

13. As noted above, Ms. Clifford is a public figure engaged in a high profile public dispute with the President of the United States of America, Donald John Trump ("President Trump"), with whom she alleges that she had a sexual affair.

14. Ms. Clifford has frequently and publicly spoken out against President Trump, making statements that she had a sexual affair with him in 2006 and that President Trump's lawyer, Michael Cohen, paid her one-hundred and thirty-thousand dollars ($130,000) to not say anything about the affair during President Trump's 2016 presidential campaign. Specifically, in March 2018, Ms. Clifford sued to be released from a non-disclosure agreement relating to the affair and, on March 25, 2018, she discussed the matter on "60 Minutes" to a record television audience. Mr. Trump and his supporters have since sought to disparage her character and credibility.

15. Defendant Officers belonged to a group of officers from the Vice Unit who were avowed supporters of President Trump. To wit:

16. Defendant Keckley is registered as a Republican in the Ohio voter rolls.

17. Defendant Praither is also registered as a Republican in the Ohio voter rolls.

18. Defendant Rosser is a known Republican supporter of President Trump.

19. Before July 11, 2018, Defendant Rosser maintained a Facebook profile under the alias of "Stevo Shaboykins." Defendant Rosser regularly posted supporting images for President Trump on the Stevo Shaboykins Facebook page. One image was labeled "Cops for Trump Pence Make America Great Again," and included the text: "Keep your Elephant Keep your Donkey We Have a Lion (Trump)," and "So Trump is mentally ill…he built a multi-billion dollar empire that spread across the world, was able to beat 17 of the best and brightest Republican candidates, turns around to beat the 'most qualified woman of our time' for the presidency, then in his first year in office causes the stock market to climb to heights never seen before in history, lowered unemployment, almost wiped out ISIS, restoring law and order, all while working with a hostile Congress and the media attacking him 24/7? Perhaps we need more mentally ill people."

20. At some point in time, before July 11, 2018, Defendant Officers became aware that Ms. Clifford was scheduled to visit Sirens.

21. Defendant Officers believed that Ms. Clifford was damaging President Trump and they thereafter entered into a conspiracy to arrest her during her performance in Columbus in retaliation for the public statements she had made regarding President Trump.

22. Defendant Officers also arrested Ms. Clifford because they believed that doing so would damage her credibility in relation to any statements she had make or might in the future make against President Trump. Damaging Ms. Clifford's credibility in this way was another purpose of Defendant Officers' conspiracy.

23. Defendant Officers subsequently decided to arrest Ms. Clifford and to falsely charge her with violating R.C. 2907.40 when she performed at Sirens.

24. Defendant Keckley performed extensive research on Ms. Clifford and her performance schedule prior to her appearance at Sirens.

25. E-mails sent from Defendant Keckley's personal account to her work account contained screenshots of an article announcing the event, a picture of Ms. Clifford and President Trump together, a link to a YouTube video of Ms. Clifford receiving the keys to West Hollywood, and a screenshot of the location of Sirens on a map.

26. Defendant Officers determined in advance that if Ms. Clifford did not meet all of the elements of R.C. 2907.40, they would either fabricate the missing elements or deliberately omit elements on any criminal complaint against her.

27. Further, Defendant Officers determined in advance that, at the same time they arrested Ms. Clifford, they would also arrest at least two other individuals working at Sirens for a violation of R.C. 2907.40 to cover for their arresting Ms. Clifford. Defendant Officers calculated that, if they arrested other employees, they would be able to deny that Ms. Clifford's arrest was politically-motivated and unjustified by circumstances on the ground.

28. On the night Ms. Clifford was scheduled to appear at Sirens on July 11, 2018, Defendant Officers attended the event undercover, each paying a seventy-five dollar ($75) cover charge to acquire V.I.P. access to Ms. Clifford during her performance.

29. Several of the Defendant Officers sat in a booth together, while other Defendant Officers were posted at other locations at the establishment.

30. Several of the Defendant Officers consumed alcoholic beverages while on the job, spending at least seven hundred and sixty eight dollars ($768) of taxpayer money on their exploit, including one-hundred and twenty-nine dollars ($129) for alcohol and six-hundred and thirty-nine dollars ($639) for tips and cover charges.

31. Prior to 10:00 p.m., Defendant Officers invoked their V.I.P. privileges and entered the V.I.P. area to personally meet Ms. Clifford.

32. During the V.I.P. interaction, Defendant Praither alleged Ms. Clifford "put both hands on officers [sic] buttocks, both hands on officers [sic] breast, then put her breast in officers [sic] face."

33. Defendant Praither, based upon these allegations, arrested Ms. Clifford, falsely alleging a violation of R.C. 2907.40.

34. Pursuant to their conspiracy, Defendant Officers proceeded to arrest Ms. Panda and Ms. Walters for alleged violations of R.C. 2907.40 at or about the same time.

35. Defendant Officers arrested, handcuffed, detained, and transported Ms. Clifford in a police cruiser to a police staging location where she remained handcuffed. She was then transported to the Franklin County Correctional Center where she was placed in a holding cell, booked, fingerprinted, and photographed.

36. Defendants charged Ms. Clifford, Ms. Panda, and Ms. Walters with first-degree misdemeanor violations of R.C. 2907.40(C)(2), as alleged in each individual complaint against them.

37. The Columbus Police Department Vice Unit enforces a very limited set of laws.

38. Vice Unit officers, including Defendant Officers, are intimately aware of all of the elements for the limited set of laws they are charged with enforcing.

39. In filing criminal complaints, Defendant Officers have access to and routinely use a book containing the elements of City and State criminal offenses, including the elements associated with R.C. 2907.40(C)(2).

40. A violation of R.C. 2907.40(C)(2) requires: (1) an employee who regularly appears nude or seminude; (2) at the sexually oriented business; (3) while they are nude or seminude; (4) to touch another employee, a patron, or allow themselves to be touched by a patron.

41. Accordingly, R.C. 2907.40(C)(2) requires that the person charged appear nude or semi-nude at the establishment in question *on a regular basis*. But Ms. Clifford was a special guest performer at Sirens, who had not appeared regularly at the establishment, while Ms. Panda

had just started the night before. Additionally, neither Ms. Panda or Ms. Walters had been nude or semi-nude, in order to violate the statute.

42. Immediately following the arrests of Ms. Clifford, Ms. Panda, and Ms. Walters, at 3:47 a.m., Defendant Keckley sent an e-mail to Defendant Rosser, Defendant Praither, Detective Scott Soha, and Lieutenant Robert Kemmerling, stating, "Attached are the complaints from our arrests at Sirens" with attachments of the individual complaints against each woman.

43. At 3:50 a.m. on July 12, 2018, Defendant Keckley forwarded the abovementioned e-mail with the attached complaints to Lieutenant Babcock, stating, "LT You're Welcome!!!!!I work Vice now !!:D It was Me, Rosser, Lancaster, and Praiter [sic]; Please Please Don't post my name on Face Book [sic] !!:D Thank me in person later."

44. Defendant Keckley asked that her name not be published on Facebook in connection with these arrests out of concern that her political motivation for the arrests would be discovered.

45. At 4:03 a.m., Defendant Keckley forwarded the above-mentioned e-mail with the attached complaints to co-workers Elisabeth Beine, Lowell Whitt, Eric Poliseno, Jason Arnold, and Jason Vore, stating, "I got elements along with Susan and Lancaster we arrested Stormy this morning, she is in jail."

46. At 4:05 a.m., Defendant Keckley forwarded the same e-mail with the attached complaints to her husband, Shane Keckley, stating, "It is all over CNN. I wanted you to know before everyone contacts you … I, Susan and Lancaster got elements and arrested Stormy Daniels this morning she is in jail."

47. Later that evening, co-worker Jason Arnold replied all to Defendant Keckley, stating, "Great job!!!!Let me know how that goes for ya…".

48. Defendant Keckley's e-mails, including the ones from the prior night showing research on Ms. Clifford, her upcoming performance at Sirens, and her affiliation with President Trump, as well as the ones post-arrest stating that she "got elements" to arrest Ms. Clifford evidence a premeditated, politically motivated reason to arrest Ms. Clifford.

49. Shortly after the arrests, Defendant Rosser deleted his "Stevo Shaboykins" Facebook profile out of concern that his political motivation for arresting Ms. Clifford would be discovered.

50. At 1:36 p.m. on July 12, 2018, Columbus Division of Police released a statement from Chief Kim Jacobs ("Chief Jacobs") which said, "Vice personnel working last night believed they had probable cause that the state law regulating sexually-oriented businesses was violated; however, one element of the law was missed in error and charges were subsequently dismissed."

51. Contrary to that post, which was intended to divert attention or inquiry, Defendant Officers never had probable cause to arrest Ms. Clifford, nor could they believe they did. This is because Defendant Officers were well aware that they had deliberately fabricated and/or omitted the elements of R.C. 2907.40(C)(2) to arrest Ms. Clifford and the other women.

52. Ms. Panda's and Ms. Walters' charges were dismissed at the unilateral request of the prosecutor due to lack of probable cause on July 18, 2018, six days after charges were filed against them.

53. On July 12, 2018 at 7:29 a.m., Defendant Doe 2 posted a statement on the official Twitter account for the City of Columbus Division of Police, "Columbus Ohio Police (@ColumbusPolice)," entitled "Columbus Police Make Three Arrests at Adult Entertainment Club."  The July 12, 2018 statement read, "As part of a long-term investigation into allegations of human trafficking, prostitution, along with other vice related violations, Columbus Police arrested three individuals from Club Sirens at 6190 Cleveland Ave., during the early morning hours of July 12, 2018."

54. The above-mentioned statement is entirely false. Defendant Officers were not at Sirens investigating any human trafficking, prostitution, or other vice related violations, nor were the women employees of Sirens arrests in any way related to such an "investigation".  Defendant Doe 2's publication of this statement furthered the conspiracy of Defendant Officers to conceal their retaliatory motive for the arrests.

55. Plaintiff's rights to be free from unlawful search and seizure and from arrest and prosecution without probable cause and/or based on false statements were, at the time of their actions or omissions, clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendants' acts or omissions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

57. As a proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer damages, including loss of liberty, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear, and great inconvenience.

58. But for Defendant Officers' commitment to President Trump and retaliatory motivation against Ms. Clifford, no arrest, prosecution, or defamation would ever have happened.

## III. CLAIMS FOR RELIEF

### A. First Cause of Action: False Arrest in Violation of the Fourth and Fourteenth Amendments and Ohio Common Law

59. Paragraphs 1 through 58 above are realleged and incorporated herein.

60. Defendants have deprived Ms. Clifford of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

61. Defendants' conduct deprived Ms. Clifford of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived Ms. Clifford of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

62. By arresting Ms. Clifford when, at the moment of the arrest the facts and circumstances within the knowledge of the Defendants Officers were insufficient to warrant a reasonable person to believe Plaintiff had committed a crime, Defendant Officers committed a

false arrest. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

63. Ms. Clifford has been damaged as a result of defendant' wrongful acts.

### B. Second Cause of Action: Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments and Ohio Common Law

64. Paragraphs 1 through 58 above are realleged and incorporated herein.

65. By making, influencing, and/or participating in the decision to prosecute Ms. Clifford without probable cause, which prosecution was resolved in her favor by dismissal at the unilateral request of the prosecutor due to lack of probable cause, and doing so with knowingly or recklessly made false statements in their paperwork, Defendant Officers maliciously prosecuted Ms. Clifford, resulting in her deprivation of liberty for more than five hours after their initial seizure.

66. Ms. Clifford has been damaged as a result of defendant' wrongful acts.

### C. Third Cause of Action: Civil Conspiracy to Violate the Fourth and Fourteenth Amendments

67. Paragraphs 1 through 58 above are realleged and incorporated herein.

68. Defendants conspired against Ms. Clifford in order to conceal their retaliation against her by depriving her of their Fourth and Fourteenth Amendment rights and taking steps to further the conspiracy, such as arresting her without probable cause, unlawfully searching and seizing her persons and property, making knowingly or recklessly false statements in her paperwork, making, influencing, and/or participating in the decision to prosecute her without probable cause, and making public false defamatory statements, thereby causing Plaintiff injury.

69. Ms. Clifford was injured as a result of defendant' conspiracy.

**D.  Fourth Cause of Action: Abuse of Process in Violation of Ohio Common Law**

70. Paragraphs 1 through 58 above are realleged and incorporated herein.

71. In the alternative, by commencing criminal prosecution in proper form and with probable cause and perverting that prosecution to retaliate against Ms. Clifford and thereby cause her injury in their efforts to conceal that retaliation, Defendant Officers committed abuse of process.

**E.  Fourth Cause of Action: Abuse of Process in Violation of Ohio Common Law**

72. Paragraphs 1 through 58 above are realleged and incorporated herein.

73. By maliciously releasing false statements to public newspapers and broadcasters and on social media platforms strongly implying Ms. Clifford was engaged in immoral conduct or wrongdoing, and/or vice related violations; and by announcing the details of her arrests for "illegal sexually oriented activity in a sexually oriented business," Defendants defamed Ms. Clifford causing injury to her reputation and exposing her to contempt, ridicule, shame, and disgrace in the community.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a. declare that Defendants have, through false arrest and/or malicious prosecution, violated Plaintiff's Fourth and Fourteenth Amendment rights, conspired against Plaintiff to violate those rights, abused process, and/or defamed her; and

b. order more than $1,000,000 in compensatory damages; more than $1,000,000 in punitive damages; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ *Chase A. Mallory*
Chase A. Mallory (0084728)
Chase@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545


/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545


/s/ *Michael J. Avenatti*
Michael J. Avenatti (applying pro hac)
mavenatti@eoalaw.com
AVENATTI & ASSOCIATES, APC
1910 W Sunset Blvd, #450
Los Angeles, CA 90026
phone: (949) 706-7000


**JURY DEMAND**

Plaintiff hereby demands a trial of all causes by jury.

By: /s/ *Chase A. Mallory*
Chase A. Mallory (0084728)