IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD, | : | Case No. 2:19-cv-00119 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| SHANA M. KECKLEY, *et al.*, | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS
SHANA M. KECKLEY, WHITNEY R. LANCASTER, MARY S. PRAITHER,
AND STEVEN G. ROSSER**

Now come Defendants Shana M. Keckley, Whitney R. Lancaster, Mary S. Praither, and Steven G. Rosser ("Defendant Officers") by and through counsel, and hereby state their Answer to Plaintiff's Complaint as follows:

**I.    INTRODUCTION**

1. Defendant Officers deny each and every allegation contained in Paragraph 1 of Plaintiff's Complaint. Defendant Officers specifically deny that any of their actions were politically motivated and deny that they intentionally or willfully subjected Plaintiff to false arrest or false imprisonment in violation of her civil rights.

2. Defendant Officers admit that Plaintiff appeared on "60 Minutes." Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 2 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

3. Defendant Officers deny each and every allegation contained in Paragraph 3 of Plaintiff's Complaint in that none of the Defendants have violated any of Plaintiff's civil rights.

4. Defendant Officers admit the allegations in Paragraph 4 of Plaintiff's Complaint that Plaintiff has filed this Complaint seeking monetary damage and various other forms of relief. Defendant Officers specifically deny that any of their actions warrant such damages as requested by Plaintiff.

## II. JURISDICTION AND VENUE

5. Defendant Officers admit that this Court has jurisdiction. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 5 of Plaintiff's Complaint, Defendant Officers deny the same.

6. Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 6 of Plaintiff's Complaint, Defendant Officers deny the same.

7. Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 7 of Plaintiff's Complaint, Defendant Officers deny the same.

8. Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 8, Defendant Officers deny the same.

## III. PARTIES

9. Defendant Officers deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

10. Defendant Officers admit the allegations contained in Paragraph 10 of Plaintiff's Complaint that Plaintiff has filed this suit against the Defendant Officers in their individual capacity. Defendant Officers further admit that they were working for and/or with the Vice Unit

of the Columbus Police Department on the night of July 11, 2018, when the alleged incident occurred. Defendant Officers deny any and all remaining allegations in Paragraph 10.

11. Defendant Officers deny each and every allegation contained in Paragraph 11 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

### IV. FACTUAL ALLEGATIONS

12. Defendant Officers admit that Plaintiff appeared at an adult entertainment venue known as "Sirens" in Columbus, Ohio on July 11, 2018. Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 12 of Plaintiff's Complaint for want of information sufficient to form a belief.

13. Defendant Officers deny each and every allegation contained in Paragraph 13 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

14. Defendant Officers admit that Plaintiff appeared on "60 Minutes." Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 14 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

15. Defendant Officers deny each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 15. Accordingly, in response to Paragraph 16 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 15. Further answering, Defendant Keckley hereby denies any and all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint. Defendant Keckley affirmatively states that her political party affiliation had no bearing whatsoever on her conduct towards the Plaintiff or on her duties as a police officer.

3

17. Paragraph 17 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 15. Accordingly, in response to Paragraph 17 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 15. Further answering, Defendant Praither hereby denies any and all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint. Defendant Praither affirmatively states that her political party affiliation had no bearing whatsoever on her conduct towards the Plaintiff or on her duties as a police officer.

18. Paragraph 18 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 15. Accordingly, in response to Paragraph 18 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 15. Further answering, Defendant Rosser denies any and all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint. Defendant Rosser affirmatively states that his political party affiliation had no bearing whatsoever on his conduct towards the Plaintiff or on his duties as a police officer.

19. Defendant Rosser admits he previously maintained a Facebook profile under the name "Stevo Shaboykins." Further answering, Defendant Rosser states that any text or image from that Facebook profile speaks for itself, and to the extent the allegations in Paragraph 19 of Plaintiff's Complaint vary therefrom, Defendant Rosser denies those allegations. Defendant Rosser denies each and every remaining allegation contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant Officers admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant Officers deny each and every allegation contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant Officers deny each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant Officers deny each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant Keckley denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant Keckley admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant Officers deny each and every allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant Officers deny each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant Officers admit that they did appear at Sirens on July 11, 2018 and that they did so as undercover officers. Further answering, Defendant Officers admit that they paid a seventy-five-dollar ($75) cover charge to acquire V.I.P. access. Defendant Officers deny each and every remaining allegation in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Officers admit that they were in the establishment but deny each and every other allegation contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Officers admit the allegations contained in Paragraph 30 of Plaintiff's Complaint in that they did purchase and consume alcohol and pay for tips and cover charges. Further answering, Defendant Officers assert that they were doing their jobs as undercover officers. Defendant Officers deny any and all remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Officers admit that they did meet Plaintiff as alleged in Paragraph 31 of Plaintiff's Complaint. Defendant Officers deny each and every remaining allegation in Paragraph 31 of Plaintiff's Complaint.

32. Defendant Praither admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant Praither denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant Officers deny each and every allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Officers admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant Officers admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant Officers deny each and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant Officers admit the allegations contained in Paragraph 38 of Plaintiff's Complaint that the Officers are aware of the various laws they are required to enforce.

39. Defendant Officers admit the allegations contained in Paragraph 39 of Plaintiff's Complaint in that the Officers have access to and review statutes they are required to enforce.

40. Paragraph 40 of Plaintiff's Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 40, Defendant Officers deny the same.

41. Paragraph 41 of Plaintiff's Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 41, Defendant Officers deny the same. Further answering, Defendant Officers admit that neither Ms. Panda nor Ms. Walters had been nude or semi-nude. Defendant Officers deny each and every remaining allegation contained in Paragraph 41 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

42. Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 42 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

43. Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 43 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

44. Defendant Keckley denies each and every allegation contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 45 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

46. Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 46 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

47. Defendant Keckley states that the email from Jason Arnold speaks for itself, and to the extent the allegations in Paragraph 47 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

48. Defendant Keckley denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant Rosser denies each and every allegation contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant Officers state that Chief Jacobs' statement speaks for itself, and to the extent the allegations in Paragraph 50 of Plaintiff's Complaint vary therefrom, Defendant Officers deny those allegations.

51. Defendant Officers deny each and every allegation contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant Officers admit that Ms. Panda's and Ms. Walters' charges were dismissed on July 18, 2018. Further answering, Defendant Officers deny each and every remaining allegation contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant Officers state that the Twitter statement speaks for itself, and to the extent the allegations in Paragraph 53 of Plaintiff's Complaint vary therefrom, Defendant Officers deny those allegations.

54. Defendant Officers deny each and every allegation contained in Paragraph 54 of Plaintiff's Complaint. Further answering, Defendant Officers affirmatively state that they were, in fact, at Sirens as part of a long-term investigation into human trafficking, prostitution, drug trafficking, and other vice-related violations occurring in adult entertainment venues around Columbus.

55. Paragraph 55 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 55, Defendant Officers deny the same.

56. Defendant Officers deny each and every allegation contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant Officers deny each and every allegation contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant Officers deny each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

## V.  CLAIMS FOR RELIEF

59. Defendant Officers deny all allegations contained in Paragraphs 1 through 58 of Plaintiff's Complaint that have not been specifically admitted to be true.

60. Defendant Officers deny each and every allegation contained in Paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73 of Plaintiff's Complaint.

## VI.  AFFIRMATIVE DEFENSES

### First Defense:

61. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Defendant Officers.

### Second Defense:

62. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiff, and upon a reasonable belief that their actions were in compliance with all applicable federal, state, and municipal laws and regulations, including all administrative regulations, orders, and practices of the Department of Public Safety, the Columbus Division of Police, and the Vice Unit.

### Third Defense:

63. Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiff, and upon a reasonable belief that Plaintiff had violated R.C. § 2907.40(C)(2), a law which had not been repealed, had not been declared unconstitutional, and had been consistently enforced prior to July 11, 2018.

### Fourth Defense:

64. Defendant Officers' actions towards Plaintiff were based on probable cause and were neither retaliatory nor motivated by political or personal reasons.

### Fifth Defense:

65. Defendant Officers are entitled to qualified immunity.

### Sixth Defense:

66. Plaintiff's Complaint is barred in whole or in part by R.C. Chapter 2744 et. seq. and/or common law political subdivision immunity.

### Seventh Defense:

67. Plaintiff's Complaint failed to name necessary and indispensable parties.

### Eighth Defense:

68. Plaintiff has failed to mitigate her alleged injuries, losses, and damages, the existence of which Defendant Officers deny.

### Ninth Defense:

69. Defendant Officers reserve the right to assert additional defenses as may become necessary through the course of discovery.

## **JURY DEMAND**

Defendant Officers request a trial by a jury pursuant to the Federal Rules of Civil Procedure.

>
> */s/ Larry H. James*
> Larry H. James - Trial Attorney (0021773)
> Christopher R. Green          (0096845)
> Natalie P. Bryans               (0097697)
> 500 S. Front Street, Suite 1200
> Columbus, OH 43215
> P: 614-229-4567
> F: 614-229-4559
> Email: ljames@cbjlawyers.com
> Email: cgreen@cbjlawyers.com
> Email: nbryans@cbjlawyers.com
> *Counsel for Defendants Shana M. Keckley,*
> *Whitney R. Lancaster, Mary S. Praither,*
> *and Steven G. Rosser*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of April, 2019, the foregoing was electronically filed with the Clerk of Courts for the United States District Court for the Southern District of Ohio, Eastern Division, and a copy of the foregoing was duly served via electronic mail and/or the Court's electronic filing system, upon the following:

| | |
|---|---|
| Daniel J. Sabol | Clark O. Brewster (Pro Hac Vice Motion Pending) |
| Chase A. Mallory | Brewster & DeAngelis, P.L.L.C. |
| Sabol Mallory, LLC | 2617 East 21st Street |
| 743 S. Front Street | Tulsa, Oklahoma 74114 |
| Columbus, OH 43206-1905 | *Counsel for Plaintiff, Stephanie Clifford* |
| *Counsel for Plaintiff* | |
| *Stephanie Clifford* | |

Timothy J. Mangan
Columbus City Attorney Litigation Section
77 N. Front Street, Floor 4
Columbus, OH 43215-1895

                                    */s/ Larry H. James*
                                    LARRY H. JAMES (0021773)
                                    *Counsel for Defendants Shana M. Keckley,*
                                    *Whitney R. Lancaster, Mary S. Praither,*
                                    *and Steven G. Rosser*