**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD | : | **Civil Action No. 2:19-cv-00119** |
| | : | |
| Plaintiff, | : | Judge: Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge: Elizabeth Preston Deavers |
| | : | |
| SHANA M. KECKLEY, et al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S UNOPPOSED MOTION TO AMEND COMPLAINT**

Plaintiff Stephanie Clifford, by and through her counsel, hereby moves to amend her Complaint, pursuant to the Court's Preliminary Pretrial Order [Dkt. No. 21] and FRCP 15, seeking an order to allow amendment to the pleadings and the filing of the Amended Complaint which is attached hereto as Ex. "A". In support thereof, Plaintiff would show the Court the following:

(1) Plaintiff filed the original Complaint on January 14, 2019. Dkt. No. 1.

(2) Defendants Keckley, Praither, Rosser and Lancaster answered on April 19, 2019. Dkt. No. 14. In answering, the Defendant officers assert that they were acting in accordance with the "regulations, order and practices" of the Columbus Division of Police and the Vice Unit. They further assert that Plaintiff has failed to name certain "indispensable parties."

(3) In the Rule 26(f) Report filed with the Court by the parties, Dkt. No. 20, the Defendant Officers again raise the issue of the status of the City of Columbus as a potential party to the lawsuit as the City has not been joined as a defendant in the lawsuit.

(4) Per the Preliminary Pretrial Order, all motions to amend shall be filed by June 14, 2019. Dkt. No. 21.

(5)     Plaintiff's Amended Complaint seeks to add two party Defendants:

    a.  Terry L. Moore, Commander for the City of Columbus Division of Police and is sued in his individual capacity as supervisor of the City of Columbus Division of Police Vice Unit.

    b.  The City of Columbus under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S. Ct. 2018 (1978).

(6)     Plaintiff also removes two unnamed "Doe" defendants from the Amended Complaint.

(7)     FRCP 15(a)(2) allows that a party may move to amend its pleading with the opposing party's written and/or the Court's leave.  FRCP also provides that such leave shall be freely given when justice so requires.

(8)     A complete and full resolution of the issues to be litigated as reflected in the Amended Complaint meets this broad standard.

(9)     Plaintiff has contacted counsel for the Defendants who states that he does not object to the proposed Amended Complaint attached hereto as Ex. "A".

Plaintiff, Stephanie Clifford, by and through her counsel, requests an Order from the Court allowing the filing of her Amended Complaint.

                Respectfully Submitted,

                      /s/ *Chase A. Mallory*
                      Chase A. Mallory (0084728)
                      Chase@SabolMallory.com
                      SABOL MALLORY, LLC
                      743 South Front Street
                      Columbus, Ohio 43206
                      phone: (614) 300-5088
                      fax: (614) 636-4545

/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on June 6, 2019 a true and exact copy of the above and foregoing document was served to the following counsel via:  ☐  U.S. first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, [X]  e-mail, ☐  hand delivery:

Larry H. James
Crabbe, Brown & James LLP
500 South Front Street, Suite 1200
Columbus, OH 43215

/s/ *Guy A. Fortney*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, c/o Avenatti Associates, APC 1910 W Sunset Blvd, #450 Los Angeles, CA 90026, | : : : : : : | CIVIL ACTION NO. 2:19-CV-00119 JUDGE: Watson |
| Plaintiff, | : : | MAGISTRATE JUDGE: Deavers |
| v. | : : | |
| SHANA M. KECKLEY, in her individual capacity as a Columbus Police Vice Unit Detective, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | **AMENDED COMPLAINT** **DEMAND FOR JURY TRIAL** |
| and | : : | |
| WHITNEY R. LANCASTER, in his individual capacity as a Columbus Police Vice Unit Lieutenant, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | |
| and | : : | |
| MARY S. PRAITHER, in her individual capacity as a Columbus Police Vice Unit Detective, City of Columbus, Division of Police 120 Marconi Blvd. Columbus, OH 43215, | : : : : : : | |
| and | : : | |
| STEVEN G. ROSSER, in his individual capacity as a Columbus Police Vice Unit Detective, | : : : | |

**EXHIBIT A**

Exhibit "A"

| | |
|---|---|
| City of Columbus, Division of Police | : |
| 120 Marconi Blvd. | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| TERRY L. MOORE, in his | : |
| individual capacity as a | : |
| Columbus Police Vice Unit Commander, | : |
| City of Columbus, Division of Police | : |
| 120 Marconi Blvd. | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| THE CITY OF COLUMBUS | : |
| City Hall, 90 West Broad Street | : |
| Columbus, OH 43215-9015 | : |
| | : |
| Defendants. | : |

## AMENDED COMPLAINT

**I.     INTRODUCTION**

1. The claims at issue in this case arise from a politically motivated July 11, 2018 incident in which Officers of the Columbus Division of Police ("CDP") Vice Unit ("Vice Unit"), acting under color of state law, intentionally and willfully subjected Plaintiff Stephanie Clifford ("Ms. Clifford") to, *inter alia*, false arrest and false imprisonment in violation of her civil rights.

2. Approximately two months before the events at issue in this case, Ms. Clifford, a.k.a. Stormy Daniels ("Ms. Clifford"), became an opponent of President Donald Trump in litigation. Namely, in March 2018, Ms. Clifford filed a lawsuit seeking to be released from a non-disclosure agreement she had signed in connection with a $130,000 payment she received from the President and/or his representatives. On March 25, 2018, Ms. Clifford was interviewed on "60 Minutes" and told a national television audience about her extramarital affair with the President which led to the non-disclosure agreement and payment of "hush money." In response, the President and his surrogates attacked her, sought to disparage Ms. Clifford and to impugn her character and credibility.

3. In this civil rights action, Ms. Clifford seeks relief for the violation of her rights secured by the Civil Rights Act of 1871, 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of Ohio.

4. Plaintiff, Ms. Clifford, seeks monetary damages (special, compensatory, and punitive) against defendants, as well as declaratory, injunctive, and equitable relief, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

5. Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (deprivation of rights under color of law), is conferred on this Court by 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights), and jurisdiction over the state claims is conferred by 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events that give rise to this action occurred in Franklin County, Ohio. Defendants reside and/or are employed as CDP Vice Unit members or in other CDP employment there.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events that give rise to this action occurred in Franklin County, Ohio. Defendants reside and/or are employed as CDP Vice Unit members or in other CDP employment there.

8. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, the common law of the State of Ohio, and Fed. R. Civ. P. 54.

## III. PARTIES

9. Plaintiff Ms. Clifford ("Ms. Clifford") is a resident of Texas.

10. Defendants Shana Keckley ("Defendant Keckley"), Whitney Lancaster ("Defendant Lancaster"), Mary Praither ("Defendant Praither"), and Steven Rosser ("Defendant Rosser") (Defendants Keckley, Lancaster, Praither, and Rosser shall collectively be referred to herein as "Defendant Officers") are being sued in their individual capacity; and were, at all times material to this Complaint, employees of the CDP Vice Unit ("Vice Unit") located in Franklin County, Ohio, and "persons" under 42 U.S.C §1983 acting under color of law.

11. Defendant Terry L. Moore ("Defendant Moore") is employed as a "Commander" for the City of Columbus Division of Police and is sued in his individual capacity as supervisor of the City of Columbus Division of Police Vice Unit; and was, at all times material to this Complaint, an employee of the CDP assigned to the Vice Unit ("Vice Unit") located in Franklin County, Ohio, and "persons" under 42 U.S.C §1983 acting under color of law.

12. Defendant, City of Columbus is a political subdivision located in Franklin County, Ohio and a Municipal Corporation duly organized, existing and operating under the Constitution and Statutes of the State of Ohio and the Charter of the City of Columbus, Ohio and "person" under 42 U.S.C §1983 acting under color of law.  At all times material hereto, Defendant City of Columbus operated a Division of Police and "Vice Unit" which employed the Defendant officers herein, including but not limited to, Defendants Keckley, Lancaster, Praither, Rosser, and Moore and was responsible for the supervision and administration of the Division of Police and "Vice Unit." Defendant City is sued under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S. Ct. 2018 (1978).

IV. **FACTUAL ALLEGATIONS**

13. Beginning in the Fall of 2017, Defendants Rosser and Lancaster began "investigating" strip club operations and adult entertainment venues with the approval and condonation of their superiors, including Defendant Terry Moore.

14. Upon information and belief, Defendant Rosser is a detective with the Columbus Division of Police who has a history of engaging in questionable law enforcement activities including entrapment, selective code enforcement, and extortion.

15. Upon information and belief, as early as November of 2017, Defendants Rosser and Lancaster had a pattern and practice, authorized by their superiors, of arresting and charging women with violations of Ohio Revised Code, § 2907.40(C)(2) without probable cause and fabricating or omitting of certain elements of Ohio Revised Code, § 2907.40(C)(2).

16. In January and February of 2018, prosecutors for the City of Columbus held several meetings with officers in the Vice Unit, including the Defendant officers herein, informing them

that their reliance upon a state law which prohibited touching in a strip club was legally questionable and the use of municipal funds for lap dances and drinks at the establishments to entrap women who appeared at the clubs was problematic for the prosecution of such crimes. The City of Columbus prosecutors repeatedly warned the officers in the Vice Unit, including the Defendant officers herein, against enforcing the Community Defense Law on illegal touching, Ohio Revised Code, § 2907.40(C)(2). Those known to be in attendance included Defendant Terry Moore; Police Legal Advisor Jeff Furbee; Legal Advisor Deana Overking; City Attorney's Office prosecutor Joe Gibson; Don Olson; Vice Liaison to the City Prosecutor's Office, Lara Baker-Moorish; Zone 1 Attorney Bill Sperlazza; and Zone 4 Attorney Katerina Karac.

17. Despite the warnings from prosecutors for the City of Columbus, the policy of the Vice Unit including the Defendant officers herein remained to harass local establishments through legally questionable means and often without any specific complaints or probable cause for any investigation into the local establishment.

18. This policy of the Vice Unit including the Defendant officers herein was approved of and condoned by their superiors at the Columbus Division of Police including the Vice Unit Commander Terry Moore.

19. At approximately 10:00 p.m. on July 11, 2018, Plaintiff Ms. Clifford was scheduled to appear at an adult entertainment venue known as "Sirens" in Columbus, Ohio

20. As noted above, Ms. Clifford is a public figure engaged in a high-profile public dispute with the President of the United States of America, Donald John Trump ("President Trump"), with whom she alleges that she had a sexual affair.

21. Ms. Clifford has frequently and publicly spoken out against President Trump, making statements that she had a sexual affair with him in 2006 and that President Trump's lawyer, Michael Cohen, paid her one-hundred and thirty-thousand dollars ($130,000) to not say anything about the affair during President Trump's 2016 presidential campaign. Specifically, in March 2018, Ms. Clifford sued to be released from a non-disclosure agreement relating to the affair and,

on March 25, 2018, she discussed the matter on "60 Minutes" to a record television audience.  Mr. Trump and his supporters have since sought to disparage her character and credibility.

22. Defendant Officers belonged to a group of officers from the Vice Unit who were avowed supporters of President Trump.  To wit:

23. Defendant Keckley is registered as a Republican in the Ohio voter rolls.

24. Defendant Praither is also registered as a Republican in the Ohio voter rolls.

25. Defendant Rosser is a known Republican supporter of President Trump.

26. Before July 11, 2018, Defendant Rosser maintained a Facebook profile under the alias of "Stevo Shaboykins." Defendant Rosser regularly posted supporting images for President Trump on the Stevo Shaboykins Facebook page.  One image was labeled "Cops for Trump Pence Make America Great Again," and included the text: "Keep your Elephant Keep your Donkey We Have a Lion (Trump)," and "So Trump is mentally ill…he built a multi-billion dollar empire that spread across the world, was able to beat 17 of the best and brightest Republican candidates, turns around to beat the 'most qualified woman of our time' for the presidency, then in his first year in office causes the stock market to climb to heights never seen before in history, lowered unemployment, almost wiped out ISIS, restoring law and order, all while working with a hostile Congress and the media attacking him 24/7? Perhaps we need more mentally ill people."

27. At some point in time, before July 11, 2018, Defendant Officers became aware that Ms. Clifford was scheduled to visit Sirens.

28. Defendant Officers believed that Ms. Clifford was damaging President Trump and they thereafter entered into a conspiracy to arrest her during her performance in Columbus in retaliation for the public statements she had made regarding President Trump.

29. Defendant Officers also arrested Ms. Clifford because they believed that doing so would damage her credibility in relation to any statements she had made or might make in the future against President Trump.  Damaging Ms. Clifford's credibility in this way was another purpose of Defendant Officers' conspiracy.

30. Defendant Officers subsequently decided to arrest Ms. Clifford and to falsely charge her with violating R.C. 2907.40 when she performed at Sirens.

31. Prior to the planned confrontation and arrest of Stephanie Clifford and the previous warnings of prosecutors in January and February of 2018, Commander Terry Moore, head of the Vice Section of the Columbus Division of Police, authorized the actions of Vice Unit officers Keckley, Lancaster, Praither, and Rosser on the night of July 11, 2018, at Sirens.

32. Prior to the planned confrontation and arrest of Stephanie Clifford, there were no specific complaints concerning Sirens being investigated by the Vice Unit on the date that the arrests occurred.

33. Defendant Keckley performed extensive research on Ms. Clifford and her performance schedule prior to her appearance at Sirens. E-mails sent from Defendant Keckley's personal account to her work account contained screenshots of an article announcing the event, a picture of Ms. Clifford and President Trump together, a link to a YouTube video of Ms. Clifford receiving the keys to West Hollywood, and a screenshot of the location of Sirens on a map.

34. Defendant Officers determined in advance that if Ms. Clifford did not meet all of the elements of R.C. 2907.40, they would either fabricate the missing elements or deliberately omit elements on any criminal complaint against her.

35. Further, Defendant Officers determined in advance that, at the same time they arrested Ms. Clifford, they would also arrest at least two other individuals working at Sirens for a violation of R.C. 2907.40 to cover for their arresting Ms. Clifford. Defendant Officers calculated that, if they arrested other employees, they would be able to deny that Ms. Clifford's arrest was politically-motivated and unjustified by circumstances on the ground.

36. On the night Ms. Clifford was scheduled to appear at Sirens on July 11, 2018, Defendant Officers attended the event undercover, each paying a seventy-five dollar ($75) cover charge to acquire V.I.P. access to Ms. Clifford during her performance.

37. Several of the Defendant Officers sat in a booth together, while other Defendant Officers were posted at other locations at the establishment.

38. Several of the Defendant Officers consumed alcoholic beverages while on the job, spending at least seven hundred and sixty-eight dollars ($768) of taxpayer money on their exploit, including one-hundred and twenty-nine dollars ($129) for alcohol and six-hundred and thirty-nine dollars ($639) for tips and cover charges.

39. Prior to 10:00 p.m., Defendant Officers invoked their V.I.P. privileges and entered the V.I.P. area to personally meet Ms. Clifford. Two of the Defendant Officers, Praither and Lancaster took seats at the stage where the dancers performed. Once seated at the stage, Praither and Lancaster proceeded to waive money at a dancer named Brittany Walters and reached up towards the stage to initiate contact with her.

40. Upon information and belief, Defendant officers lewdly commented on the breasts size of their server, Miranda Panda, and made comparison of her breasts with those of a female officer seated at the table. Defendant officers continued the lewd behavior by commenting and comparing the bodies of two servers announcing that "You [Panda] have the tits, and she [Server 2] has the ass."

41. During the V.I.P. interaction, Defendant Praither alleged Ms. Clifford "put both hands on officers [sic] buttocks, both hands on officers [sic] breast, then put her breast in officers [sic] face."

42. Defendant Praither, based upon these allegations, arrested Ms. Clifford, falsely alleging a violation of R.C. 2907.40.

43. Pursuant to their conspiracy, Defendant Officers proceeded to arrest Ms. Panda and Ms. Walters for alleged violations of R.C. 2907.40 at or about the same time.

44. Defendant Officers arrested, handcuffed, detained, and transported Ms. Clifford in a police cruiser to police staging location where she remained handcuffed. She was then transported to the Franklin County Correctional Center where she was placed in a holding cell, booked, fingerprinted, and photographed.

45. Defendants charged Ms. Clifford, Ms. Panda, and Ms. Walters with first-degree misdemeanor violations of R.C. 2907.40(C)(2), as alleged in each individual complaint against them.

46. The Columbus Division of Police Vice Unit enforces a very limited set of laws.

47. Vice Unit officers, including Defendant Officers, are intimately aware of all of the elements for the limited set of laws they are charged with enforcing.

48. In filing criminal complaints, Defendant Officers have access to and routinely use a book containing the elements of City and State criminal offenses, including the elements associated with R.C. 2907.40(C)(2).

49. A violation of R.C. 2907.40(C)(2) requires: (1) an employee who regularly appears nude or seminude; (2) at the sexually oriented business; (3) while they are nude or seminude; (4) to touch another employee, a patron, or allow themselves to be touched by a patron.

50. Accordingly, R.C. 2907.40(C)(2) requires that the person charged appear nude or semi-nude at the establishment in question *on a regular basis*. But Ms. Clifford was a special guest performer at Sirens, who had not appeared regularly at the establishment, while Ms. Panda had just started the night before. Additionally, neither Ms. Panda or Ms. Walters had been nude or semi-nude, in order to violate the statute.

51. Immediately following the arrests of Ms. Clifford, Ms. Panda, and Ms. Walters, at 3:47 a.m., Defendant Keckley sent an e-mail to Defendant Rosser, Defendant Praither, Detective Scott Soha, and Lieutenant Robert Kemmerling, stating, "Attached are the complaints from our arrests at Sirens" with attachments of the individual complaints against each woman.

52. At 3:50 a.m. on July 12, 2018, Defendant Keckley forwarded the abovementioned e-mail with the attached complaints to Lieutenant Babcock, stating, "LT You're Welcome!!!!!I work Vice now !!:D It was Me, Rosser, Lancaster, and Praiter [sic]; Please Please Don't post my name on Face Book [sic] !!:D Thank me in person later."

53. Defendant Keckley asked that her name not be published on Facebook in connection with these arrests out of concern that her political motivation for the arrests would be discovered.

54. At 4:03 a.m., Defendant Keckley forwarded the above-mentioned e-mail with the attached complaints to co-workers Elisabeth Beine, Lowell Whitt, Eric Poliseno, Jason Arnold, and Jason Vore, stating, "I got elements along with Susan and Lancaster we arrested Stormy this morning, she is in jail."

55. At 4:05 a.m., Defendant Keckley forwarded the same e-mail with the attached complaints to her husband, Shane Keckley, stating, "It is all over CNN. I wanted you to know before everyone contacts you … I, Susan and Lancaster got elements and arrested Stormy Daniels this morning she is in jail."

56. Later that evening, co-worker Jason Arnold replied all to Defendant Keckley, stating, "Great job!!!!Let me know how that goes for ya…".

57. Defendant Keckley's e-mails, including the ones from the prior night showing research on Ms. Clifford, her upcoming performance at Sirens, and her affiliation with President Trump, as well as the ones post-arrest stating that she "got elements" to arrest Ms. Clifford evidence a premeditated, politically motivated reason to arrest Ms. Clifford.

58. Shortly after the arrests, Defendant Rosser deleted his "Stevo Shaboykins" Facebook profile out of concern that his political motivation for arresting Ms. Clifford would be discovered.

59. At 1:36 p.m. on July 12, 2018, Columbus Division of Police released a statement from Chief Kim Jacobs ("Chief Jacobs") which said, "Vice personnel working last night believed they had probable cause that the state law regulating sexually-oriented businesses was violated; however, one element of the law was missed in error and charges were subsequently dismissed."

60. The "element of the law missed in error" was the one that prosecutors for the City of Columbus repeatedly warned the officers in the Vice Unit including the Defendant officers

herein against enforcing the Community Defense Law on illegal touching in January and February of 2018.

61. This is the same element which was missing from the prior numerous arrests of women by the Vice Unit and Defendants Rosser and Lancaster which include but are not limited to: Carla Hoover; Emily Haudenschield; Brittany Yates; Danielle Calderon; Ashley Graves; and Chelsea Paige Ewart, whose cases were all dismissed in May, August and November of 2018.

62. Contrary to that post, which was intended to divert attention or inquiry, Defendant Officers never had probable cause to arrest Ms. Clifford, nor could they believe they did. This is because Defendant Officers were well aware that they had deliberately fabricated and/or omitted the elements of R.C. 2907.40(C)(2) to arrest Ms. Clifford and the other women.

63. Ms. Panda's and Ms. Walters' charges were dismissed at the unilateral request of the prosecutor due to lack of probable cause on July 18, 2018, six days after charges were filed against them.

64. On July 12, 2018, at 7:29 a.m., the City of Columbus, as an act of condonation of the Defendant Officers actions posted a statement on the official Twitter account for the City of Columbus Division of Police, "Columbus Ohio Police (@ColumbusPolice)," entitled "Columbus Police Make Three Arrests at Adult Entertainment Club." The July 12, 2018, statement read, "As part of a long-term investigation into allegations of human trafficking, prostitution, along with other vice related violations, Columbus Police arrested three individuals from Club Sirens at 6190 Cleveland Ave., during the early morning hours of July 12, 2018."

65. The above-mentioned statement is entirely false. Defendant Officers were not at Sirens investigating any human trafficking, prostitution, or other vice related violations, nor were the women employees of Sirens arrests in any way related to such an "investigation". Defendant City's publication of this statement furthered the conspiracy of Defendant Officers to conceal their retaliatory motive for the arrests.

66. On July 18, 2018, 7 days after the arrest of Plaintiff Clifford, Zach Klein, Columbus City Attorney and consistent with prior legal advice in January and February of 2018 to the Vice

Unit advised the Columbus Division of Police in a Memorandum that O.R.C. § 29.07.4(C)(2) should not be enforced and that going forward the City Prosecutors would no longer prosecute such crimes.

67.  One officer (not a defendant herein) who had been with the Vice Unit since March of 2017 has been charged with murder; deprivation of civil rights; witness tampering; obstruction of justice; and false statements to investigators stemming from his activities with the Vice Unit.  It is further alleged that this officer often traded sex with women that he had detained and/or kidnapped in exchange for their release.  Some of the women have alleged that when they refused to have sex with the officer, he proceeded to arrest them.

68.  In November of 2018, Defendant Rosser was relieved of duty.  His badge and service firearm were taken from him and he was placed on "desk duty."

69.  In December of 2018, Defendant Lancaster was relieved of duty.  His badge and service firearm were taken from him and he was placed on "desk duty."

70.  On March 19, 2019, during an ongoing investigation by the Federal Bureau of Investigation (FBI) into the actions of the Vice Unit, Interim Police Chief Thomas Quinlan announced that the Vice Section would be disbanded and the officers reassigned.

71.  Plaintiff's rights to be free from unlawful search and seizure and from arrest and prosecution without probable cause and/or based on false statements were, at the time of their actions or omissions, clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

72.  Defendants' acts or omissions were done with malicious purpose, in bad faith, or in a wanton or reckless manner.

73.  As a proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer damages, including loss of liberty, legal and other expenses, physical pain and suffering, mental and emotional anguish, embarrassment, fear, and great inconvenience.

V.  CLAIMS FOR RELIEF

   A. <u>First Cause of Action: False Arrest in Violation of the Fourth and Fourteenth Amendments and Ohio Common Law</u>

74. Paragraphs 1 through 73 above are realleged and incorporated herein.

75. Defendants have deprived Ms. Clifford of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

76. Defendants' conduct deprived Ms. Clifford of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived Ms. Clifford of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

77. By arresting Ms. Clifford when, at the moment of the arrest the facts and circumstances within the knowledge of the Defendants Officers were insufficient to warrant a reasonable person to believe Plaintiff had committed a crime, Defendant Officers committed a false arrest. Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

78. Ms. Clifford has been damaged as a result of Defendants' wrongful acts.

   B. <u>Second Cause of Action: Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments and Ohio Common Law</u>

79. Paragraphs 1 through 78 above are realleged and incorporated herein.

80. By making, influencing, and/or participating in the decision to prosecute Ms. Clifford without probable cause, which prosecution was resolved in her favor by dismissal at the unilateral request of the prosecutor due to lack of probable cause, and doing so with knowingly or recklessly making false statements in their paperwork, Defendant Officers maliciously prosecuted

Exhibit "A"

Ms. Clifford, resulting in her deprivation of liberty for more than five hours after their initial seizure.

81. Ms. Clifford has been damaged as a result of Defendants' wrongful acts.

**C. Third Cause of Action: Civil Conspiracy to Violate the Fourth and Fourteenth Amendments**

82. Paragraphs 1 through 81 above are realleged and incorporated herein.

83. Defendants conspired against Ms. Clifford in order to conceal their retaliation against her by depriving Ms. Clifford of her Fourth and Fourteenth Amendment rights and taking steps to further the conspiracy, such as arresting her without probable cause, unlawfully searching and seizing her persons and property, making knowingly or recklessly false statements in her paperwork, making, influencing, and/or participating in the decision to prosecute her without probable cause, and making public false defamatory statements, thereby causing Plaintiff injury.

84. Ms. Clifford was injured as a result of Defendants' conspiracy.

**D. Fourth Cause of Action: Abuse of Process in Violation of Ohio Common Law**

85. Paragraphs 1 through 84 above are realleged and incorporated herein.

86. In the alternative, by commencing criminal prosecution in proper form and with probable cause and perverting that prosecution to retaliate against Ms. Clifford and thereby causing her injury in their efforts to conceal that retaliation, Defendant Officers committed abuse of process.

**E. Fourth Cause of Action: Abuse of Process in Violation of Ohio Common Law**

87. Paragraphs 1 through 86 above are realleged and incorporated herein.

88. By maliciously releasing false statements to public newspapers and broadcasters and on social media platforms strongly implying Ms. Clifford was engaged in immoral conduct or wrongdoing, and/or vice related violations; and by announcing the details of her arrests for "illegal sexually oriented activity in a sexually oriented business," Defendants defamed Ms. Clifford causing injury to her reputation and exposing her to contempt, ridicule, shame, and disgrace in the community.

**F. Fifth Cause of Action: Violation of 42 U.S.C. § 1983 by City of Columbus**

89. Paragraphs 1 through 88 above are realleged and incorporated herein.

90. The violation of Stephanie Clifford's constitutional rights by the Defendant Vice Unit officers herein was caused by a municipal policy or custom of the City of Columbus which amounted to a policy approved of and authorized by policy makers and superiors within the Columbus Division of Police including but not limited to Defendant Terry L. Moore.

91. Further, the City of Columbus allowed an informal policy, custom or practice to become so widespread within the Vice Unit of the Columbus Division of Police as to constitute and custom or usage with the force of law.

92. The City of Columbus allowed the decisions of employees with final policy making authority, or those subordinates to whom the authority was delegated, to become the policy, custom or practice within the Vice Unit of the Columbus Division of Police as to constitute and custom or usage with the force of law by ratifying and condoning the complained of actions.

93. These polices, practices and customs of the City of Columbus were the moving force behind in the violations of Plaintiff's constitutional rights complained of herein.

94. Finally, the City of Columbus was deliberately indifferent to proper training or supervision of the Defendant Officers herein which resulted in the violations of Plaintiff's constitutional rights complained of herein.

95. As a result of Defendant City of Columbus' policies, customs and practice, both formal and informal, and the failure to properly train and supervise the Defendant officers, the constitutional rights of Plaintiff have been violated and she has suffered damages. Plaintiff is entitled to compensatory damages and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Declare that Defendants have, through false arrest and/or malicious prosecution, violated Plaintiff's Fourth and Fourteenth Amendment rights, conspired against Plaintiff to violate those rights, abused process, and/or defamed her; and

2. Order more than $1,000,000 in compensatory damages; more than $1,000,000 in punitive damages; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ *Chase A. Mallory*____
Chase A. Mallory (0084728)
Chase@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545


/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

Attorneys for the Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial of all causes by jury.

By: /s/ *Chase A. Mallory*____
Chase A. Mallory (0084728)

Exhibit "A"

## **CERTIFICATE OF SERVICE**

    I certify that June 6, 2019, a true and exact copy of the above and foregoing document was served to the following counsel via:  ☐ U.S. first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, ☐ e-mail, ☐ hand delivery:

Larry H. James
Crabbe, Brown & James LLP
500 South Front Street, Suite 1200
Columbus, OH 43215

                                                    /s/ *Guy A. Fortney*

Exhibit "A"