**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD, | : | Case No. 2:19-cv-00119 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| SHANA M. KECKLEY, *et al.*, | : | ***JURY DEMAND ENDORSED HEREON*** |
| | : | |
| Defendants. | : | |

---

**AMENDED ANSWER OF DEFENDANTS**
**SHANA M. KECKLEY, WHITNEY R. LANCASTER, MARY S. PRAITHER,**
**AND STEVEN G. ROSSER**

---

Now come Defendants Shana M. Keckley, Whitney R. Lancaster, Mary S. Praither, and Steven G. Rosser ("Defendant Officers") by and through counsel, and hereby state their Amended Answer to Plaintiff's Amended Complaint as follows:

**I.     INTRODUCTION**

1.     Defendant Officers deny each and every allegation contained in Paragraph 1 of Plaintiff's Complaint. Defendant Officers specifically deny that any of their actions were politically motivated and deny that they intentionally or willfully subjected Plaintiff to false arrest or false imprisonment in violation of her civil rights.

2.     Defendant Officers admit that Plaintiff appeared on "60 Minutes." Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 2 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

3.     Defendant Officers admit the allegations in Paragraph 3 of Plaintiff's Complaint that Plaintiff seeks relief under the Civil Rights Act of 1871, 42 USC § 1983, the Fourth and

Fourteenth Amendments, and Ohio common law. Further answering, Defendant Officers specifically deny that they violated Plaintiff's rights.

4.      Defendant Officers admit the allegations in Paragraph 4 of Plaintiff's Complaint that Plaintiff has filed this Complaint seeking monetary damages and various other forms of relief. Further answering, Defendant Officers specifically deny that any of their actions warrant such damages as requested by Plaintiff.

## II.      JURISDICTION AND VENUE

5.      Defendant Officers admit that this Court has jurisdiction.  Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 5 of Plaintiff's Complaint, Defendant Officers deny the same.

6.      Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 6 of Plaintiff's Complaint, Defendant Officers deny the same.

7.      Defendant Officers admit that venue is proper in this forum. Further answering, to the extent that any other allegations are made against Defendant Officers in Paragraph 7 of Plaintiff's Complaint, Defendant Officers deny the same.

8.      Paragraph 8 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 8, Defendant Officers deny the same.

## III.      PARTIES

9.      Defendant Officers deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

10.     Defendant Officers admit the allegation contained in Paragraph 10 of Plaintiff's Complaint that Plaintiff has filed this suit against the Defendant Officers in their individual capacity. Defendant Officers further admit that they were working for and/or with the Vice Unit of the Columbus Police Department on the night of July 11, 2018, when the alleged incident occurred. Defendant Officers deny any and all remaining allegations in Paragraph 10.

11.     Defendant Officers admit the allegations contained in Paragraph 11 of Plaintiff's Complaint that Defendant Terry Moore ("Defendant Moore") is employed as a Commander for the Columbus Police Department and that Plaintiff has filed this suit against Defendant Moore in his individual capacity. Further answering, Defendant Officers admit that Defendant Moore was an employee of the Columbus Police Department at all times material to Plaintiff's Complaint, but deny that Defendant Moore was assigned to the Vice Unit. Defendant Officers affirmatively state that Defendant Moore was Commander of the Narcotics Bureau, which included the Vice Unit along with several other dedicated investigatory units. Defendant Officers deny any and all remaining allegations in Paragraph 11.

12.     Defendant Officers deny the allegations contained in Paragraph 12 of Plaintiff's Complaint that Defendant Moore was employed by the Columbus Police Department Vice Unit. Further answering, Defendant Officers affirmatively state that they were working for and/or with the Vice Unit on the night of July 11, 2018. Defendant Officers admit the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

**IV.     FACTUAL ALLEGATIONS**

13.     Defendants Rosser and Lancaster admit that they conducted undercover investigations of strip clubs and adult entertainment venues. Further answering, Defendant

Officers deny each and every other allegation contained in Paragraph 13 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

14. Defendant Officers deny each and every allegation contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant Officers deny each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Officers deny each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant Officers deny each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant Officers deny each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant Officers admit that Plaintiff appeared at an adult entertainment venue known as "Sirens" in Columbus, Ohio on July 11, 2018. Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 19 of Plaintiff's Complaint for want of information sufficient to form a belief.

20. Defendant Officers deny each and every allegation contained in Paragraph 20 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

21. Defendant Officers admit that Plaintiff appeared on "60 Minutes." Further answering, Defendant Officers deny each and every other allegation contained in Paragraph 21 of Plaintiff's Complaint for want of information sufficient upon which to form a belief.

22. Defendant Officers deny each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.     Paragraph 23 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 22. Accordingly, in response to Paragraph 23 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 22. Further answering, Defendant Keckley hereby denies any and all remaining allegations contained in Paragraph 23 of Plaintiff's Complaint. Defendant Keckley affirmatively states that her political party affiliation had no bearing whatsoever on her conduct towards the Plaintiff or on her duties as a police officer.

24.     Paragraph 24 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 22. Accordingly, in response to Paragraph 24 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 22. Further answering, Defendant Praither hereby denies any and all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint. Defendant Praither affirmatively states that her political party affiliation had no bearing whatsoever on her conduct towards the Plaintiff or on her duties as a police officer.

25.     Paragraph 25 of Plaintiff's Complaint is an extension of the allegations contained in Plaintiff's Paragraph 22. Accordingly, in response to Paragraph 25 of Plaintiff's Complaint, Defendant Officers reincorporate and restate their denial of Plaintiff's Paragraph 15. Further answering, Defendant Rosser denies any and all remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.  Defendant Rosser affirmatively states that his political party affiliation had no bearing whatsoever on his conduct towards the Plaintiff or on his duties as a police officer.

26.     Defendant Rosser admits he previously maintained a Facebook profile under the name "Stevo Shaboykins." Further answering, Defendant Rosser states that any text or image from that Facebook profile speaks for itself, and to the extent the allegations in Paragraph 26 of

Plaintiff's Complaint vary therefrom, Defendant Rosser denies those allegations. Defendant Rosser denies each and every remaining allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant Officers admit the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant Officers deny each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant Officers deny each and every allegation contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant Officers deny each and every allegation contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant Officers deny each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant Officers deny each and every allegation contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant Keckley denies the allegation contained in Paragraph 33 of Plaintiff's Complaint that she performed extensive research on Plaintiff and her performance schedule. Defendant Keckley admits the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant Officers deny each and every allegation contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant Officers deny each and every allegation contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant Officers admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant Officers admit that they were in the establishment but deny each and every other allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant Officers admit the allegations contained in Paragraph 38 of Plaintiff's Complaint in that they did purchase and consume alcohol and pay for tips and cover charges. Further answering, Defendant Officers assert that they were doing their jobs as undercover officers. Defendant Officers deny any and all remaining allegations in Paragraph 30 of Plaintiff's Complaint.

39.     Defendant Officers admit that they did meet Plaintiff but deny each and every remaining allegation in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant Officers deny each and every allegation contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant Praither admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant Praither denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant Officers deny each and every allegation contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant Officers admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant Officers admit the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant Officers deny each and every allegation contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant Officers admit the allegations contained in Paragraph 47 of Plaintiff's Complaint that the Officers are aware of the various laws they are required to enforce.

48.     Defendant Officers admit the allegations contained in Paragraph 48 of Plaintiff's Complaint in that the Officers have access to a book containing the various laws they are required to enforce.

49.     Paragraph 49 of Plaintiff's Complaint contains legal conclusions to which no response is required.  R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 49, Defendant Officers deny the same.

50.     Paragraph 50 of Plaintiff's Complaint contains legal conclusions to which no response is required. R.C. § 2907.40(C)(2) speaks for itself, and to the extent that any allegations are made against Defendant Officers in Paragraph 50, Defendant Officers deny the same.

51.     Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 51 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

52.     Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 52 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

53.     Defendant Keckley denies each and every allegation contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 54 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

55.     Defendant Keckley states that the email speaks for itself, and to the extent the allegations in Paragraph 55 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

56.     Defendant Keckley states that the email from Jason Arnold speaks for itself, and to the extent the allegations in Paragraph 56 of Plaintiff's Complaint vary therefrom, Defendant Keckley denies those allegations.

57.     Defendant Keckley denies each and every allegation contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant Rosser denies each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant Officers state that Chief Jacobs's statement speaks for itself, and to the extent the allegations in Paragraph 59 of Plaintiff's Complaint vary therefrom, Defendant Officers deny those allegations.

60.     Defendant Officers deny each and every allegation contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant Officers deny each and every allegation contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant Officers deny each and every allegation contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant Officers admit that Ms. Panda's and Ms. Walters' charges were dismissed on July 18, 2018. Further answering, Defendant Officers deny each and every remaining allegation contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant Officers state that the statement posted on Twitter speaks for itself, and to the extent the allegations in Paragraph 64 of Plaintiff's Complaint vary therefrom, Defendant Officers deny those allegations. Further answering, Defendant Officers deny each and every remaining allegation in Paragraph 64 of Plaintiff's Complaint.

65. Defendant Officers deny each and every allegation contained in Paragraph 65 of Plaintiff's Complaint. Further answering, Defendant Officers affirmatively state that they were, in fact, at Sirens as part of a long-term investigation into human trafficking, prostitution, drug trafficking, and other vice-related violations occurring in adult entertainment venues around Columbus.

66. Defendant Officers state that City Attorney Zach Klein's memorandum speaks for itself, and to the extent the allegations in Paragraph 66 of Plaintiff's Complaint vary therefrom, Defendant Officers deny those allegations. Defendant Officers deny each and every remaining allegation in Paragraph 66 of Plaintiff's Complaint.

67. Defendant Officers admit the allegations contained in Paragraph 67 that a former Vice Unit officer—who is not a party to this action—has been charged with various offenses, but deny each and every remaining allegation in Paragraph 67 of Plaintiff's Complaint for want of information sufficient upon which to form a belief. Further answering, Defendant Officers state that the officer in question bears no relevancy to and was not in any way involved with the long-term investigation into human trafficking, prostitution, drug trafficking, and other vice-related violations that caused the Defendant Officers to conduct an undercover investigation at Sirens.

68.     Defendant Rosser admits the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant Lancaster admits the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant Officers admit the allegations contained in Paragraph 70 of Plaintiff's Complaint. Further answering, Defendant Officers deny for lack of knowledge that the Vice Unit was disbanded as a result of the FBI investigation.

71.     Paragraph 71 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that any allegations are made against Defendant Officers in Paragraph 71, Defendant Officers deny the same.

72.     Defendant Officers deny each and every allegation contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant Officers deny each and every allegation contained in Paragraph 73 of Plaintiff's Complaint.

**V.      CLAIMS FOR RELIEF**

74.     Defendant Officers deny all allegations contained in Paragraphs 1 through 73 of Plaintiff's Complaint that have not been specifically admitted to be true.

75.     Defendant Officers deny each and every allegation contained in Paragraphs 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, and 95 of Plaintiff's Complaint.

**VI.     AFFIRMATIVE DEFENSES**

**First Defense:**

76.   Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against Defendant Officers.

**Second Defense:**

77.   Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiff, and upon a reasonable belief that their actions were in compliance with all applicable federal, state, and municipal laws and regulations, including all administrative regulations, orders, and practices of the Department of Public Safety, the Columbus Division of Police, and the Vice Unit.

**Third Defense:**

78.   Defendant Officers acted, at all times and in all material respects, in good faith, without malice or ill will for Plaintiff, and upon a reasonable belief that Plaintiff had violated R.C. § 2907.40(C)(2), a law which had not been repealed, had not been declared unconstitutional, and had been consistently enforced prior to July 11, 2018.

**Fourth Defense:**

79.   Defendant Officers' actions towards Plaintiff were based on probable cause and were neither retaliatory nor motivated by political or personal reasons.

**Fifth Defense:**

80.   Defendant Officers are entitled to qualified immunity.

**Sixth Defense:**

81.   Plaintiff's Complaint is barred in whole or in part by R.C. Chapter 2744 et. seq. and/or common law political subdivision immunity.

**Seventh Defense:**

82.   Plaintiff's Complaint failed to name necessary and indispensable parties.

## Eighth Defense:

83. Plaintiff has failed to mitigate her alleged injuries, losses, and damages, the existence of which Defendant Officers deny.

## Ninth Defense:

84. Defendant Officers reserve the right to assert additional defenses as may become necessary through the course of discovery.

/s/ Larry H. James
Larry H. James – Trial Attorney (0021773)
Christopher R. Green            (0096845)
Natalie P. Bryans              (0097697)
CRABBE, BROWN & JAMES, LLP
500 S. Front Street, Suite 1200
Columbus, OH 43215
Tel: 614-229-4567
Fax: 614-229-4559
Email: ljames@cbjlawyers.com
        cgreen@cbjlawyers.com
        nbryans@cbjlawyers.com
*Counsel for Defendants Shana M. Keckley,*
*Whitney R. Lancaster, Mary S. Praither,*
*and Steven G. Rosser*

## JURY DEMAND

Defendant Officers request a trial by a jury pursuant to the Federal Rules of Civil Procedure.

/s/ Larry H. James
Larry H. James (0021773)

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2019, the foregoing was electronically filed with the Clerk of Courts for the United States District Court for the Southern District of Ohio, Eastern Division, and a copy of the foregoing was duly served via electronic mail and/or the Court's electronic filing system, upon the following:

Daniel J. Sabol, Esq.
Chase A. Mallory, Esq.
SABOL MALLORY, LLC
743 S. Front Street
Columbus, OH 43206-1905
*Counsel for Plaintiff Stephanie Clifford*

Clark O. Brewster, Esq. (Admitted Pro Hac Vice)
Guy A. Fortney, Esq. (Admitted Pro Hac Vice)
BREWSTER & DE ANGELIS, PLLC
2617 East 21st Street
Tulsa, OK 74114
*Counsel for Plaintiff Stephanie Clifford*

Timothy J. Mangan, Esq.
Assistant City Attorney
COLUMBUS CITY ATTORNEY'S OFFICE
77 N. Front Street, 4th Floor
Columbus, OH 43215-1895

/s/ Larry H. James
LARRY H. JAMES (0021773)
*Counsel for Defendants Shana M. Keckley,*
*Whitney R. Lancaster, Mary S. Praither,*
*and Steven G. Rosser*

14