IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLIFFORD,<br><br>            Plaintiff,<br><br>   v.<br><br>SHANA M. KECKLEY, et al.,<br><br>            Defendants. | Case No. 2:19-cv-00119<br><br>Judge Michael H. Watson<br><br>Chief Magistrate Judge<br>Elizabeth P. Deavers |

## ANSWER OF THE CITY OF COLUMBUS

For its answer to the Amended Complaint filed by Plaintiff Stephanie Clifford on June 7, 2019, Defendant City of Columbus ("the City"), admits, denies, and states the following:

1. The City denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. In response to Paragraph 2 of Plaintiff's Amended Complaint, the City admits that Plaintiff is also known as Stormy Daniels. Answering further, the City states that, prior to the incident at issue in this lawsuit, numerous media outlets had reported that Plaintiff had been involved in a dispute with President Trump pertaining to a non-disclosure agreement related to an alleged extramarital affair. Answering further, the City lacks knowledge or information sufficient to form a belief about the truth of these allegations.

3. The City denies any allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. The City denies any allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. The City admits that this Court has jurisdiction over this matter. The City denies any remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. The City admits that venue is proper. The City denies any remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. The City admits that venue is proper. The City denies any remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Paragraph 8 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. In response to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, the City admits that Plaintiff had a Texas address on July 11, 2018. Answering further, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Paragraph 10 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies those allegations. Answering further, the City admits that the Defendant Officers were working for and/or with the Columbus Division of Police's Vice Unit on the night of July 11, 2018 when the alleged incident occurred.

11. Paragraph 11 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City admits that Moore was an employee of the Columbus Division of Police ("CPD") and was regularly assigned as the Narcotics/Vice Bureau Commander at the time of the July 11, 2018 incident. The City denies any remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Paragraph 12 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City denies those allegations. Answering further, the City admits: (a) it is a political subdivision located in Franklin County, Ohio and a Municipal Corporation duly organized, existing and operating under the Constitution and Statutes of the State of Ohio and the Charter of the City of Columbus; (b) the City operates CPD; (c) at all times material hereto, CPD had a Vice Unit; and (d) at all times material hereto, the City employed Defendants Keckley, Lancaster, Praither, Rosser, and Moore. The City denies any remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. In response to the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, the City (a) admits that Vice Unit detectives, including Rosser, investigated strip club operations and adult entertainment venues; (b) denies that these investigations began in the Fall of 2017; and (c) lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. The City denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. In response to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, the City states that (a) Furbee and Olsen met with members of the Vice Unit during the listed time and discussed concerns about the statute; (b) Gibson and Olsen met with members of the Vice Unit during the listed time and discussed issues regarding the statute, the use of city money in pursuit of those cases, and the difficulty of prosecuting those cases; and (c) Baker-Morrish advised

the Vice Unit of legal concerns about the statute at an earlier time. The City denies any remaining allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. In response to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, the City denies that it was the policy of the Vice Unit "to harass local establishments through legally questionable means and often without any specific complaints or probable cause for any investigation into the local establishment." The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. In response to the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, the City denies that it was the policy of the Vice Unit "to harass local establishments through legally questionable means and often without any specific complaints or probable cause for any investigation into the local establishment." Answering further, the City denies that the City approved of and/or condoned any alleged harassment. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. The City admits the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. The City admits the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. In response to Paragraph 21 of Plaintiff's Amended Complaint, the City states that numerous media outlets have reported that Plaintiff has been involved in a dispute with President Trump pertaining to a non-disclosure agreement related to an alleged extramarital affair. Answering

further, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. In response to the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint, the City states that (a) Rosser has stated that he maintained a Facebook profile under the name "Stevo Shaboykins;" and (b) that Facebook profile contained images supportive of President Trump. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. The City admits the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. In response to the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, the City states that: (a) Moore was assigned as the Narcotics/Vice Bureau Commander in July of 2018; and (b) Moore authorized the operation to be conducted at Sirens on the date of the incident. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. In response to the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, the City states that it is unaware of any specific complaint concerning Sirens on July 11, 2018. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. In response to the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint, the City states that Keckley sent a series of e-mails from her personal account to her work account that contained (a) screenshots of an article announcing the event; (b) a picture of Ms. Clifford and President Trump together; (c) a link to a YouTube video of Ms. Clifford receiving the keys to West Hollywood; and (d) a screenshot of the location of Sirens on a map. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. In response to the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, the City admits that (a) the Defendant Officers appeared at Sirens on July 11, 2018; and (b) they did so as undercover officers. The City lacks knowledge or information sufficient to form a

belief about the truth of any remaining allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. The City admits the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. In response to the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, the City admits that Plaintiff was arrested. Answering further, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. In response to the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, the City admits that Panda and Walters were arrested. Answering further, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44. The City admits the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. The City admits the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46. The City denies the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47. The City admits that Vice Unit Officers should be aware of all of the elements for the set of laws that they are enforcing. The City denies any remaining allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. The City admits that CPD officers have access to the elements of the statutes that they enforce. The City denies any remaining allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49. The allegations in Paragraph 49 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the City states that O.R.C. 2907.40(C)(2) speaks for itself.

50. The allegations in Paragraph 50 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, the City states that (a) O.R.C. 2907.40(C)(2) speaks for itself; and (b) the Columbus City Attorney's Office determined that the facts of the cases involving Plaintiff, Panda, and Walters did not meet the elements required to prosecute under the law.

51. The City admits the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52. The City admits the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint.

53. The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. The City admits the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

55. The City admits the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56. The City admits the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58. The City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59. The City admits the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. In response to the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint, the City states (a) the Columbus City Attorney's Office determined that the "regularly appears" and "patron" elements were missing; and (b) concerns about the statute had previously been discussed by City prosecutors and members of the Vice Unit.

61. In response to the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint, the City states that multiple cases in which Detectives Rosser and Lancaster were identified as being the patrons were dismissed during the identified time period.

62. In response to the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint, the City denies that Chief Jacobs' statement was intended to divert attention or inquiry.

Answering further, the City states that the City Attorney's Office determined that the State did not have probable cause to proceed on the charges brought against Plaintiff. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 62 of Plaintiff's Amended Complaint.

63. In response to the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint, the City states that the charges against Panda and Walters were dismissed six days after they were filed when the Columbus City Attorney's Office determined that the facts of the cases did not meet the elements required to prosecute under the law.

64. In response to the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint, the City states that the Public Information Office of the Columbus Division of Police released the following statement via its Twitter account on July 12, 2018, at 7:29 a.m. that partially stated as follows: "Columbus Police Make Three Arrests at Adult Entertainment Club. As part of a long-term investigation into allegations of human trafficking, prostitution, along with other vice related violations, Columbus Police arrested three individuals from Club Sirens at 6190 Cleveland Ave., during the early morning hours of July 12, 2018." The City denies the remaining allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. In response to the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint, the City denies (a) that it published a false statement; (b) that it is aware of any "conspiracy of Defendant Officers to conceal their retaliatory motive for the arrests"; and (c) that it furthered any "conspiracy of Defendant Officers to conceal their retaliatory motive for the arrests." The City lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

66. In response to the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint, the City states that (a) Columbus City Attorney Zach Klein issued a memorandum to the Columbus Division of Police on July 18, 2018 regarding the prosecution of charges filed pursuant to O.R.C. 2907.40; (b) the memorandum stated "that charges filed pursuant to this subsection subsequent to this memo will not be prosecuted"; and (c) the City Attorney's Office had previously discussed concerns about the statute with the Vice Unit.

67. In response to the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint, the City states that an officer who had been with the Vice Unit has been charged with various crimes. Answering further, the City lacks knowledge or information sufficient to form a belief about the truth of the specific allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68. In response to the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint, the City states that Rosser was relieved of his regular assignment on October 31, 2018 and relinquished any Division-issued firearms and badges. The City denies any remaining allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69. In response to the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint, the City states that Lancaster was relieved of his regular assignment in December of 2018 and relinquished any Division-issued firearms and badges. The City denies any remaining allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70. In response to the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint, the City states that: (a) on March 19, 2019, Interim Police Chief Thomas Quinlan announced that the Vice Section would be disbanded and the officers reassigned; and (b) at the time

of the announcement, some Vice Unit officers were being investigated by the FBI. The City denies any remaining allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Paragraph 71 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required the City admits that the Fourth Amendment protects people from unlawful searches and seizures and from arrest and prosecution without probable cause and/or based on false statements. Answering further, the City denies any factual allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. The City denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73. The City denies the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. In response to Paragraph 74 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

75. The City denies the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76. The City denies the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

77. Paragraph 77 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City states that (a) Plaintiff was arrested; and (b) the City Attorney's Office determined that the State did not have probable cause to proceed on the charges brought against Plaintiff. The City lacks knowledge or information sufficient

to form a belief about the truth of any remaining allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78. The City denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.

79. In response to Paragraph 79 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

80. Paragraph 80 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. The City denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82. In response to Paragraph 82 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

83. The City denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

84. The City denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85. In response to Paragraph 85 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

86. Paragraph 86 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

87. In response to Paragraph 87 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

88. The City denies the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89. In response to Paragraph 89 of Plaintiff's Amended Complaint, the City incorporates the foregoing statements, admissions, and denials made above as if those statements, admissions, and denials had been fully rewritten and re-alleged here.

90. The City denies the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91. The City denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92. The City denies the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93. The City denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94. The City denies the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.

95. The City denies the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint.

96. The City denies each and every allegation made in Plaintiff's Amended Complaint that has not been specifically and unequivocally admitted in one or more of the foregoing paragraphs of this answer.

## AFFIRMATIVE DEFENSES

97. With respect to Plaintiff's state-law claims, the City is entitled to all applicable immunities, defenses, set-offs, and limitations set forth in Ohio's Political Subdivision Tort Liability Act, O.R.C §§ 2744.01–2744.11.

98. Plaintiff's claims are barred (either in whole or in part) by a failure to mitigate or to reasonably minimize her own purported damages.

99. Plaintiff's claims are barred (in whole or in part) by the doctrines of estoppel, waiver, or laches.

100. Plaintiff fails to state claims upon which relief can be granted.

101. The City reserves the right to assert such additional defenses that may become apparent as this civil action proceeds through discovery.

## PRAYER FOR RELIEF

Having fully answered Plaintiff's Amended Complaint, the City respectfully requests: (a) an order from this Court dismissing Plaintiff's claims with prejudice; (b) an order from this Court assessing costs (including reasonable attorneys' fees incurred in defending the claims asserted herein) to the City; (c) and order from this Court awarding the City any and all such other relief the Court deems just, necessary, or appropriate; and (d) a final judgment entry in the City's favor.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov

Attorney for the City of Columbus

**CERTIFICATE OF SERVICE**

I hereby certify that, on **July 30, 2019**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Westley M. Phillips
Westley M. Phillips (0077728)
wmphillips@columbus.gov
