# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLIFFORD,<br><br>      Plaintiff,<br><br>v.<br><br>SHANA M. KECKLEY, et al.,<br><br>      Defendants. | Case No. 2:19-cv-119<br><br>Judge Michael H. Watson<br><br>Chief Magistrate Judge<br>Elizabeth P. Deavers<br><br>**MOTION FOR PARTIAL JUDGMENT<br>ON THE PLEADINGS** |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant City of Columbus respectfully moves this Court for a partial judgment on the pleadings in this action and for an order dismissing, with prejudice, any state-law claims that Plaintiff may have tried to assert against the City. This includes a dismissal of any damages strictly related to those state-law claims. A memorandum supporting this motion is attached hereto.

                              Respectfully submitted,

                              /s/ Westley M. Phillips
                              Westley M. Phillips (0077728)
                              Assistant City Attorney
                              CITY OF COLUMBUS, DEPARTMENT OF LAW
                              ZACH KLEIN, CITY ATTORNEY
                              77 North Front Street, Columbus, Ohio 43215
                              (614) 645-7385 / (614) 645-6949 (fax)
                              wmphillips@columbus.gov

                              Attorney for the City of Columbus

## MEMORANDUM IN SUPPORT

**I.    FACTS**

This civil action arises from the arrest of Plaintiff Stephanie Clifford, also known as Stormy Daniels, by Columbus Police Officers on July 11, 2018. AM. COMPL. ¶¶1-2 (R.24 #90). Plaintiff has asserted various theories of recovery against the City of Columbus. Id. ¶¶74–95 (R.24 #101–103). It appears, based on Plaintiff's references to "Ohio Common Law" and "defamation," that Plaintiff has alleged Ohio state-law tort claims against the City. For example, Plaintiff specifically alleges, "Defendants defamed Ms. Clifford causing injury to her reputation and exposing her to contempt, ridicule, shame, and disgrace in the community." In Ohio, "defamation is a false, defamatory statement published by a defendant acting with the required degree of fault that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace, or adversely affects the person's profession." Burns v. Rice, 157 Ohio App. 3d 620, 630, 2004-Ohio-3228, P19, 813 N.E.2d 25, 32.

**II.    ARGUMENT**

  **A.    STANDARD OF DECISION**

The standard that this Court applies to Rule 12(c) motions for judgment on the pleadings is the same standard that is applied to Rule 12(b)(6) motions for dismissal. Gavitt v. Born, 835 F.3d 623, 639 (6th Cir. 2016); Warrior Sports v. NCAAA, 623 F.3d 281, 284 (6th Cir. 2010); Harsh v. Geico, Case No. 2:17-cv-814, 2018 U.S. Dist. LEXIS 162032, *6 (S.D. Ohio Sept. 21, 2018). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (quoting Southern Ohio Bank v. Merrill Lynch, 479

F.2d 478, 480 (6th Cir. 1973)). Nonetheless, courts "need not accept as true legal conclusions or unwarranted factual inferences." Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir.1999) (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987)); Winget, 510 F.3d at 581-82. Thus, in order to survive this Rule 12(c) motion, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Engler v. Arnold, 862 F.3d 571, 575 (6th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)); Harsh, 2018 U.S. Dist. LEXIS 162032, *6. "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Engler, 862 F.3d at 575 (quoting Iqbal, 556 U.S. at 678).

### B. STATE-LAW CLAIMS AGAINST THE CITY

Tort claims against Ohio political subdivisions themselves are governed by Ohio's Political Subdivision Tort Liability Act. See OHIO REV. CODE Ch. 2744. To determine whether a political subdivision is immune, courts employ a *three*-tiered analysis. Pelletier v. Campbell, Case No. 2017-0088, 2018-Ohio-2121, ¶15 (Ohio June 5, 2018); Argabrite v. Neer, 149 Ohio St. 3d 349, 358–59 (2016); Baker v. Wayne County, 147 Ohio St. 3d 51, 53–54 (2016). In the first tier, Ohio Revised Code § 2744.02(A) grants presumptive tort immunity to the political subdivision for any "injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Again, the City is a political subdivision of the State of Ohio, and all of the conduct about which Plaintiff complains was the conduct of City employees/agents. Moreover, all of the conduct about which Plaintiff complains was connected with the governmental function that is the provision or nonprovision of police services or protection. Finally, Plaintiff is still seeking to recover damages for injury, death, and loss to

person or property allegedly caused by such conduct. Thus, Ohio Revised Code § 2744.02(A)(1) grants the City presumptive immunity from Plaintiff's state-law claims.

The City's presumptive immunity can be overcome in the second-tier of the analysis, but only if Plaintiff can establish that one of the five statutory immunity exceptions found in Ohio Revised § 2744.02(B) applies. Nonetheless, Ohio Revised Code § 2744.02(B)(1) does not apply because Plaintiff's claims do not involve the negligent operation of a motor vehicle. Second, Ohio Revised Code § 2744.02(B)(2) does not apply because the conduct about which Plaintiff complains was related to a governmental function, not to a proprietary function. Third, Ohio Revised Code § 2744.02(B)(3) does not apply because Plaintiff's claims do not relate to the alleged disrepair of a public road or to any purported obstruction within a public road. Fourth, Ohio Revised Code § 2744.02(B)(4) does not apply because Plaintiff's losses were not incurred upon the grounds of any public building. Finally, Ohio Revised Code § 2744.02(B)(5) does not apply because there is no provision of the Ohio Revised Code that would otherwise impose liability upon the City for the conduct or injuries alleged in Plaintiff's complaint. Because none of these five second-tier immunity exceptions apply to Plaintiff's state-law claims against the City, the City retains its presumptive first-tier immunity.

The third tier of the immunity analysis asks the Court to determine whether the City could raise any of the additional defenses found in Ohio Revised Code § 2744.03 if its immunity were lost during the second-tier of the analysis. Because the City retains its immunity through the second tier in this particular case, there is no need for the Court to consider the third. The City is immune from liability for Plaintiff's state-law claims and is thus entitled to judgment on the pleadings.

### III. CONCLUSION

For the reasons stated above, Defendant City of Columbus respectfully moves this Court for a partial judgment on the pleadings in this action and for an order dismissing any state-law claims that Plaintiff may have tried to assert against the City. This includes a dismissal of any damages strictly related to those state-law claims (i.e., any alleged injury to Plaintiff's reputation and for exposing her to public hatred, contempt, ridicule, shame or disgrace, or adversely affecting her profession).

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728)
Assistant City Attorney
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov

Attorney for the City of Columbus

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that, on **July 30, 2019**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Westley M. Phillips
Westley M. Phillips (0077728)