# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | Case No. 2:19-cv-00119 |
| | Judge Michael H. Watson |
| Plaintiff, | Magistrate Judge Elizabeth Preston Deavers |
| v. | |
| SHANA M. KECKLEY, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT TERRY L. MOORE'S MOTION TO DISMISS

Plaintiff, Stephanie Clifford, by and through her attorneys hereby files her response to Defendant Terry L. Moore's Motion to Dismiss for failure to state a claim. Dkt. No. 32. As shown below, Plaintiff has adequately stated a claim for violation of her civil rights against Terry L. Moore in his capacity as supervisor and the motion as to her supervisory claims under § 1983 should be denied. Plaintiff withdraws her claims against Terry L. Moore for civil conspiracy and state-based tort claims.

### I. PROCEDURAL SUMMARY

1.  On June 6, 2019, Plaintiff filed her amended complaint alleging additional causes of action against the City of Columbus and Terry L. Moore. Dkt. No. 24.

2.  On June 12, 2019, the original individual officer defendants, Shana M. Keckley, Whitney R. Lancaster, Mary S. Prather and Stephen G. Rosser answered the Plaintiff's Amended Complaint. Dkt. No. 25.

3.  On July 30, 2019, Defendant City of Columbus answered and moved for partial summary judgment on plaintiff's state law-based claims. Dkt. Nos. 30 and 31.

4. On July 30, 2019, Defendant Terry L. Moore filed a Motion to Dismiss all claims under FRCP 12(b)(6), Dkt. No. 32, to which Plaintiff responds below.

## II. FACTUAL SUMMARY

Plaintiff's Amended Complaint states claims against Terry L. Moore, for a violation of her civil rights in his capacity as supervisor of the Vice Unit (Dkt. No. 24, ¶ 11), and Moore's acknowledged approval of a plan by Defendants Keckley, Lancaster, Praither and Rosser (Dkt. No. 24, ¶¶ 18, 30 and 31) to falsely arrest Plaintiff and others without probable cause and in violation of their civil rights. Moore's admitted approval of the plan to falsely arrest Plaintiff and others was part of a continuing pattern and practice of the City of Columbus Vice Unit to falsely arrest and charge individuals using a statute that the officers, including the defendants herein, had been advised and informed could not meet the elements of the statute and therefore were without probable cause for the arrest. (Dkt. No. 24, ¶¶ 15, 16, 17, 18, 30, 31, 59, 60, 61 and 62).

## III. STANDARD OF REVIEW

Generally, Plaintiff does not dispute Defendant Moore's recitation of the standard of review in these matters. While citing the applicable standard, Defendant Moore proceeds to argue the "facts" of the allegations rather than accepting them as true as we must at this stage of the litigation. In doing so, he concedes that the allegations are plausible on their face and not merely possible which is sufficient to withstand scrutiny and the inference that defendants are liable for the conduct alleged. *Gavitt v. Born,* 835 F.3d 623, 644 (6th Cir. 2016)("To withstand scrutiny under Rule 12(b)(6), the complaint must state a claim that is *plausible* on its face, not merely possible. This means that the court must be able to draw a reasonable inference that defendants are liable for the misconduct alleged." citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

Defendant Moore also asserts that he is qualifiedly immune in this matter. In doing so, once again he argues the "facts" removing any early determination by the court as a matter of law from consideration. "[I]f the qualified immunity questions presented are fact-intensive, the record may not be adequately developed to evaluate the defense at the pleading stage under Rule 12(b)(6)." *Id*. at 640 citing *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015).

## IV. ARGUMENT AND AUTHORITIES

### a. Plaintiff has stated a claim for false arrest and malicious prosecution against Defendant Moore.

Plaintiff concedes that her claims for false arrest and malicious prosecution arise under the Fourth Amendment. "Constitutional claims based on theories of false arrest and false imprisonment also arise under the Fourth Amendment." *Trapp v. Kimpel,* No. 3:13-CV-18, 2013 WL 4510570, at *6 (S.D. Ohio Aug. 23, 2013) citing *Gorcaj v. Medulla,* 51 Fed. Appx. 158, 159 (6th Cir.2002); *see also Brooks v. Rothe,* 577 F.3d 701, 706 (6th Cir.2009).

Moore complains that Plaintiff has failed to plead facts which would show "the official's own individual action" sufficient for individual liability. As cited by Defendant Moore, "where a supervisor-subordinate relationship is involved, a plaintiff must plead facts that show a causal connection between the supervisor and the unconstitutional conduct of the subordinate." Motion at p. 5 (citations omitted). Plaintiff has pled a sufficient factual basis to plausibly allege liability on the part of Defendant Moore.

As shown above, Plaintiff's Amended Complaint identifies Terry Moore as a supervisor of the City of Columbus Division of Police Vice Unit. Dkt. No. 24, ¶ 11. The vice unit is the unit at the other defendant officers were working in. Dkt. No. 24, ¶ 110. Specifically, Moore approved of a plan by Defendants Keckley, Lancaster, Praither and Rosser (Dkt. No. 24, ¶ 18, 30 and 31) to

3

falsely arrest Plaintiff and others without probable cause and in violation of their civil rights. His approval is sufficient for purposes of individual liability under a theory of supervisory liability.

Additionally, Plaintiff alleges that Moore's admitted approval of the plan to falsely arrest Plaintiff and others was part of a continuing pattern and practice of the City of Columbus Vice Unit to falsely arrest and charge individuals using a statute that the officers, including the defendants herein, had been advised and informed could not meet the elements of the statute and therefore were without probable cause for the arrest. Dkt. No. 24, ¶ 15, 16, 17 and 18. "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016)(citations omitted).

Plaintiff alleges that Defendant Moore not only approved the instant plan of action to falsely arrest Plaintiff and others but that he did so as a pattern and practice of the City of Columbus Vice Unit. The factual allegations clearly implicate Defendant Moore and provide the causal connection necessary to state a claim against him in his supervisory capacity.

   **b.**   **Plaintiff has properly alleged that her arrest was without probable cause.**

Defendant Moore further challenges the Amended Complaint arguing that Plaintiff has failed to allege that her arrest was without probable cause. In doing so, Defendant Moore seeks a factual determination at the pleading stage as to whether the defendant officers "believed that probability existed that the suspect committed an offense or whether the circumstances, viewed

4

objectively, support a finding of probable cause. Motion at p. 8 (citations omitted). Such determinations are inappropriate at this stage.

Factually, as alleged by Plaintiff, all defendants had participated in meetings with local prosecutors where they were informed that their use of Community Defense Law on illegal touching, Ohio Revised Code, § 2907.40(C)(2) was problematic and that the prosecutors could not meet the elements of the statute when the "patron" was a governmental employee. Such meetings are alleged in ¶¶15, 16 and 18. Plaintiff further alleges in ¶ 59 that the City in a public statement has admitted that in the arrest, "one element of the law was missed and in error and charges were subsequently dismissed." Dkt. 24, ¶ 59.[1] This element was one that the prosecutors had repeatedly warned the defendants herein about in the past. Dkt. No. 24, ¶ 60. Plaintiff also alleges, based upon the facts, that this is the same element which was missing from the prior numerous arrests of women by the Vice Unit and Defendants Rosser and Lancaster which include but are not limited to: Carla Hoover; Emily Haudenschield; Brittany Yates; Danielle Calderon; Ashley Graves; and Chelsea Paige Ewart whose cases were all dismissed in May, August and November of 2018. Dkt. No. 24, ¶ 61.[2] Defendant Officers never had probable cause to arrest Ms. Clifford, nor could they believe they did. Dkt. No. 24, ¶ 62. The allegations concerning the absence of probable cause are sufficient to meet a claim for a violation for her civil rights under both false arrest and malicious prosecution.[3]

---

[1] The City of Columbus has admitted this paragraph in their answer. Dkt. No. 30.
[2] The City of Columbus has admitted this paragraph in their answer. Dkt. No. 30.
[3] Under Ohio law:

> "'[t]he elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in the favor of the accused.' " *Trussell v. Gen. Motors Corp.,* 53 Ohio St.3d 142, 559 N.E.2d 732, 736 (Ohio 1990); *see also Rogers v. Barbera,* 170 Ohio St. 241, 164 N.E.2d 162 (Syllabus) (1960). Although malice is an essential element in actions for malicious prosecution, "the want of probable cause is 'the real gist of the action.' " *Tourlakis v. Beverage Distribs., Inc.,* 2002 WL 31875970, at

The "totality" of the circumstances and all inferences thereon to the Plaintiff in the Amended Complaint, present a factual scenario where the Vice unit, through approval by the supervisors, had long established a pattern and practice of selective enforcement, arrest and prosecution of individuals without probable cause under Ohio Revised Code, § 2907.40(C)(2) despite numerous meetings and warnings from other law enforcement officials and prosecutors that the elements of the law could not be established by an arresting officer as a "patron."

Plaintiff's Amended Complaint states sufficient facts for a plausible cause of action against Defendant Moore in his capacity as supervisor. Accordingly, his Motion to Dismiss for failure to state a claim for a violation of her civil rights by him in his supervisory capacity should be denied.

### c. **Plaintiff withdraws her claim for civil conspiracy against Defendant Moore.**

Plaintiff withdraws her claim for civil conspiracy against Defendant Moore.

### d. **Defendant Moore is not entitled to qualified immunity.**

Defendant Moore asserts the defense of qualified immunity at motion to dismiss prior to the development of any factual record in this matter. Having established that she has properly plead a Fourth Amendment violation of her civil rights, Defendant Moore challenges whether he was on notice that Plaintiff's false arrest without probable cause is clearly established. In doing so, he unreasonably narrows the inquiry to whether a "reasonable" officer could have known that R.C. § 2907.40(C)(2) did not apply to Plaintiff's performance at Sirens. In doing so he raises questions of fact concerning the officer's knowledge which are sufficiently alleged in Plaintiff's Amended Complaint and the foreknowledge of a complete absence of probable cause. Dkt. No.

---

*4 (Ohio. Ct.App. Dec. 26, 2002) (citing *Melanowski v. Judy,* 102 Ohio St. 153, 131 N.E. 360, 361 (1921)). Thus, if the lack of probable cause is demonstrated, "the legal inference may be drawn that the proceedings were actuated by malice." *Id.* (same).

*Thacker v. City of Columbus,* 328 F.3d 244, 260–61 (6th Cir. 2003)(emphasis added).

6

24, ¶¶ 15, 16, 17, 18, 30, 31, 59, 60, 61 and 62.  "[I]f the qualified immunity questions presented are fact-intensive, the record may not be adequately developed to evaluate the defense at the pleading stage under Rule 12(b)(6)." *Gavitt v. Born* at 640 citing *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015).

Here, Plaintiff alleges that Defendant Officers, including Moore, attended meetings where specific discussions were held concerning the use of the statute and the absence of probable cause when the arrests under R.C. § 2907.40(C)(2) failed to meet the statutory elements.  There is no need for a specific case to inform the officers when the prosecutors were actively informing them of the fact that the arrests were not valid or supported in the months and years prior to the arrest of Plaintiff.  Dkt. No. 24, ¶¶ 15, 16, 17, 18, 30, 31, 59, 60, 61 and 62.  The "reasonableness" of the officers' conduct involves the development of facts concerning what they were informed concerning enforcement of the statute in question prior to the arrest of Plaintiff.  At this stage, Plaintiff has plead sufficient facts to allow her case to proceed.

Defendant Moore's citation to *84 Video/Newsstand, Inc. v. Sartini,* 455 F. App'x 541, 545 (6th Cir. 2011) is not applicable nor helpful.  *84 Video* is a challenge to certain regulations of sexually oriented businesses in Ohio as violative of the First Amendment. The challenge was rejected and affirmed on appeal.  The case is not applicable.  No allegations are made that Plaintiff was arrested for touching another performer as was at issue in *84 Video.*

The question here is whether the defendant officers were on "fair notice that the conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes,* 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018)(citations omitted).  It is "clearly established that [an] arrest without probable cause violates the Fourth Amendment." *Leonard v. Robinson,* 477 F.3d 347, 355 (6th Cir.2007).   Courts have also determined that "the requirement

7

of probable cause is one of the cornerstones of Fourth Amendment protection. Thus, a reasonable police officer would know that fabricating probable cause, thereby effectuating a seizure, would violate a suspect's clearly established Fourth Amendment right to be free from unreasonable seizures." *Spurlock v. Satterfield,* 167 F.3d 995, 1006 (6th Cir.1999).; See also *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if the officer makes a warrantless arrest without probable cause."). Plaintiff has clearly alleged that the defendant officers fabricated probable cause in her arrest in July of 2018. Dkt. No. 24, ¶¶ 15, 16, 17, 30, 54, 62.

Fair notice of the wrongfulness of their conduct is specifically alleged in the form of meetings with prosecutors wherein Plaintiff alleges that the unlawfulness of their conduct is explained. Dkt. No. 24, ¶¶ 15, 16, 17, 18, 30, 31, 59, 60, 61 and 62. From Plaintiff's allegations it is reasonable to infer that discovery will support and establish that no reasonable officer within the City of Columbus Vice Department could have reasonably believed that the arrest of Plaintiff was not in violation of her Fourth Amendment rights against seizure in the absence of probable cause when the police officers were previously informed that their actions did not support an arrest for a violation of R.C. § 2907.40(C)(2). To require a specific case that tells the officers what they already know, as alleged, is a burden that is not required under the caselaw. This is not a case of excessive force or a police shooting where we must look into the actions of any officer in a chaotic and dynamic situation. This is a case where, in the face of knowledge of the improper nature of their actions, the officers, with the approval of Defendant Moore went and effectuated the arrest of Plaintiff.

8

Defendant Moore is not entitled to qualified immunity or, at the very least, any determination should be postponed until the record may be adequately developed to evaluate the defense.

    **e.    Plaintiff withdraws her state law claims against Defendant Moore.**

Plaintiff withdraws her state law claims against Defendant Moore.

## V. CONCLUSION

Defendant Terry L. Moore's Motion to Dismiss for failure to state a claim, Dkt. No. 32, should be denied as Plaintiff has plausibly plead a civil rights violation against him in his supervisory capacity and he is not entitled to qualified immunity at this stage of the litigation. Plaintiff withdraws her claims against Terry L. Moore for civil conspiracy and state-based tort claims.

        Respectfully Submitted,

        /s/ *Chase A. Mallory*
        Chase A. Mallory (0084728)
        Chase@SabolMallory.com
        SABOL MALLORY, LLC
        743 South Front Street
        Columbus, Ohio 43206
        phone: (614) 300-5088
        fax: (614) 636-4545

        /s/ *Guy A. Fortney*
        Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
        Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
        BREWSTER & DE ANGELIS
        2617 East 21st Street
        Tulsa, OK 74114
        (918) 742-2021 - Telephone
        (918) 742-2197 - Facsimile

        Attorneys for the Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2019, a true and exact copy of the above and foregoing document was served to the following counsel via: ☐ U.S. first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, ☐ e-mail, ☐ hand delivery:

Larry H. James
Crabbe, Brown & James LLP
500 South Front Street, Suite 1200
Columbus, OH 43215

/s/ *Guy A. Fortney*