**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD, | : | |
| | : | Case No. 2:19-cv-00119 |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| SHANA M. KECKLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT TERRY L. MOORE'S REPLY
IN SUPPORT OF HIS MOTION TO DISMISS**

**INTRODUCTION**

In response to Defendant Moore's Motion to Dismiss (Doc. 32), Plaintiff has withdrawn her civil conspiracy and state law claims against Defendant Moore. (*See* Doc. 33, at 1). As a result, the only claims that remain with respect to Defendant Moore are Plaintiff's claims for false arrest and malicious prosecution, which she concedes do not arise under the Fourteenth Amendment. *Id.* at 3. However, Plaintiff's Response (Doc. 33) fails to identify any allegations that would suffice to support her remaining claims *or* overcome the presumption of qualified immunity for Defendant Moore.

Plaintiff's Response is light on both law and argument. She not only repeatedly misstates the standard under Rule 12(b)(6), but improperly reaches beyond the Amended Complaint in an attempt to bolster her allegations. However, even where Plaintiff properly and accurately cites her own pleadings, she fails to direct the Court to any factual allegations that would show a causal connection between Defendant Moore's conduct and her arrest. Plaintiff is also unable to articulate how the individual Defendants' conduct in this case was *objectively* unreasonable, as is required

1

under both the probable cause and qualified immunity analyses. Plaintiff instead devotes the bulk of her Response defending her allegations about what the Defendants *subjectively* believed based on "meetings" and "warnings" about R.C. § 2907.40(C)(2). As a result, Plaintiff's Response underscores the weakness of her allegations against Defendant Moore. For these reasons, and the reasons set forth in Defendant Moore's Motion to Dismiss, the Court should dismiss Plaintiff's remaining claims.

## ARGUMENT

I.  **Standard of Review**

Plaintiff is fundamentally mistaken as to the nature of a Rule 12(b)(6) motion to dismiss and the applicable standard of review. For starters, Plaintiff insists that the Court must accept **all** of her allegations as true at this stage of the proceedings. (Doc. 33, at 2). However, as laid out in Defendant Moore's Motion to Dismiss, while this Court should construe the Amended Complaint in the light most favorable to Plaintiff, the Court is not required to accept Plaintiff's legal conclusions and "'naked assertion[s]' devoid of 'further factual enhancement'" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, in evaluating the Amended Complaint, this Court must accept only the **well-pleaded** facts as true, and is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition, Plaintiff asserts that Defendant Moore's references to the "facts" of her Amended Complaint mean that he "concedes the allegations are plausible on their face and not merely possible which is sufficient to withstand scrutiny." (Doc. 33, at 2). She also falsely states that Defendant Moore has "admitted" certain allegations when he has not. (*See id.* at 2, 4). Defendant Moore has not filed an Answer in this action, thus he has not admitted, denied, or

2

claimed lack of knowledge as to any of Plaintiff's allegations. Merely restating allegations for the purposes of a motion to dismiss is not the same as admitting them.

Plaintiff also repeatedly relies on factual allegations that are nowhere to be found in the Amended Complaint and makes multiple references to admissions the City made in its Answer. In doing so, Plaintiff ignores the universally-accepted principle that a motion to dismiss pursuant to 12(b)(6) "tests whether a cognizable claim has been pleaded in the ***complaint***." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis added). Accordingly, the fact that the City admitted certain allegations does not prove that ***Plaintiff*** has "state[d] a claim that is plausible on its face" as is required to survive a motion to dismiss. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). And Plaintiff cannot make new allegations in her Response to fill in the gaps of her Amended Complaint. *See Roulhac v. S.W. Regl. Transit Auth.*, 1:07CV408, 2008 WL 920354, at *4 (S.D. Ohio Mar. 31, 2008) (citing, inter alia, *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989)) (holding that a complaint cannot be amended by a memorandum in opposition to a motion to dismiss).

**II.     Plaintiff's allegations regarding Defendant Moore's supervisory liability are insufficient as a matter of law.**

Plaintiff's entire argument for Defendant Moore's supervisory liability is premised on legal conclusions and recitations of the elements masquerading as fact. To properly plead supervisory liability against Defendant Moore, Plaintiff must at least show that Defendant Moore "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)). In order for supervisory liability to attach to Defendant Moore for the alleged actions of the other Defendants in this case, Plaintiff must show that Defendant Moore "did more than play a passive role in the alleged violation or showed mere tacit approval

of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Plaintiff has not alleged that Defendant Moore either participated in her arrest or directed others to effectuate her arrest. She does not allege that he was at Sirens on July 11, 2018, or even aware of the fact that she had been arrested. This complete absence of any allegations regarding Defendant Moore's direct participation in her arrest is reason enough for this Court to dismiss Plaintiff's claims against him. Nevertheless, Plaintiff asserts that she has properly plead supervisory liability because she alleged that Defendant Moore approved of the on-scene officers' plan and was aware of the officers' "pattern and practice" of arresting women under R.C. § 2907.40(C)(2). (Doc. 33, at 4). In reality, Plaintiff has simply stated an element of a claim for supervisory liability as a fact—her allegations are mere legal conclusions that establish nothing more than "mere tacit approval."

Plaintiff also suggests that Commander Moore could be found liable under supervisory liability because the "Amended Complaint identifies Terry Moore as a supervisor of the City of Columbus Division of Police Vice Unit…[which] is the unit at the [*sic*] other defendant officers were working in." (Doc. 33, at 3). In doing so, Plaintiff conflates the concept of supervisory liability under § 1983 with the doctrine of respondeat superior. The Sixth Circuit has long held, however, that "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006) (citing *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003)). A claimed constitutional violation cannot be based upon the mere right to control employees, and simple awareness of employees' misconduct does not lead to supervisory liability under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325–26 (1981); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996). Because Plaintiff has failed to state any

factual allegations or viable legal theories against Defendant Moore, her claims under supervisory liability should be dismissed.

### III. Plaintiff has failed to plead facts that state a cause of action for either false arrest or malicious prosecution.

Throughout her Response, Plaintiff maintains that probable cause did not exist to support her arrest and prosecution because the officers in this case "had participated in meetings with local prosecutors where they were informed that their use of Community Defense Law on illegal touching, Ohio Revised Code § 2907.40(C)(2) was problematic and that the prosecutors could not meet the elements of the statute when the 'patron' was a governmental employee." (Doc. 32, at 5). But this argument is fundamentally flawed for three reasons.

First, although Plaintiff's Amended Complaint *does* contain allegations about meetings, the allegation that Defendant Moore was ever told that "prosecutors could not meet the elements of the statute when the 'patron' was a governmental employee" is simply nowhere to be found in the Amended Complaint. As discussed above, Plaintiff cannot assert new factual allegations in her Response to Defendant Moore's Motion to Dismiss.[1]

Second, regardless of what the individual Defendants were specifically warned, these allegations simply have no bearing on the probable cause inquiry, which is an *objective* test. As the Supreme Court has held, "the subjective understanding of the particular officer involved" does

---

[1] It should be noted that, in her Amended Complaint, Plaintiff insinuates that the reason her charges were dropped was because she did not appear at Sirens on a regular basis. The Amended Complaint specifically states:

> 49. A violation of R.C. 2907.40(C)(2) requires: (1) an employee who regularly appears nude or seminude; (2) at the sexually oriented business; (3) while they are nude or seminude; (4) to touch another employee, a patron, or allow themselves to be touched by a patron.
> 50. Accordingly, R.C. 2907.40(C)(2) requires that the person charged appear nude or semi-nude at the establishment in question *on a regular basis*. But Ms. Clifford was a special guest performer at Sirens, who had not appeared regularly at the establishment….

(Doc. 24, ¶ 49–50). In contrast, in her Response to Defendant Moore's Motion to Dismiss, Plaintiff insinuates that it was the "patron" element that was missing. Plaintiff's confusion over the allegations in her own Amended Complaint is by itself indication that her allegations are insufficient to withstand 12(b)(6) review.

not factor into the determination of probable cause. *Heien v. North Carolina*, 135 S. Ct. 530, 539 (2014). Rather, "[t]he reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective, which, even in the context of malicious-prosecution claims, renders irrelevant the subjective state of mind of the defendant." *Sykes v. Anderson*, 625 F.3d 294, 309–10 (6th Cir. 2010).

Third, even if the allegations about meetings could somehow be read to temper the bases for probable cause, "the fact that any *one* fact…would not alone support a finding of probable cause does not mean that probable cause was absent, since '[a]n assessment of the presence of probable cause must be based on the *totality* of the relevant circumstances.'" *Sennett v. United States*, 667 F.3d 531, 536 (4th Cir. 2012) (emphasis added) (quoting *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011)). Here, Plaintiff concedes the majority of the elements of R.C. § 2907.40(C)(2) were satisfied (Doc. 24, ¶¶ 50, 60), thus the totality of the relevant circumstances points to the existence of probable cause. Plaintiff's claims for false arrest and malicious prosecution should therefore be dismissed.

## IV. Plaintiff has failed to rebut the presumption of qualified immunity.

Plaintiff complains that it is too early for this Court to consider the issue of qualified immunity because she has been unable to develop "any factual record in this matter." (Doc. 33, at 6). In doing so, Plaintiff misses the point of qualified immunity entirely. Qualified immunity is not merely a defense to liability, but instead provides complete immunity from suit—meaning that it must be resolved as early as possible. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Indeed, the "driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials [will] be resolved *prior* to discovery." *Id.* (internal quotation marks omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)).

Accordingly, because qualified immunity is "effectively lost if a case is erroneously permitted to go to trial," the Court should resolve qualified immunity questions "at the earliest possible stage in litigation." *Id.* (citing references omitted).

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 231. Qualified immunity utilizes an objective standard that requires an officer's actions be "judged from the perspective of a reasonable officer on the scene." *Graham v. Connor*, 490 U.S. 386, 396 (1989). When determining whether qualified immunity applies, a court must consider whether there is any prior caselaw with facts similar to those alleged by the plaintiff that demonstrates the officer's alleged actions are unconstitutional. *Ryburn v. Huff*, 565 U.S. 469, 473–74 (2012). As the Supreme Court has explained:

> Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

*Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam).

As discussed above, Plaintiff has not alleged facts sufficient to show a constitutional violation has occurred. Further, Plaintiff has failed to allege facts sufficient to satisfy the second prong of the qualified immunity inquiry. Accordingly, Defendant Moore is entitled to qualified immunity and the Court should dismiss Plaintiff's claims against him.

### A. Plaintiff has not alleged how Defendant Moore's conduct was objectively unreasonable.

Not only has Plaintiff failed to allege facts sufficient to show a constitutional violation has occurred, but she has failed to allege how Defendant Moore's conduct in this case was objectively

7

unreasonable. Echoing her probable cause argument, Plaintiff argues that "[f]air notice of the wrongfulness of [the individual Defendants'] conduct is specifically alleged in the form of meetings with prosecutors wherein Plaintiff alleges that the unlawfulness of their conduct is explained." (Doc. 33, at 8). But these allegations only concern Defendant Moore's *subjective* understanding, and are therefore insufficient to rebut the presumption of qualified immunity afforded to Defendant Moore. *See Boyd v. Baeppler*, 215 F.3d 594, 600 (6th Cir. 2000) (explaining that qualified immunity is an objective test that turns on "what a reasonable police officer would believe to be lawful based upon the information then possessed, not what the officers subjectively may have believed").

### B. Defendant Moore's conduct towards Plaintiff was objectively reasonable in light of the existing law at the time of Plaintiff's arrest.

Plaintiff's attempts to distinguish *84 Video/Newsstand v. Sartini*, 455 F.App'x 541 (6th Cir. 2011), are both unavailing and nonsensical. First, Plaintiff argues that *84 Video/Newsstand* is neither applicable nor helpful because it involved "a challenge to certain regulations of sexually oriented businesses in Ohio"—seemingly forgetting that those "certain regulations" include the very statutory provision at issue in this case, R.C. § 2907.40(C)(2). (Doc. 33, at 7). Next, Plaintiff argues the case is inapplicable because no allegations have been made that Plaintiff "was arrested for touching another performer as was at issue in *84 Video*." *Id.* Though Defendant Moore agrees that no one has alleged Plaintiff was arrested for touching another performer, R.C. § 2907.40(C)(2) proscribes more than just contact between performers, as the Sixth Circuit stated in *84 Video/Newsstand*. 455 F.App'x at 544 (noting "§ 2907.40(C) adopts a so-called 'no-touch' provision, limiting physical contact *with* and between nude or semi-nude performers") (emphasis added). Here, Plaintiff has specifically alleged that her arrest was based on her physical contact *with* Defendant Praither. (Doc. 24, ¶¶ 41–42).

8

Perhaps realizing the weakness of her argument, Plaintiff also insists that "a specific case that tells the officers what they already know, as alleged, is a burden that is not required under the caselaw" (Doc. 33, at 7)—despite Supreme Court precedent requiring just that. *See, e.g., Brosseau*, 543 U.S. at 198 ("Reasonableness is judged against the backdrop of **the law** at the time of the conduct") (emphasis added). Setting aside Plaintiff's faulty logic and misunderstanding of the qualified immunity standard, *84 Video/Newsstand* demonstrates that Defendant Moore's conduct was objectively reasonable in light of the existing law at the time of Plaintiff's arrest. As such, Defendant Moore is entitled to qualified immunity.

### C. Sixth Circuit precedent supports a finding of qualified immunity in this case.

Finally, the Sixth Circuit recognizes that the second prong of the qualified immunity test is generally satisfied when a public official enforces a validly enacted state law that has not been declared unconstitutional by any court. *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 441 (6th Cir. 2016). As the Sixth Circuit explained in *Citizens in Charge*:

> When public officials implement validly enacted state laws that no court has invalidated, their conduct typically satisfies the core inquiry—the 'objective reasonableness of an official's conduct'—that the immunity doctrine was designed to test. State legislators swear to uphold the state and federal constitutions, and a presumption of constitutionality accompanies their enactments—a presumption on which executive officials generally may depend in enforcing the legislature's handiwork.

*Id.* (citing references omitted). At the time of Plaintiff's arrest, R.C. § 2907.40(C)(2) was (and remains) a validly enacted statute that has never been declared unconstitutional by any court. In fact, as discussed above, its constitutionality was affirmed by the Sixth Circuit in *84 Video/Newsstand*. Thus, as a matter of law, it was not objectively unreasonable for the Defendants in this case, including Defendant Moore, to enforce R.C. § 2907.40(C)(2).

## CONCLUSION

For the reasons stated above and in Defendant Moore's Motion to Dismiss (Doc. 32), the Court should dismiss Plaintiff's remaining claims against Defendant Moore for failure to state a claim.

Respectfully submitted,

*/s/  Larry H. James*
Larry H. James (0021773)
Christopher R. Green (0096845)
Natalie P. Bryans (0097697)
**Crabbe, Brown & James, LLP**
500 South Front Street, Suite 1200
Columbus, OH 43215
Telephone: (614) 229-4567
Facsimile:  (614) 229-4559
ljames@cbjlawyers.com
cgreen@cbjlawyers.com
nbryans@cbjlawyers.com

*Counsel for Defendant Terry L. Moore*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically on September 3, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/  Larry H. James*
Larry H. James (0021773)