**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STEPHANIE CLIFFORD, | Case No. 2:19-cv-00119 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| SHANA M. KECKLEY, *et al.*, | |
| Defendant. | |

**NOTICE OF LIEN FOR ATTORNEYS' FEES AND COSTS**
_____

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY AND TO ALL OTHER PERSONS OR ENTITIES INTERESTED IN THIS ACTION:

YOU ARE HEREBY NOTIFIED that, in accordance with the terms of a written and/or oral fee agreement with Plaintiff Stephanie Clifford (aka Stormy Daniels) ("Ms. Daniels") and California law, Michael Avenatti, Esq. and Avenatti & Associates, APC have and claim a lien ahead of all others on any and all attorneys' fees or costs in this action, and on any judgment and/or settlement rendered in favor of Plaintiff in this action, in order to secure payment for legal

1

services rendered and costs and expenses advanced in an amount in excess of $2,000,000.  As California law makes clear, "While a contingent fee contract with creation of a lien in favor of counsel does not operate to transfer to counsel any part of the client's cause of action, *it does give him a lien upon the recovery*, and the attorney is regarded as an equitable assignee of the judgment or settlement to the extent of fees and costs which are due him for services." *Siciliano v. Fireman's Fund Ins. Co.*, 62 Cal.App.3d 745, 752 (1976) (emphasis added) (citations omitted).

*Accordingly, demand is hereby made that any and all settlement proceeds paid in connection with this matter:  (a) include Mr. Avenatti's name and Avenatti & Associates, APC as payees and (b) be deposited only after consultation with, and agreement by, Mr. Avenatti as to the proper handling of said funds pending full adjudication of the lien pursuant to California law.  Failure to do so will subject the payor and other participating parties/attorneys to significant liability. See id.*  **To be clear, no net settlement proceeds or fees are to be distributed to Ms. Daniels or any of her attorneys without the express, written agreement of Mr. Avenatti and/or a full adjudication of this lien pursuant to California law.**

In initial support for the claimed lien, Mr. Avenatti and Avenatti & Associates, APC state as follows:  Despite repeated demands that Ms. Daniels fulfill her contractual obligations and pay for the millions of dollars in legal fees

2

and costs she has enjoyed for her benefit over the last approximate 19 months, including in this case, she has refused.  Instead, Ms. Daniels maintains that because she is a "celebrity," she is entitled to free legal services and costs, and when confronted with her repeated failure to pay, she believes that she is entitled to manufacture and fabricate facts designed to impugn the reputation of her counsel and falsely accuse him of a multitude of acts.  But the law does not work the way Ms. Daniels wishes.

In 2018 and 2019, Ms. Daniels entered into multiple agreements requiring her to pay Mr. Avenatti and Avenatti & Associates, APC for the legal work they performed, as well as the out-of-pocket costs they incurred advocating on her behalf.  In connection with these agreements, Ms. Daniels made a $100.00 (not a typo) up-front payment.  Subsequently, Mr. Avenatti and others working at his direction spent thousands of attorney and staff hours, and significant out-of-pocket expenses, working on Ms. Daniel's behalf on multiple matters across the country, including:  (a) the release of Ms. Daniels on bail immediately following her arrest in Columbus, Ohio in July 2018; (b) successful efforts to have the Columbus criminal charges against Ms. Daniels dropped within 24 hours of her arrest; (c) multiple communications with the City of Columbus (including an in-person meeting) relating to the need for the arresting officers to be disciplined and Ms. Daniels to be compensated; (d) the investigation and research of this civil case and

its related issues; (e) the drafting and filing of the Complaint in this matter; and (f) post-filing communications relating to possible mediation and/or settlement. Despite the significance of this work, Ms. Daniels has yet to directly pay a single dollar to Mr. Avenatti or Avenatti & Associates, APC for their legal services beyond the $100.00 she initially paid back in 2018. Ms. Daniels is required to pay her lawyers.

In mid-February 2019, Mr. Avenatti terminated his professional relationship with Ms. Daniels for cause, by written letter.[1] He did so after Ms. Daniels became increasingly difficult, uncooperative, erratic, and unpredictable, and began falsely accusing people closely aligned with her (but not Mr. Avenatti) of theft, without any legitimate basis. Ms. Daniels' false accusations in some instances were targeted at friends of 20 years and her private security detail. A true and correct copy of Mr. Avenatti's letter terminating Ms. Daniels as a client is attached hereto as Exhibit A.[2]

YOU ARE FURTHER NOTIFIED that pursuant to California law, the aforementioned lien must be adjudicated "in an independent action by a complaining attorney against the client, and not by application to the court in which the underlying litigation is pending," *Hendricks v. Superior Court (Sefton)*,

---

[1] Ms. Daniels falsely claimed one month later in March 2019 that she just terminated Mr. Avenatti as her counsel.
[2] Ms. Daniels subsequently waived the attorney-client privilege in writing.

197 Cal. App. 2d 586, 589 (1961).  As such, the validity or amount of the aforementioned lien may not be adjudicated in this court.

YOU ARE FURTHER NOTIFIED that a refusal to acknowledge this lien and/or account for said lien in connection with any settlement or judgment will subject you to liability pursuant to California law.  *See*, *e.g.*, Vapnek, Tuft, Peck, Wiener, Cal. Practice Guide: Prof. Responsibility, ¶ 9:330 (The Rutter Group 2013) (citing *Matter of Respondent P.* (Rev.Dept. 1993) 2 Cal. State Bar Ct. Rptr. 622, 632; L.A. Bar Ass'n Form. Oppn. 478 (1994)).  To be clear, pursuant to California law, Mr. Avenatti and Avenatti & Associates will bring suit against any party or attorney who fails to place all settlement proceeds in trust, under conditions acceptable to Mr. Avenatti, for, among other things, conversion and intentional interference with prospective economic damages.

YOU ARE FURTHER NOTIFIED that the fiduciary obligation that results from this notice obligates all counsel in this matter to communicate with Michael Avenatti and Avenatti & Associates, APC as to the subjects of this lawsuit as well as any related mediation and/or settlement, including the handling and transmission of all settlement proceeds.  *See e.g., Matter of Respondent P.*, 1993 WL 542462, at *5, 8 (Cal. Bar. Ct. 1993) (citing *Matter of Nunez*, 2 Cal. State Bar Ct. Rptr. 196, 200) (Review Dept. 1992) (Medi-Cal lien)); *see also Matter of Riley*, 3 Cal. State Bar Ct. Rptr. 91, 111-15) (Rev. Dept. 1994) (disagreed with on other grounds by

5

*L.A. Met. Med. Ctr. v. Harvey Lehrer & Assoc.*, 2001 WL 1190976 (Oct. 5, 2001) (unpublished)).

All rights are expressly reserved.

Dated: October 3, 2019

Respectfully submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By: _____
Thomas D. Warren
Attorneys for Michael Avenatti, Esq. and
Avenatti & Associates, APC