**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | : : : | CIVIL ACTION NO. 2:19-CV-00119 |
| | : : | JUDGE: Watson |
| Plaintiff, | : : | MAGISTRATE JUDGE: Deavers |
| v. | : : | |
| SHANA M. KECKLEY, et al. | | |

**MOTION TO STRIKE NOTICE OF LIEN**

Plaintiff, STEPHANIE CLIFFORD, hereby moves to strike and hold for naught the *"Notice of Lien for Attorneys' Fees and Costs"* ("Notice") filed by Michael Avenatti, her former California Counsel, [Dkt. No. 40]. Avenatti's "lien" is without any legal or factual basis. The *Notice* should be denied and stricken from the record.

Michael Avenatti, a lawyer in California, seeks to assert a lien on the settlement proceeds in the instant matter for $2,000,000.00. He does not seek fees for legal services that solely arose out of the instant litigation but simply asserts a lien "for millions of dollars in legal fees and costs she has enjoyed for her benefit over the last approximate 19 months, including this case." Mr. Avenatti alleges "multiple agreements" and yet has failed to state the terms of such agreements or bother to attach such agreements as evidence in support of his lien. Mr. Avenatti states he has a "written and/or oral fee agreement" with Plaintiff and yet fails to state any terms or provide any evidence of the alleged oral and/or written fee agreements. It is difficult to see how any contingency fee agreement could lead to a lien "in excess of $2,000,000.00" on a $450,000 settlement. In sum, he has failed to provide even the scantest evidence which would support the assertion of a valid lien on the settlement proceeds. These failures also preclude his apparent choice of law, California,

as he has not shown evidence of any enforceable contract between him and Plaintiff. Further, Mr. Avenatti fails to show the Court that his $2,000,000 "lien" arises out of fees and costs, which having been reduced to judgment. Plaintiff denies the existence of any "written and/or oral fee agreement." Avenatti's Notice of Lien for Attorneys' Fees and Costs should be stricken from the record.

In support of Plaintiff's request for the *Notice* to be stricken, Plaintiff shows the Court the following:

1. On September 27, 2019, Plaintiff obtained a settlement of the instant litigation. The settlement was widely reported in the media. While the parties have agreed to terms, the amount must still be approved by the city council for the City of Columbus.

2. On January 14, 2019, Plaintiff initiated this matter by filing suit against the individual officers who arrested her on July 12, 2018, by counsel of record, Chase Mallory and Dan Sabol. *See* ¶ 2, Exhibit "A," Affidavit of Stephanie Clifford, a.k.a. Stormy Daniels. *See also* ¶ 7, Exhibit "B," Affidavit of Chase Mallory.

3. Michael Avenatti did not apply for *pro hac vice* admission to the United States District Court for the Southern District of Ohio, Eastern Division, the jurisdiction in which this matter is pending.  *See* ¶¶ 5, 6, Exhibit "A."  *See also* ¶ 8, Exhibit "B."

4. Michael Avenatti did not enter or make an appearance on Plaintiff's behalf in the instant litigation. *See* ¶ 10, Exhibit "A."  *See also* ¶ 8, Exhibit "B."

5. There is no written fee agreement between Michael Avenatti and Plaintiff governing the instant litigation. *See* ¶ 8, Exhibit "A."

6. There is no "oral" fee agreement between Michael Avenatti and Plaintiff governing the instant litigation. *See* ¶ 9, Exhibit "A."

7. Michael Avenatti's office provided a draft of a complaint naming the individual officers. *See* ¶ 7, Exhibit "B."

8. Michael Avenatti terminated his relationship with Plaintiff on February 19, 2019. *See* ¶ 4, Exhibit "A." *See also* Exhibit A to the *Notice*.

9. Clark O. Brewster and Guy A. Fortney of Brewster & De Angelis, PLLC of Tulsa, OK, began representing Ms. Clifford in March of 2019, and on April 25, 2019, were admitted *pro hac vice* by the district court for purposes of representing Plaintiff in the instant matter. *See* ¶ 5, Exhibit "A." *See also* ¶ 11, Exhibit "B."

10. On July 29, 2019, Plaintiff amended her Complaint to name a necessary party, the City of Columbus, as justice required for a complete and full resolution of the issues to be litigated in this matter. *See* ¶ 13, Exhibit "B."

11. On September 27, 2019, Plaintiff obtained a $450,000.00 voluntary settlement of the instant litigation. While the settlement releases all named defendants, the sole payor is the City of Columbus.

12. On October 3, 2019, Michael Avenatti directed his counsel to file a "Notice of Lien for Attorneys' Fees and Costs." The "*Notice*" seeks to secure payment for legal services rendered and costs and expenses advanced in an amount in excess of $2,000,000.00.

## ARGUMENTS AND AUTHORITIES

The Court should strike Mr. Avenatti's *Notice*, because there is no fee agreement between Mr. Avenatti and Plaintiff. Plaintiff's Counsel in Ohio, Chase Mallory and Dan Sabol, informed Mr. Avenatti of Ohio Law concerning contingency fee matters, which requires a written fee agreement. Mr. Mallory and Mr. Sabol requested a written fee agreement from Mr. Avenatti in order to proceed with the lawsuit. *See* ¶ 14, Exhibit "B." Despite these requests, Mr. Avenatti

3

refused to provide any written fee agreement between counsel and Plaintiff prior to his termination of legal representation on February 19, 2019.

Ohio law requires "If an attorney and a client contract for the provision of legal services in connection with a claim that is or may become the basis of a tort action and if the contract includes a contingent fee agreement, *that agreement shall be reduced to writing and signed by the attorney and the client.* The attorney shall provide a copy of the signed writing to the client." Ohio Rev. Code Ann. § 4705.15(B) (emphasis added).[1] There is no written and signed contingency fee agreement between Mr. Avenatti and Plaintiff. *See* ¶ 8, Exhibit "A." Avenatti's Letter dated February 19, 2019, makes clear that Avenatti discharged Plaintiff without reservation of any request for repayment of attorney fees and costs, *see* Exhibit A to the *Notice*. The letter does not refer to any contingency fee agreement upon which a charging lien can be asserted in this matter. In the absence of any contingency fee agreement, there can be no recovery under a theory of *quantum meruit. Reid, Johnson, Downes, Andrachik & Webster v. Lansberry,* 1994-Ohio-512, 68 Ohio St. 3d 570, 576, 629 N.E.2d 431, 436.

This Court retains jurisdiction of the subject matter and the parties for the purpose of hearing any motion affecting such judgment, and if the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose. "[A] motion to declare and enforce an attorney's charging lien on the proceeds of judgment must be entertained

---

[1] California law also requires a contingency fee contract to be in writing: "An attorney who contracts to represent a client on a contingency fee basis shall, at the time the contract is entered into, provide a duplicate copy of the contract, signed by both the attorney and the client, or the client's guardian or representative, to the Plaintiff, or to the client's guardian or representative. **The contract shall be in writing** . . ." Cal. Bus. & Prof. Code § 6147 (emphasis added). It should have come to no surprise to Mr. Avenatti that one might also be required under Ohio law. Additionally, under California law, even if an oral contingency fee agreement did exist, it cannot be enforced. *Zweig v. Kwon,* No. B153064, 2003 WL 150107, at *4–5 (Cal. Ct. App. January 22, 2003).

by the court in the action in which the judgment was rendered." *Fire Prot. Res., Inc. v. Johnson Fire Prot. Co.,* 72 Ohio App. 3d 205, 211, 594 N.E.2d 146, 150 (1991)(quoting *Babin v. Royal Indemn. Co.,* 28 Ohio N.P.(n.s.) 148, 153, 1930 WL 2837 (June 16, 1930); *See also Galloway v. Galloway*, 2017-Ohio-87, ¶ 9, 80 N.E.3d 1225, 1228 (citing *Fire Prot. Res., Inc. v. Johnson Fire Prot. Co.* and *Babin v. Royal Indemn. Co.* favorably). The fact that Avenatti seeks to interfere with the payment of a settlement in this instant matter and not collection of a judgment does not make a difference. If he is seeking to enforce a lien on the proceeds of this case *via* settlement, he must do so in this Court.

Pursuant to this Court's jurisdiction, Plaintiff requests that the *Notice* be stricken from the record and held for naught so that she may proceed to effectuate the settlement reached with the City of Columbus on September 27, 2019.

                                                Respectfully Submitted,

                                                /s/ *Chase A. Mallory*
                                                Chase A. Mallory (0084728)
                                                Chase@SabolMallory.com
                                                SABOL MALLORY, LLC
                                                743 South Front Street
                                                Columbus, Ohio 43206
                                                phone: (614) 300-5088
                                                fax: (614) 636-4545

                                                /s/ *Daniel J. Sabol*
                                                Daniel J. Sabol (0081403)
                                                Dan@SabolMallory.com
                                                SABOL MALLORY, LLC
                                                743 South Front Street
                                                Columbus, Ohio 43206
                                                phone: (614) 300-5088
                                                fax: (614) 636-4545

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

Attorneys for the Plaintiff

## **CERTIFICATE OF SERVICE**

  I certify that October 18, 2019, a true and exact copy of the above and foregoing document was served to the following counsel via: ☐ U.S. first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, ☒ e-mail, ☐ hand delivery:

Larry H. James
Christopher R. Green
Crabbe, Brown & James LLP
500 S. Front St., Suite 1200
Columbus, Ohio 43215
Direct Dial: 614-229-4563
cgreen@cbjlawyers.com

Westley M. Phillips
Assistant City Attorney
Columbus City Attorney's Office
(614) 645-6959
(614) 645-6949 (fax)
wmphillips@columbus.gov
77 North Front Street
Columbus, Ohio 43215

Tom Warren
Pierce Bainbridge Beck Price & Hecht LLP
30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124
(216) 302-7487

              /s/ *Guy A. Fortney*