# AFFIDAVIT OF CHASE MALLORY

**COUNTY OF FRANKLIN** )
                                ) SS.
**STATE OF OHIO**         )

    Affiant, Chase Mallory, Counsel for Plaintiff Stephanie Clifford, being first sworn upon his oath, states:

1. That I am Counsel of Record for Plaintiff Stephanie Clifford in Case No. 2:19-CV-119 pending in United State District Court for the Southern District of Ohio, Eastern Division and am competent to testify to the matters stated herein.

2. That in the early morning hours of July 12, 2018, I was contacted by Michael Avenatti who informed me that a client of his, Stormy Daniels a.k.a. Stephanie Clifford, Plaintiff herein, had been arrested by the Vice Unit of the Columbus Police Department and he needed local counsel to handle the criminal matter.

3. I informed Mr. Avenatti that our fee was $5,000.00 and he agreed to the same. He indicated he wanted me to work a plea out as quickly as possible.

4. After reviewing the Ohio statute under which Ms. Clifford was charged, I concluded that the City would not be able to prove the elements of the offense for which Ms. Clifford was charged. I informed Mr. Avenatti that rather than working out a plea, our firm believed we should seek a dismissal of the charge.

5. I immediately contacted the prosecutor and after numerous communications my partner, Dan Sabol, and I were successful in getting the charges dismissed 13 hours after her arrest.

6. The charges were dropped and there was a discussion about going forward with a civil rights lawsuit on Ms. Clifford's behalf. I informed Mr. Avenatti that if we were going forward on contingency fee basis that our Rules of Professional

EXHIBIT B

Responsibility require a written fee agreement between the parties outlining the terms of the agreement. I informed him of this on several occasions and requested a signed fee agreement with Ms. Clifford. Mr. Avenatti never told me that he had a fee agreement in the proposed civil rights claim.

7. On or around January 14, 2019, I was provided a draft of a complaint, emailed by Mr. Avenatti, to be filed on behalf of Ms. Clifford naming the individual officers involved in the arrest of Ms. Clifford.

8. Our firm informed Mr. Avenatti that we would not file the lawsuit until we verified with Ms. Clifford that she did in fact want the lawsuit to be filed. At the request of Mr. Avenatti, our firm filed the lawsuit after he provided a screenshot of text messages between himself and Ms. Clifford indicating she wanted the lawsuit filed. It was clear that Mr. Avenatti was not authorized to practice law in the State of Ohio. The complaint filed simply listed Mr. Avenatti as "applying pro hac." Mr. Avenatti never applied for nor was admitted *pro hac vice* in this matter.

9. I again reminded Mr. Avenatti that we needed a written contingency fee agreement to proceed.

10. I became aware in March of 2019, the professional relationship between Mr. Avenatti and Ms. Clifford was terminated.

11. Thereafter, I was contacted by Clark O. Brewster who was retained by Ms. Clifford to represent her. After speaking with Mr. Brewster, we agreed to continue in the matter acting as local counsel for Mr. Brewster and his firm. Both

2

Mr. Brewster and Mr. Fortney applied for and were granted *pro hac* appearances in the civil case.

12. A written fee agreement providing for a contingency fee, signed by Ms. Clifford and Mr. Brewster's firm, was ultimately provided to me. Included therein were the terms for a contingency fee division between the Brewster Firm and Sabol & Mallory.

13. In May of 2019, it became apparent that the complaint supplied by Mr. Avenatti's office was deficient in that it failed to name a material and necessary party, the City of Columbus. I worked with Guy A. Fortney of Brewster & De Angelis to amend the complaint in accordance with the court's scheduling order and name the City of Columbus as a necessary party.

14. I have never been provided a written contingency fee agreement between Mr. Avenatti and Ms. Clifford governing this matter.

15. I have never been made aware of the terms of any "oral" contingency fee agreement between Mr. Avenatti and Ms. Clifford, in fact, Mr. Avenatti never described any such agreement.

16. Mr. Avenatti never appeared as counsel of record for Ms. Clifford in either the criminal or civil matter.

FURTHER AFFIANT SAYETH NOT.

DATED THIS 10th day of October, 2019.

       */s/ Chase A. Mallory*
       Chase A. Mallory (0084728)
       Chase@SabolMallory.com
       SABOL MALLORY, LLC
       743 South Front Street
       Columbus, Ohio 43206
       phone: (614) 300-5088
       fax: (614) 636-4545

       ATTORNEY FOR PLAINTIFF

**Subscribed and sworn** to before me, the undersigned, a Notary Public in and for said County and State on this 18th day of October, 2019.

My Commission Expires:

May 12, 2024

My Commission Number:

ASPEN N. LaRUE
Notary Public, State of Ohio
My Commission Expires
May 12, 2024

4