IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | : : : : : : : : : : | CIVIL ACTION NO. 2:19-CV-00119<br><br>JUDGE: Watson<br><br>MAGISTRATE JUDGE: Deavers |
| Plaintiff, | | |
| v. | | |
| SHANA M. KECKLEY, et al. | | |

### MOTION FOR SANCTIONS UNDER FRCP 11

Plaintiff, STEPHANIE CLIFFORD, moves for an award of attorney fees as a sanction for the filing of a frivolous *"Notice of Lien for Attorneys' Fees and Costs"* filed by Michael Avenatti. [Dkt. No. 40].  The Notice is presented for the improper purpose to harass or to cause unnecessary delay or needless increase in the cost of litigation.  The lien sought by Mr. Avenatti is not warranted by existing law.

While Mr. Avenatti has "withdrawn" the lien, he still asserts an unfounded interest without legal basis to interfere in the settlement of the claims and payment of monies in this matter. Accordingly, Plaintiff files this Motion for sanctions after providing notice to Mr. Avenatti and his counsel that Plaintiff intended to file the request for sanctions more than 21 days ago.  The interference is more egregious now given the "withdrawal" of the lien and yet continued interference.

As outlined in Plaintiff's *Motion to Strike Notice of Lien* filed October 18, 2019 [Dkt. No. 41], the lien sought is not supported by any written contingency fee agreement as required under Ohio law and seeks payment for attorney fees and costs "in excess of $2,000,000." The *Notice* does

not provide any evidence that the claim for attorney fees and costs have been reduced to judgment as required to assert a charging lien under Ohio law.  By separate motion, Plaintiff seeks to strike the Notice from the record and held for naught.  The facts, arguments, and authorities contained within the challenge to the lien are adopted and incorporated here by reference.  In addition to the absence of any legal and factual basis for the lien, the Notice fails to inform the court of the following material facts which make the filing sanctionable under FRCP 11:

- The *Notice* fails to inform the Court that there is no written contingency fee contract between Mr. Avenatti and Ms. Clifford;

- The *Notice* fails to inform the Court that, in the absence of any written contingency fee agreement, Mr. Avenatti and Ms. Clifford had previously agreed that she would make a "one-time payment of $100.00" and all claims for fees and costs were conditioned upon the establishment of a legal defense fund by Avenatti and controlled by him.  (*See Attorney Fee Contract dated February 27, 2018,* attached as Ex. A.);

- The *Notice* omits to inform the Court that Mr. Avenatti has previously taken $592,415.00 from the legal defense fund Avenatti established at "crowdjustice.com."[1]  (*See Avenatti Letter dated November 30, 2018*, attached hereto as Ex. B);

- The *Notice* omits to disclose to the Court that Mr. Avenatti has been indicted in the USDC for the Southern District of New York for the conversion of approximately

---

[1] "CrowdJustice.com" is a crowdfunding site dedicated to helping people raise money for legal fees. News articles in May
of 2018 report that crowdjstuice.com had received "more than 14,000 donations have been made mostly anonymously in amounts ranging from $10 to $5,000." At that time, the funding sight had received almost $490,000.00 in donations which were directed to Mr. Avenatti for payment of his hourly legal services and costs as reflected in the Attorney Fee Contract attached as Ex. A.  https://apnews.com/bb2c2370046540aba7eabfcde03e519a

>    $300,000.00 from Ms. Clifford and the embezzlement of $148,000.00 for his personal use. (*See Indictment, US v. Michael Avenatti, 19-Crim 374* attached hereto as Ex. C);
>
> - The *Notice* fails to inform the Court that Mr. Avenatti proclaimed in a press release that "ALL fees and expenses of this case have either been funded by our client, Ms. Stephanie Clifford[2], or by donations from our crowdjustice.com page." (*See Statement Regarding Who is Paying Ms. Clifford's Legal Fees dated May 10, 2018*, attached hereto as Ex. D.

On November 30, 2018, Mr. Avenatti wrote to Ms. Clifford and stated, in accordance with the Attorney Fee Contract (*Ex. A*), he and his firm were working on several matters, including "the incident involving your false arrest in Columbus, Ohio." Mr. Avenatti acknowledged that he was paid $100.00 "up-front" by Ms. Clifford, and they would receive their "standard hourly rates from any legal fund we established relating to the Trump related litigation." *Ex. B*.  The attorney fees *on all matters, including the Ohio litigation* on November 30, 2018, are represented to be 2,381 billable hours at the "standard hourly rate" for a total of $1,638,390.00.[3] Out-of-Pocket costs are stated at $637,434.18. *Ex. B*.  The letter re-asserts that the parties agreed that Mr. Avenatti was entitled to "recoup our standard hourly fees and out-of-pocket costs from this fund." *Ex. B*.  It does not make any demand for attorney fees and costs in excess of the $587,415.00 collected from the crowd funding site. *Ex. B*.  On February 19, 2019, Mr. Avenatti terminated the legal and professional relationship between him and Ms. Clifford.  *See* Letter dated February 19, 2019, attached as Ex. A to Dkt. 40, the "*Notice.*"  The letter does not make any demand for payment of

---

[2] Referring to the nominal $100.00 payment by Ms. Clifford.
[3] It would seem the standard hourly rate is $688.11 = 1,638,390.00/2,381.

attorney fees and costs, which may or may not have been outstanding. The silence on the issue is consistent with the agreement between Mr. Avenatti and Ms. Clifford a year earlier wherein they agreed she would pay $100.00, and all other attorney fees and costs would be paid out of any "legal defense fund."

The attorney fees and costs, claimed to be "in excess of $2,000,000," sought by Mr. Avenatti in the *Notice* are: (1) attorney fees in the amount of $1,638,390.00; and (2) costs in the amount of $637,434.18 referenced in the November 30, 2018 Letter. *Ex. B.* The proceeding also shows that several of the statements in the *Notice* are demonstrably false statements:

- Mr. Avenatti has never made any demand upon Ms. Clifford that she should pay millions of dollars in legal fees;

- Ms. Clifford has never maintained that she is a "celebrity" and therefore entitled to free legal services and costs;

- Mr. Avenatti has never confronted Ms. Clifford "with her repeated failure to pay." In fact, the November 30, 2108, letter is a direct result of the inquiry by Ms. Clifford as to where all of the funds raised by Avenatti in her name had gone;

- There are not "multiple agreements" requiring her to pay Mr. Avenatti or Avenatti & Associates, APC; and

- Ms. Clifford has accused him of theft, and he has been indicted by federal prosecutors for the theft. *See* Exhibit C.

## ARGUMENT AND AUTHORITIES

Rule 11 of the Federal Rules of Civil Procedure provides:

> **(b)** **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the

4

> best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11. "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* 496 US 384, 110 S.Ct. 2447, 2454(1990)(citations omitted). It is clear that the *"Notice of Lien for Attorneys' Fees and Costs"* [Dkt. No. 40] is without any legal basis in the absence of any written contingency fee agreement governing the matter under Ohio law. See Plaintiff's *Motion to Strike Notice of Lien* filed October 18, 2019 [Dkt. No. 41].

To the extent the *Notice* seeks to assert a lien "in excess of $2,000,000.00" without any showing that the amount has been reduced to judgment, the lien is invalid and should be held for naught. As outlined above, the frivolity and absurdity of the *Notice* is further established given the parties prior course of conduct governing the payment of fees and costs per the agreement dated February 27, 2018 (*Ex. A*) and Mr. Avenatti's acceptance of the funds from the crowdjustice.com as payment for services and costs rendered. (*Ex. B.*)

In light of the previous acceptance of crowd justice funding, the failure to have any written contingency fee agreement and/or reduction of any outstanding attorney fees and costs to judgment to assert in this matter, the purpose of the *Notice* is clear – to harass and cause unnecessary delay

5

and a needless increase in the cost of litigation for a "lien" that is not warranted by existing law or the facts in this matter.

 Plaintiff requests that the Court impose sanctions for the conduct of Mr. Avenatti and his Counsel and set this matter for hearing for a determination of reasonable attorney fees and costs as an appropriate sanction.

        Respectfully Submitted,

        /s/ *Chase A. Mallory*____
        Chase A. Mallory (0084728)
        Chase@SabolMallory.com
        SABOL MALLORY, LLC
        743 South Front Street
        Columbus, Ohio 43206
        phone: (614) 300-5088
        fax: (614) 636-4545


        /s/ *Daniel J. Sabol*
        Daniel J. Sabol (0081403)
        Dan@SabolMallory.com
        SABOL MALLORY, LLC
        743 South Front Street
        Columbus, Ohio 43206
        phone: (614) 300-5088
        fax: (614) 636-4545

        /s/ *Guy A. Fortney*
        Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
        Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
        BREWSTER & DE ANGELIS
        2617 East 21st Street
        Tulsa, OK 74114
        (918) 742-2021 - Telephone
        (918) 742-2197 - Facsimile

        ***Attorneys for the Plaintiff***

**CERTIFICATE OF SERVICE**

I certify that November 14, 2019, a true and exact copy of the above and foregoing document was served to the following counsel via:  ☐ US first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, XX e-mail, ☐ hand delivery:

Larry H. James
Christopher R. Green
Crabbe, Brown & James LLP
500 S. Front St., Suite 1200
Columbus, Ohio 43215
Direct Dial: 614-229-4563
cgreen@cbjlawyers.com

Westley M. Phillips
Assistant City Attorney
Columbus City Attorney's Office
(614) 645-6959
(614) 645-6949 (fax)
wmphillips@columbus.gov
77 North Front Street
Columbus, Ohio 43215

Tom Warren
Pierce Bainbridge Beck Price & Hecht LLP
30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124
(216) 302-7487

/s/ *Guy A. Fortney*