IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLIFFORD, | Case No. 2:19-cv-00119 |
| Plaintiff, | Judge Michael H. Watson |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| SHANA M. KECKLEY, *et al.*, | |
| Defendants. | |

**MICHAEL J. AVENATTI'S OPPOSITION TO PLAINTIFF STEPHANIE CLIFFORD'S MOTION FOR SANCTIONS UNDER FRCP 11**

**I.      INTRODUCTION**

Interested Party Michael J. Avenatti respectfully submits this opposition to Plaintiff Stephanie Clifford's Motion for Sanctions under FRCP 11 (the "Motion").

Ms. Clifford's motion for sanctions, which expressly seeks fees based on Mr. Avenatti's Notice of Lien for Attorneys' Fees and Costs, is itself sanctionable. Mr. Avenatti withdrew his Notice of Lien more than one week prior to Ms. Clifford's Motion and within the 21-day safe harbor of Rule 11. ECF 45. Indeed, the docket explicitly states that the filing was withdrawn. *See* ECF 40.

1

The Court should deny the motion and sanction Mr. Brewster and his client for this frivolous Rule 11 motion.

## II. ARGUMENT

### A. Mr. Avenatti Timely Withdrew His Notice of Lien Within the Time Accorded by Rule 11's Safe Harbor Provision

The Motion seeks sanctions for a filing that Mr. Avenatti timely withdrew one week earlier and within the 21-day safe harbor provision of Rule 11. That rule explicitly allows a party to withdraw a filing within 21 days after a party serves—but not files—a Rule 11 motion. *See generally* Fed. R. Civ. P. 11. Mr. Avenatti did just that.

On October 18, 2019, Ms. Clifford served Mr. Avenatti with her Rule 11 motion. 20 days later, on November 7, Mr. Avenatti filed his Notice of Pending Arbitration in which he explicitly stated that "[he] is withdrawing the Notice of Lien for Attorneys' Fees and Costs filed in this Court on October 3, 2019." ECF 45 at 2.

### B. Ms. Clifford Cannot Seek Sanctions Based on a Motion That Was Withdrawn Within the Safe Harbor.

Ms. Clifford cannot file a Rule 11 motion based on a filing that was withdrawn within the safe harbor period. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766–67 (6th Cir. 2014); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

Ms. Clifford argues that Mr. Avenatti "still asserts an unfounded interest" in the settlement in this matter. ECF 49 at 1. Yet Mr. Avenatti does not assert an interest in the settlement in this matter based on the Notice of Lien. Rather, Mr. Avenatti commenced an arbitration in California and filed a Notice of Pending Arbitration with this Court. *See* ECF 45.

In the Notice of Pending Arbitration, Mr. Avenatti notified the Court that he had a pending arbitration against Ms. Clifford and requested that Defendant City of Columbus deposit any settlement proceeds with the Court or in an escrow account until the pending arbitration was resolved. The purpose of the Notice was to ensure that the settlement proceeds would be available should Mr. Avenatti succeed in his arbitration against Ms. Clifford.

On November 14, 2019, the parties participated in a telephonic status conference with the Court regarding what to do with Ms. Clifford's settlement proceeds. During the hearing, counsel for Ms. Clifford indicated that it intended to contest the arbitration. The Court ordered the City of Columbus to deposit the settlement monies with the Court while the rights to the settlement proceeds are adjudicated. *See* ECF 50.

### B. Ms. Clifford Cannot Use A Sanctions Motion Directed to One Filing as a Backdoor Challenge to Another Filing.

Ms. Clifford argues that Mr. Avenatti's interest is improper because it "is not supported by any written contingency fee agreement as required under Ohio law." ECF 49 at 1. To the extent Ms. Clifford believes the Notice of Pending Arbitration is somehow improper, however, she must comply with the 21-day safe harbor as to *that* filing before seeking sanctions. This she has not done. She cannot circumvent the 21-day rule by attempting to bootstrap a later filing into a Rule 11 motion.

In any event, there is nothing improper about notifying the Court of a pending arbitration that may impact the right to the settlement proceeds in this case. California law, not Ohio law, governs the relationship between Ms. Clifford and Mr. Avenatti. Mr. Avenatti and Eagan Avenatti LLP are California residents. Mr. Avenatti represented Ms. Clifford against Mr. Trump in the Central District of California. The contract states that any dispute arising under the contract shall be resolved by binding arbitration before JAMS located in Los Angeles, California. Mr. Avenatti's representation of Ms. Clifford in the present matter was an oral amendment to this contract.

And under California law, an attorney can recover the reasonable value of his legal services even if there is no written contingency fee agreement. "Even where a written fee agreement is required and noncompliance renders the

4

agreement voidable by the client, the attorney may be entitled to a 'reasonable fee' for services rendered." Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2019) ¶ 1:347.1; *see also* Cal. Bus. & Prof. Code § 6147(b), 6148(c).

### III. CONCLUSION

The Court should deny Ms. Clifford's motion and award sanctions to Mr. Avenatti for having to respond to it.

Dated: December 3, 2019

Respectfully submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By: _____
Thomas D. Warren (77541)
30195 Chagrin Boulevard, Suite 210N
Pepper Pike, OH 44124
Telephone: (216) 370-7866
Email: twarren@piercebainbridge.com
Counsel for Michael Avenatti, Esq. and
Avenatti & Associates, APC

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed and served on all parties through the Court's CM/ECF filing system on December 3, 2019.

_____
Thomas D. Warren (77541)
Counsel for Michael Avenatti, Esq.
and Avenatti & Associates, APC