**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | : : : : : : : : : | CIVIL ACTION NO. 2:19-CV-00119  JUDGE:  Watson  MAGISTRATE JUDGE: Deavers |
| Plaintiff, | | |
| v. | | |
| SHANA M. KECKLEY, et al. | | |

**PLAINTIFF'S BRIEF AT THE REQUEST OF COURT
RE: ATTORNEY FEES**

Plaintiff, STEPHANIE CLIFFORD, at the request of the Court files her brief on the ability of her attorneys of record, Chase Mallory, Dan Sabol, Clark Brewster and Guy Fortney "to collect their fees before the Court adjudicates the interests of any other parties."  (Dkt. No. 50.)  Under long-standing law, the interest of her attorneys in their fees is superior to and unaffected by the unadjudicated interest in her award and settlement with the City of Columbus in the underlying litigation.  In support thereof, Plaintiff would show the Court the following:

On October 3, 2019, Michael Avenatti filed a "Notice of Lien for Attorneys' Fees and Costs" asserting a "lien" on the settlement proceeds in the amount of $2,000,000.00 (Dkt. No. 40). He did not seek fees for legal services which solely arose out of the instant litigation but simply asserts a lien "for millions of dollars in legal fees and costs she has enjoyed for her benefit over the last approximate 19 months, including this case."  On October 18, 2109, Plaintiff filed a motion to strike the lien as frivolous unsupported by law.  On November 7, 2019, Dkt. No. 45, Avenatti "withdrew" his asserted lien but nonetheless continues to appear before this persisting in his claim

to an interest based on an unadjudicated fee dispute. He is currently pursuing his claim in private arbitration.[1] Most recently, Avenatti has described himself as an "interested party" merely providing notification of a dispute between him and the Plaintiff pending arbitration. Dkt. No. 52 at p. 4. Nothing about his status as an "interested party" allows him to intervene and request the Court hold any of the settlement funds, including the attorney fees portion, in escrow. Having chosen to pursue his claim in private arbitration, he cannot assert any interest in the settlement award at this time which would prevent the payment of monies to Plaintiff or her attorneys.

On November 6, 2019. Dkt. No. 43, Mr. Donald J. Trump intervened as an interested party to assert a judgment lien on the settlement proceeds claiming that a December 11, 2018, "CIVIL MINUTES - GENERAL" in U.S. District Court for the Central District of California, constitutes a "judgment." *Clifford v. Trump,* Case No. CV 18-06893-SJO, Dkt. No. 46. The Ninth Circuit has long held that "Civil Minutes—General" or "minute order[s]" are not judgments or appealable orders. *Radio Tele. Espanola SA v. New World Ent'mt*, 183 F.3d 922, 930-932 (9th Cir. 1999). Under that court's local rules, "minute orders" are not judgments, nor can a court clerk, acting alone, without affirmative approval by the court, enter final judgment. Under Ninth Circuit precedent and the California's federal court's local rules, there was never a judgment issued. *See* Local Rules for the Central District of California, L.R. 58-6.[2] Mr. Trump and Mr. Avenatti's status is the same: interested parties who do not present any cognizable claim to this Court which would

---

[1] A question has arisen as to whether Mr. Avenatti may even pursue any claim in arbitration as he may not be the proper party. The alleged contract between Avenatti and Ms. Clifford is on behalf of several entities including Eagan Avenatti, LLP. On September 13, 2019, in U.S. Bankruptcy Court for the Central District of California, Eagan Avenatti, LLP filed a Form 201, Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 7 seeking liquidation for distribution to unpaid creditors. In re: *Eagan Avenatti, LLP*, Case. No. 8:19-bk-13560-CB, Dkt. No. 1 and 2. Stephanie Clifford is a listed creditor. To the extent any fees are owed, which is disputed by Plaintiff, Eagan Avenatti, LLP would be a necessary and possible dispositive party to any arbitration.

[2] L.R. 58-6 Entry of Judgment - Memorandum of Decision, Opinion, Minute Order. Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge.

require the sequestration of any settlement funds by the Court. For further argument on that issue, Plaintiff adopts and incorporates by refence her *Motion to Strike Notice of Lien* filed October 18, 2019, Dkt. No. 41, and *Plaintiff's Motion to Annul or Vacate the Registered Judgment Filed by Donald J. Trump* filed November 13, 2019, Dkt. No. 47.

    **A.    Neither Mr. Trump's nor Mr. Avenatti's claims or interest can prevent the payment of attorney's fees herein.**

Notwithstanding the claims of Mr. Trump or Mr. Avenatti, neither can prevent the payment of attorney fees to Plaintiff's counsel of record, Mssrs. Chase Mallory, Dan Sabol, Clark Brewster and Guy Fortney pursuant to the written contingency fee agreement between plaintiff and her attorneys. Mr. Avenatti's claim is being pursued in private arbitration and is inchoate and underdetermined.

Mr. Trump's claim, while equally invalid, cannot be asserted against the attorney fee portion of the settlement. Under Ohio law, Mr. Trump cannot assert any cognizable interest which is superior to that of Plaintiff's attorneys. *See Charles Gruenspan Co., LPA v. Thompson*, 8th Dist. Cuyahoga No. 80748, 2003-Ohio-3641, 2003 WL 21545134, and *Meros v. Rorapaugh*, 8th Dist. Cuyahoga No. 77611, 2000 WL 1739297 (Nov. 22, 2000).

> In *Gruenspan*, Attorney Charles Gruenspan ("Gruenspan") initiated an accounting malpractice lawsuit on behalf of his clients against his clients' accountants. On the eve of trial, Gruenspan's clients terminated his services and retained new counsel, who settled their lawsuit with the accountants. Gruenspan then sued his former clients and their accountants for legal fees owed. The *Gruenspan* court found that Gruenspan had a right to enforce his equitable lien against his former clients for legal fees he was contractually entitled to prior to the termination of his services, but he could not enforce his lien against the accountants (the third party). *Id.* at ¶ 52–53. The court reasoned, Gruenspan's "contractual right to fees earned prior to the termination of his legal services did not translate into an equitable lien against the [third-party accountants]." *Id.* at ¶ 52.

3

> In *Meros*, Attorney Thomas Meros ("Meros") obtained a judgment against Grange Mutual Insurance ("Grange") for his clients. Grange paid the judgment without naming Meros as a copayee on the check. To recover his attorney fees, Meros sued both his clients and Grange. Meros subsequently settled with his clients regarding his claim for attorney fees. Grange moved to dismiss Meros's case, arguing that Meros's settlement with his clients extinguished any claim he might have against Grange. The trial court granted Grange's motion. On appeal, we affirmed the trial court's judgment. *Id.* at *7. The court found that Meros enjoyed an equitable lien on the settlement funds by virtue of his having rendered professional legal services pursuant to a contingency fee contract with his clients. *Id.* We went on to state that, in order to enforce that lien, Meros's remedy was through his clients, not through Grange. *Id.* at 7.

*Kisling, Nestico & Redick, L.L.C. v. Progressive Max Ins. Co.,* 2018-Ohio-1207, ¶¶ 21-22, 110 N.E.3d 681, 687, *appeal allowed,* 2018-Ohio-3026, ¶¶ 21-22, 153 Ohio St. 3d 1451, 103 N.E.3d 830. Both cases are equally applicable here and stand for the clear rule that any interest by lien or judgment in the nature of Mr. Trump's can only be asserted against the client's portion of the funds. To the extent Mr. Trump has any cognizable interest, which plaintiff contends he does not, it is against Plaintiff alone and cannot prevent the payment of attorney fees to her counsel of record per the written the contingency fee agreement. "[W]here the parties have contracted that the attorney shall receive a specified amount of the recovery, such agreement will operate as an equitable lien in favor of the attorney." *Mancino v. City of Lakewood,* 36 Ohio App. 3d 219, 224, 523 N.E.2d 332, 337 (1987) (citations omitted). Such equitable liens are superior to that of other creditors, such as Mr. Trump. *Kisling, Nestico & Redick, L.L.C.,* 110 N.E.3d at 686.

Accordingly, while the Court has directed the payment of the settlement amount in whole to Clerk of the Court, the Court should direct the payment of attorney fees pursuant to the contingency fee contract between the parties as neither interested party has any cognizable interest which is superior to Plaintiff's attorneys. Such payment should proceed without awaiting the

adjudication of Mr. Avenatti's *withdrawn* lien and Mr. Trump's alleged award of attorney fees in a California court.

Upon, an Order in favor of payment of attorney fees, Plaintiff's attorneys will present the contingency contract including costs incurred during the course of litigation for an Order of the Clerk directing payment to Plaintiff's attorneys.

Plaintiff requests that the Court direct the Court of Clerk to issue payment to Plaintiff's attorneys upon presentation of the written contingency fee contract and proof of costs in accordance with the parties agreement.

                                          Respectfully Submitted,

/s/ *Chase A. Mallory*
Chase A. Mallory (0084728)
Chase@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile
***Attorneys for the Plaintiff***

5

## **CERTIFICATE OF SERVICE**

I certify that December 9, 2019, a true and exact copy of the above and foregoing document was served to the following counsel via:  ☐  US first-class mail, with postage pre-paid, ☐ Certified Mail, Return Receipt Requested, ☐ facsimile, <u>XX</u> e-mail, ☐ hand delivery:

Larry H. James
Christopher R. Green
Crabbe, Brown & James LLP
500 S. Front St., Suite 1200
Columbus, Ohio 43215
Direct Dial: 614-229-4563
cgreen@cbjlawyers.com

Westley M. Phillips
Assistant City Attorney
Columbus City Attorney's Office
(614) 645-6959
(614) 645-6949 (fax)
wmphillips@columbus.gov
77 North Front Street
Columbus, Ohio 43215

Tom Warren
Pierce Bainbridge Beck Price & Hecht LLP
30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124
(216) 302-7487


DAN J. BINAU
EMILY J. JACKSON
Harris, McClellan, Binau & Cox P.L.L.
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: (614) 464-2572
Facsimile: (614) 464-2245
E-Mail: dbinau@hmbc.com
ejackson@hmbc.com


                                          /s/ *Guy A. Fortney*