IN THE UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE CLIFFORD : | |
| : | |
| Plaintiff, : | Case No. 2:19-cv-00119 |
| : | |
| v. : | Judge Michael H. Watson |
| : | Magistrate Judge Elizabeth Preston Deavers |
| SHANA M. KECKLEY, ET AL. : | |
| : | |
| Defendants. : | |

**JUDGMENT CREDITOR DONALD J. TRUMP'S RESPONSE TO
PLAINTIFF STEPHANIE CLIFFORD'S BRIEF AT THE REQUEST OF COURT
RE: ATTORNEY FEES**

Judgment Creditor Donald J. Trump ("Mr. Trump") submits the following Response to Plaintiff Stephanie Clifford's ("Ms. Clifford") brief regarding her attorneys' claim to the settlement funds deposited with the Court:

**I.     INTRODUCTION**

Ms. Clifford's attorneys have failed to establish any interest in the settlement funds, much less priority to collect their purported fees and costs ahead of Mr. Trump, who holds a valid, final judgment against Ms. Clifford.

*First,* Ms. Clifford's assertion that the Central District of California Order granting Mr. Trump's Motion for Attorneys' Fees and awarding him $293,052.33 against Ms. Clifford is not a final judgement is wrong and contrary to settled law.  Federal Rule of Civil Procedure 58 unambiguously provides that an order on a motion for attorneys' fees is itself a judgment and does not need to be reduced into a separate document.  The authorities cited by Ms. Clifford are inapposite because they are based upon the prior version of Rule 58, before it was amended in 2002 to provide that no separate document is required for attorneys' fees motions.  Following this

amendment, Courts have universally held that an attorneys' fees order, like the one herein, is itself a judgment. *See e.g., S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161 (9th Cir. 2014); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41-42 (2d Cir. 2013). Further, the judgment is final because the time for Ms. Clifford to appeal it has long since expired. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, … the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.")

***Second*,** Ms. Clifford's assertion that her attorneys have a lien against the settlement funds, based on the existence of a purported contingency fee agreement, fails as a matter of law. Under Ohio law, Ms. Clifford's attorneys have the burden of establishing the existence of a valid contingency agreement with her (*i.e.* by submitting a copy of the agreement into evidence) as a prerequisite to establishing a charging lien against settlement funds. "[A] naked affidavit by an attorney, without a copy of the agreement of the parties or an affidavit of the attorney's client admitting to a contingent fee agreement, **is insufficient as a matter of law** to operate as proof of an equitable lien in favor of the attorney." *Minor Child of Zentack v. Strong*, 83 Ohio App. 3d 332, 335 (1992) (emphasis added). Ms. Clifford's attorneys ignore this requirement and instead improperly ask the Court to "direct" the clerk to pay them an undisclosed amount of fees and costs, and only then will they submit a copy of the purported contingency agreement and evidence of costs. Ms. Clifford's attorneys are putting the cart before the horse. Ms. Clifford is required by law to submit evidence of a purported agreement and costs, so that the Court and Mr. Trump may ascertain the validity of Ms. Clifford's attorneys' purported interest in the settlement funds, before any potential disbursement of these fees can be made to them.

Accordingly, Mr. Trump respectfully requests that the Court deny Ms. Clifford's attorneys' request to collect an undisclosed amount of fees and costs from the settlement funds. In the

alternative, Mr. Trump requests that the Court order Ms. Clifford's attorneys to submit to the Court and all other parties a full copy of any purported contingency fee agreement and a detailed description of all costs they assert they are entitled to recover from the settlement fund (to ensure these costs are related to this specific action), and permit Mr. Trump and any other interested parties to submit a response to the Court after having an opportunity to review the same.

## II. PERTINENT FACTS

On April 30, 2018, Ms. Clifford filed a Complaint against Mr. Trump in the United States District Court, Southern District of New York, which asserted a single claim for defamation (the "Defamation Action"). [*See* SDNY Case No. 18-CV-03842, Dkt. No. 1.] On August 8, 2019, the Defamation Case was transferred to the United States District Court, Central District of California, the Honorable S. James Otero presiding. [*See* CDCA Case No. 18-CV-06893, Dkt. No. 20.]

On August 27, 2018, Mr. Trump filed a Motion to Dismiss/Strike Plaintiff's defamation claim pursuant to Texas Anti-SLAPP law (the "Motion to Strike"). [*See* CDCA Case No. 18-CV-06893, Dkt. No. 28.] After the Motion was fully briefed and oral argument heard, Judge Otero granted Mr. Trump's Motion to Strike on October 15, 2018. [*See* CDCA Case No. 18-CV-06893, Dkt. No. 36.]

On October 29, 2018, Mr. Trump filed a Motion for Attorneys' Fees and Monetary Sanctions. [*See* CDCA Case No. 18-CV-06893, Dkt. No. 39.] On December 11, 2018, Judge Otero issued an Order awarding Mr. Trump a total of **$293,052.33** in attorneys' fees and sanctions (the "Attorneys' Fees Order"). [*See* CDCA Case No. 18-CV-06893, Dkt. No. 46; Ex. A to the Declaration of Dan Binau (the "Binau Dec.").]

On October 8, 2019, Mr. Trump duly registered a certified copy of the Attorneys' Fees Order as a Foreign Judgment with the United States District Court, Southern District of Ohio, and

provided notice of the same in the instant case. [*See* SDOH Case No. 19-MC-00047, Dkt. No. 1; SDOH Case No. 19-CV-00119, Dkt. No. 43.] On November 13, 2019, Ms. Clifford filed a Motion to Vacate Mr. Trump's registration of the Attorneys' Fees Order as a registered judgment on the grounds that the Order purportedly did not constitute a final judgment. [SDOH Case No. 19-CV-00119, Dkt. No. 47.]

Following a status conference between all parties, including the interested parties of Mr. Trump and Michael Avenatti, this Court entered an Order on November 18, 2019 directing the parties to brief the narrow issue of whether Ms. Clifford's current attorneys "should be able to collect their attorney's fees before the Court adjudicates the interests of any other parties," and stayed briefing on Ms. Clifford's Motion to Vacate, among other issues, until resolution of the aforementioned issue. [SDOH Case No. 19-CV-00119, Dkt. No. 50.] The Court also ordered that the underlying settlement proceeds be deposited with the Clerk. [*Id.*]

On December 3, 2019, Defendant City of Columbus deposited the settlement funds in the amount of $450,000 with the Clerk. [SDOH Case No. 19-CV-00119, Dkt. No. 53.]

### III. THE ATTORNEYS' FEES ORDER IS A PROPERLY REGISTERED FINAL JUDGMENT[1]

All that is required to duly register a foreign judgment is a (i) judgment (ii) that has become final by appeal or expiration of the time for appeal. 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and

---

[1] Although this issue is outside of the scope of the briefing requested by the Court in its November 18, 2019 Order and the Court stayed briefing on Clifford's Motion to Vacate, Clifford's instant brief again argues that the Attorneys' Fees Order is not a valid judgment and incorporates the arguments made in her Motion to Vacate. As such, Mr. Trump addresses these arguments herein. Mr. Trump also reserves the right to further brief the issue at a later time in connection with the Motion to Vacate, if necessary.

{00105497;1} 4

may be enforced in like manner." *Id.* These requirements have been satisfied because the Attorneys' Fees Order is a valid, final judgement.

### A. The Attorneys' Fees Order Is A Valid Judgment

Ms. Clifford's assertion that the Attorneys' Fees Order is not a final judgment is incorrect and directly contradicts Federal Rule of Civil Procedure 58. Rule 58, as amended in 2002, sets forth the procedures for entry of judgment and provides that a judgment for attorneys' fees need not be set out in a separate document. Fed. R. Civ. Proc. 58(a)(3). "[S]ince 2002, Rule 58(a)(3) has provided that no separate document is required 'for an order disposing of a motion for attorney's fees under Rule 54.'" *Feldman v. Olin Corp.*, 673 F.3d 515, 516 (7th Cir. 2012). The *Feldman* Court further explained that the "no separate document" rule is not limited to attorneys' fees specifically awarded pursuant to Federal Rule of Civil Procedure 54:

> Rule 54 does not create a right to seek attorneys' fees. The right must come from somewhere else… All that the reference in Rule 58(a)(3) to "an order disposing of a motion for attorney's fees *under* Rule 54" can sensibly be understood to mean is that Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required. **Rule 58 should not be read to mean that some motions for awards of attorneys' fees are "under" Rule 54 and others are "under" something else and therefore require a separate judgment document to start the 30–day appeal time running.**

*Id.* at 517 (emphasis added).

"[A]s a general matter, parties may not move for entry of a separate judgment document on an award for attorney's fees pursuant to Rule 58(d) because that Rule only allows parties to move for the entry of a separate judgment document 'as required by Rule 58(a)' and because 58(a) exempts awards of attorney's fees from the separate judgment document requirement." *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 2018 WL 4682012, at *2 (S.D.N.Y. 2018).

Accordingly, courts routinely hold that an order on a motion for attorneys' fees, like Judge Otero's Attorneys' Fees Order, is a final judgment. *See S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161-1162 (9th Cir. 2014) (holding that the lower court's order granting plaintiff's motion for attorneys' fees, rather than a subsequently filed formal separate document, was the judgment from which time to appeal began to run); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41-42 (2d Cir. 2013) (same); *Feldman v. Olin Corp.*, 673 F.3d 515, 516-517 (7th Cir. 2012) (same); *Yue v. Storage Tech. Corp.*, 2008 WL 4665846, at *1 (N.D. Cal. Oct. 21, 2008) (declining to enter separate formal judgment because the order adopting the Magistrate's Report and Recommendation granting defendants' motion for attorneys' fees *was the judgment* from which they could collect their fees); *see also Padgett v. Loventhal*, 2015 WL 6449389, at *1 (N.D. Cal. 2015) ("When disposing of a motion for attorney's fees under Federal Rule of Civil Procedure 54, a separate document setting out judgment is not required. Fed. R. Civ. P. 58(a). **Therefore, the district court's order ruling on the issue of attorney's fees triggers the 30-day period for filing a notice of appeal**.") (Emphasis added).

Ms. Clifford cites no valid authority contrary to this settled law. *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922 (9th Cir. 1999), which Ms. Clifford cites in support of her assertion that the Attorneys' Fees Order is not a valid judgment, involved an order on a motion for summary judgment, not an order awarding attorneys' fees. *Id.* at 926. Moreover, the ruling was based on the prior version of Rule 58, which required that **all** judgments be set forth on a separate document, before it was amended in 2002 to add the "no separate document" rule, which included orders on motions for attorneys' fees. *Id.* at 930. *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186 (9th Cir. 1989) involved a civil minute entry regarding the dismissal of a case prior to the 2002 amendment to Rule 58, and thus is also inapplicable. *Id.* at 1189.

Ms. Clifford's reliance on Central District of California Local Rule 58-6 is equally unavailing. Local Rule 58-6 provides: "Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge." The Ninth Circuit in *Radio Television Espanola S.A. v. New World Entm't, Ltd*. held that the procedure set forth in this Local Rule **is not applicable** where judgment is properly entered in compliance with Rule 58. Thus, Judge Otero's Attorneys' Fees Order is in compliance with Local Rule 58-6 since the Order itself is the judgment under Rule 58. 183 F.3d at 931, n.1. Courts in the Central District of California have held that, following the 2002 amendment to Rule 58 containing the "no separate document" rule, orders on motions for attorneys' fees are valid, enforceable judgments without running afoul of Local Rule 58-6. *See e.g., S.L. ex rel. Loof v. Upland Unified Sch. Dist*., 747 F.3d 1155, 1161 (9th Cir. 2014) (holding Central District's order on motion for attorneys' fees was judgment entered as of the date it was entered on the docket); *Condon v. Condon*, 2008 WL 11338132, at *1, n.1, *7 (C.D. Cal. 2008) (issuing minute order granting motion for attorneys' fees but declining moving party's request that award be set out in separate judgment because Rule 58 provides that separate document not required).

Ms. Clifford's reading of the Local Rule disregards the foregoing legal authorities and directly conflicts with the explicit "no separate document" provisions set out by Rule 58, and also ignores the principle that local rules cannot conflict with federal statutes and rules. *See* Fed. R. Civ. Proc. 83(a); *E.E.O.C. v. U.S. Bakery*, 2003 WL 23538023, at *2 (D. Or. Nov. 20, 2003), citing *Mutual Fund Investors, Inc. v. Putnam Mgmt*. 553 F.2d 620, 625 (9th Cir.1977) ("A court's local rule is invalid if it conflicts with the Federal Rules of Civil Procedure.").

In any event, even if Ms. Clifford's incorrect reading of Local Rule 58-6 were adopted and judgment was not entered at the time Judge Otero entered the Attorneys' Fees Order because a separate document was required, Rule 58 provides that where a separate document is required but not entered, judgment is still entered **150 days** following the pertinent entry on the civil docket. Fed. R. Civ. Proc. 58(c)(2)(B).  Thus, even if Ms. Clifford's assertion that Local Rule 58-6 prevented entry of judgment on the date the Attorneys' Fees Order was entered on the docket (December 11, 2018) were adopted (which it should not), judgment still would have been entered as of 150 days later— **May 10, 2019**.

As such, the Attorneys' Fees Order was a valid judgment at the time of registration in this District on October 8, 2019.

## B. The Attorneys' Fees Order Is Final Because The Time To Appeal Has Expired

The Attorneys' Fees Order is a separately appealable judgment.  *See e.g. S.L. ex rel. Loof v. Upland Unified Sch. Dist.,* 747 F.3d 1155, 1161-1162 (9th Cir. 2014); *Fender Musical Instruments Corp. v. Swade*, 772 F. App'x 282, 286-287 (6th Cir. 2019).  "In a civil case…the notice of appeal…must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  This time limit is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978). "A judgment or order is entered for purposes of this Rule if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)."  Fed. R. App. P. 4(a)(7)(A)(i).

Here, the Attorneys' Fees Order was entered on the docket on December 11, 2018, and if Ms. Clifford wished to appeal the Order, she was required to file a notice of appeal no later than January 10, 2019.  It is undisputed that Ms. Clifford did not file a notice of appeal of the Attorneys'

Fees Order by that date or any time thereafter, and thus the time for her to appeal the Order has expired, rendering the order final. *See, Perez v. AC Roosevelt Food Corp.,* 744 F.3d 39, 41-42 (2d Cir. 2013) (dismissing appeal of order granting plaintiff's motion for attorneys' fees as untimely because notice of appeal not within 30 days of date order granting motion was entered on docket); *S.L. ex rel. Loof v. Upland Unified Sch. Dist.*, 747 F.3d 1155, 1161-1162 (9th Cir. 2014) (same).[2]

Accordingly, Mr. Trump has properly registered a final judgment (*i.e.* the Attorneys' Fee Order) in compliance with 28 U.S.C. § 1963.[3]

## IV. MS. CLIFFORD'S ATTORNEYS HAVE NOT ESTABLISHED ANY INTEREST IN THE SETTLEMENT FUNDS

There is no statute in Ohio that permits an attorney's lien on a judgement or award, however, "[a] special or charging lien may be created by an express agreement on the part of the client that the attorney shall have a lien for his compensation on the amount recovered." *Kisling, Nestico & Redick, L.L.C. v. Progressive Max Ins. Co.*, 110 N.E.3d 681, 685 (Ohio Ct. App.), appeal allowed, 153 Ohio St. 3d 1451 (2018); *Mancino v. City of Lakewood,* 36 Ohio App. 3d 219, 223-224 (1987). The scope of a charging lien is limited to the fees and costs specifically related to the matter generating the funds—a charging lien cannot be used by an attorney to obtain

---

[2] This result would be the same even if Clifford's incorrect interpretation of Local Rule 58-6 were adopted—Clifford would have been required to file a notice of appeal no later than June 9, 2019 (150 days after the December 11, 2018 entry of the Attorneys' Fees Order plus 30 days), which she did not do. Fed. R. App. P. 4(a)(7)(A)(ii).

[3] Mr. Trump's request that Judge Otero enter a formal separate judgment on the Attorneys' Fees Order has no impact on the above analysis or change the fact that the Attorneys' Fees Order is a valid final judgment. *See S.L. ex rel. Loof.*, *supra,* 747 F.3d at 1161 ("[I]f, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period.") (Quotations omitted).

reimbursement for work performed in other matters. *See Petty v. Kroger Food & Pharmacy*, 165 Ohio App. 3d 16, 20 (2005) (affirming denial of attorney's charging lien against judgement in false arrest case for fees owed by client in separate traffic case); *Hill Hardman Oldfield, L.L.C. v. Gilbert*, 190 Ohio App. 3d 743, 748 (2010) (holding attorney could not establish charging lien against settlement in black mold case for fees owed for prosecuting other cases for client).

"This equitable right can be enforced by the courts only in proper cases and not in every case." *Minor Child of Zentack v. Strong*, 83 Ohio App. 3d 332, 334 (1992). "[A] party seeking equitable relief has the burden of providing the court of equity with every necessary evidence in aid of its contention." *Id.* at 335.

Accordingly, Ohio courts hold that, as a matter of law, an attorney must establish the existence of a valid contingency fee agreement with the client as a prerequisite to establishing a charging lien. "Insofar as a charging lien may be created by an express agreement on the part of the client, the attorney seeking equitable relief pursuant to his lien **must establish the existence of the contract between him and his client**. *Garrett v. City of Sandusky*, No. E-03-024, 2004 WL 1125157, at *4 (Ohio Ct. App. May 21, 2004) (holding attorney failed to establish charging lien because attorney's bare assertion of contingency fee agreement, without submitting document into evidence, was insufficient and "[t]he absence of the existence of an actual fee agreement is fatal to any claim the law firm may have had for attorney fees.") (Emphasis added). "[A] naked affidavit by an attorney, without a copy of the agreement of the parties or an affidavit of the attorney's client admitting to a contingent fee agreement, **is insufficient as a matter of law** to operate as proof of an equitable lien in favor of the attorney." *Minor Child of Zentack v. Strong*, 83 Ohio App. 3d 332, 335 (1992) (holding attorney affidavit alleging existence of contingency fee agreement was insufficient to establish charging lien) (emphasis added). *See also Rust v. Harris-Gordon,* No. L-

99-1287, 2000 WL 864465, at *2 (Ohio Ct. App. June 30, 2000) ("[A] mere assertion of the agreement, absent submission of a writing, is insufficient as a matter of law to give rise to the lien.").

Here, Ms. Clifford's attorneys have failed to meet their burden because they have not submitted a copy of any purported contingency agreement or evidence of any costs. Instead, they merely cite a handful of cases for the general proposition that a contingency fee agreement may create a charging lien in certain circumstances and request the Court to "direct" the clerk to pay them an undisclosed amount of fees and costs, and only then will they submit a copy of the purported contingency agreement and evidence of costs. Pursuant to settled law, Ms. Clifford's attorneys must submit this evidence as a prerequisite for such an order. Further, evidence of a purported agreement and costs, if any, is necessary for Mr. Trump to ascertain the validity of any claimed interest in the settlement funds by Ms. Clifford's attorneys, including but not limited to the validity of any purported agreement, whether the settlement funds herein are within the scope of the purported contingency agreement, and whether costs are recoverable under the agreement and directly related to this matter (since Ms. Clifford's primary attorney, Clark Brewster, represents her in several matters adverse to Mr. Trump).

A copy of the purported contingency fee agreement must be reviewed by the parties and the Court to determine if the fees are reasonable, equitable and constitute a charging order. *Ohio Willow Wood Company v. Alps South, LLC*, Case No. 2:04-cv-1223, United States District Court, S.D. Ohio, Eastern Division (June 20, 2019) and *Cohen v. Goldberger*, 109 Ohio St. 22 (Ohio 1923).

Accordingly, the Court should deny Ms. Clifford's attorneys' request since there is insufficient evidence before the Court supporting Ms. Clifford's attorneys' contention that they are entitled to a portion of the settlement fees which have been deposited with the Court. In the alternative, prior to authorizing any payment to Ms. Clifford's attorneys, Mr. Trump respectfully requests that the Court order Ms. Clifford's attorneys to submit to all other parties a full copy of any purported contingency fee agreement with Ms. Clifford, the facts surrounding the execution of said agreement and a detailed description of all costs they seek to recover from the settlement funds (to ensure these costs are related to this specific action), and permit Mr. Trump and any other interested parties to submit a response to the Court after having an opportunity to review the same.

Respectfully submitted,

*/s/ Dan J. Binau*
DAN J. BINAU (0025376), *Trial Attorney*
Harris, McClellan, Binau & Cox P.L.L.
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: (614) 464-2572
Facsimile: (614) 464-2245
E-Mail: dbinau@hmbc.com
Counsel for Judgment Creditor, Donald J. Trump

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed through the Court's CM/EFC filing system this 30th day of December, 2019, which shall serve a copy of the document upon all registered counsel of record.

*/s/ Dan J. Binau*
DAN J. BINAU (0025376)
Counsel for Judgment Creditor, Donald J. Trump