# Exhibit 1

# Demand for Arbitration Form

## Instructions for Submittal of Arbitration to JAMS

## INSTRUCTIONS

Please submit this form to your local JAMS Resolution Center. Once the below items are received, a JAMS professional will contact all parties to commence and coordinate the arbitration process, including the appointment of an arbitrator and scheduling a hearing date.

☎ **1-800-352-JAMS**

🖥 **www.jamsadr.com**

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS with the requested number of copies:

**A. Demand for Arbitration** *(2 copies)*

**B. Proof of service of the Demand on the appropriate party** *(2 copies)*

**C. Entire contract containing the arbitration clause** *(2 copies)*
- *To the extent there are any court orders or stipulations relevant to this arbitration demand, e.g. an order compelling arbitration, please also include two copies.*

**D. Administrative Fees**
- *For two-party matters, the Filing Fee is $1,500. For matters involving three or more parties, the filing fee is $2,000. The entire Filing Fee must be paid in full to expedite the commencement of the proceedings. Thereafter, a Case Management Fee of 12% will be assessed against all Professional Fees, including time spent for hearings, pre- and post-hearing reading and research and award preparation. JAMS also charges a $1,500 filing fee for counterclaims. For matters involving consumers, the consumer is only required to pay $250. See JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses. For matters based on a clause or agreement that is required as a condition of employment, the employee is only required to pay $400. See JAMS Policy on Employment Arbitrations, Minimum Standards of Fairness.*

- *A refund of $600 will be issued if the matter is withdrawn within five days of filing. After five days, the filing fee is non-refundable.*

**Once completed, please submit to your local JAMS Resolution Center.**

*Resolution Center locations can be found on the JAMS website at: http://www.jamsadr.com/locations/.*



# Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## TO RESPONDENT (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

Add more respondents on **page 6**.

| RESPONDENT NAME | Stephanie Clifford aka Stormy Daniels | | |
|---|---|---|---|
| ADDRESS | 1124 Glendon Drive | | |
| CITY | Forney | STATE Texas | ZIP 75126 |
| PHONE | FAX | EMAIL | |

RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | Chase A. Mallory | | |
|---|---|---|---|
| FIRM/COMPANY | Sabot Mallory, LLC | | |
| ADDRESS | 743 South Front Street | | |
| CITY | Columbus | STATE Ohio | ZIP 43206 |
| PHONE (614) 300-5088 | FAX (614) 636-4545 | EMAIL Chase@SabolMallory.com | |

## FROM CLAIMANT

Add more claimants on **page 7**.

| CLAIMANT NAME | Michael J. Avenatti | | |
|---|---|---|---|
| ADDRESS | 10000 Santa Monica Boulevard | | |
| CITY | Los Angeles | STATE California | ZIP 90067 |
| PHONE | FAX | EMAIL m@thefight.us | |

CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | Thomas D. Warren | | |
|---|---|---|---|
| FIRM/COMPANY | Pierce Bainbridge Beck Price & Hecht LLP | | |
| ADDRESS | 355 South Grand Avenue, 44th floor | | |
| CITY | Los Angeles | STATE California | ZIP 90071 |
| PHONE (213) 262-9333 | FAX | EMAIL twarren@piercebainbridge.com | |

# Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## MEDIATION IN ADVANCE OF THE ARBITRATION

☐ If mediation in advance of the arbitration is desired, please check here and a JAMS Case Manager will assist the parties in coordinating a mediation session.

## NATURE OF DISPUTE / CLAIMS & RELIEF SOUGHT BY CLAIMANT

CLAIMANT HEREBY DEMANDS THAT YOU SUBMIT THE FOLLOWING DISPUTE TO FINAL AND BINDING ARBITRATION.
A MORE DETAILED STATEMENT OF CLAIMS MAY BE ATTACHED IF NEEDED.

Claimant Michael Avenatti, Esq. previously represented Respondent Stephanie Clifford aka Stormy Daniels in connection with multiple legal matters, including but not limited to: (1) Clifford v. Keckley, Case No. 2:19-cv-00119 (S.D. Ohio); (2) Clifford v. Trump, Case No. 2:18-cv-2217 (C.D. Cal.); and (3) Clifford v. Trump, Case No. 2:18-cv-cv-06893 (C.D. Cal.). In connection with the matters, Ms. Clifford was obligated to pay Mr. Avenatti costs, expenses, and fees for the legal services he provided, as well as to ensure that various monies raised by way of a "Crowd Justice" web fundraising effort were paid to Mr. Avenatti as opposed to being used for Ms. Clifford's personal expenses. These obligations arose by way of: (1) one or more written agreements, including the agreement attached hereto as Exhibit A, various emails, text messages, and other written agreements, and (2) oral agreements reached between Mr. Avenatti and Ms. Clifford. Despite these obligations and the significant legal services and expenses provided for her benefit, Ms. Clifford has failed to adequately compensate and reimburse Mr. Avenatti. Instead, to date, Ms. Clifford has only directly paid Mr. Avenatti $100.00.

Mr. Avenatti has recently learned that Ms. Clifford has entered into a settlement agreement in the Clifford v. Keckley matter in which she will receive $450,000. See Exhibit B. Mr. Avenatti provided significant legal services in connection with this matter and is entitled to be compensated for his efforts and reimbursed for his expenses from the settlement proceeds. Despite this fact, Ms. Clifford and her counsel have failed to take reasonable steps to ensure that the Clifford v. Keckley settlement monies are preserved pending a determination of Mr. Avenatti's rights and the extent of Ms. Clifford's obligations to pay Mr. Avenatti.

Accordingly, Mr. Avenatti brings this action against Ms. Clifford for breach of contract and quantum meruit.

AMOUNT IN CONTROVERSY (US DOLLARS)  $2 million or more

# JAMS® Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows. *Please cite location of arbitration provision and attach* <u>*two copies*</u> *of entire agreement.*

**ARBITRATION PROVISION LOCATION**

Paragraph 7 of page 1 of the February 27, 2018 Attorney-Client Fee Contract (Exhibit A).

## RESPONSE

The respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. *Send the original response and counter-claim to the claimant at the address stated above with* <u>*two copies*</u> *to JAMS.*

## REQUEST FOR HEARING

**REQUESTED LOCATION**     Los Angeles, California

## ELECTION FOR EXPEDITED PROCEDURES (IF COMPREHENSIVE RULES APPLY)

See: *Comprehensive Rule 16.1*

☐     By checking the box to the left, Claimant requests that the Expedited Procedures described in JAMS Comprehensive Rules 16.1 and 16.2 be applied in this matter. Respondent shall indicate not later than seven (7) days from the date this Demand is served whether it agrees to the Expedited Procedures.

## SUBMISSION INFORMATION

**SIGNATURE**     _(signature)_     **DATE**     November 1, 2019

**NAME (PRINT/TYPED)**     Thomas D. Warren



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

Completion of this section is <u>required for all consumer or employment claims</u>.

## CONSUMER AND EMPLOYMENT ARBITRATION
Please indicate if this is a CONSUMER ARBITRATION. For purposes of this designation, and whether this case will be administered in California or elsewhere, JAMS is guided by *California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e)*, as defined below, and the JAMS Consumer and Employment Minimum Standards of Procedural Fairness:

☐ <u>YES</u>, this **is** a CONSUMER ARBITRATION.

☑ <u>NO</u>, this **is not** a CONSUMER ARBITRATION.

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

1. The contract is with a consumer party, as defined in these standards;
2. The contract was drafted by or on behalf of the non-consumer party; and
3. The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

1. An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;
2. An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;
3. An individual with a medical malpractice claim that is subject to the arbitration agreement; or
4. An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

In addition, JAMS is guided by its Consumer Minimum Standards and Employment Minimum Standards when determining whether a matter is a consumer matter.

If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.

## EMPLOYMENT MATTERS
If this is an EMPLOYMENT matter, Claimant must complete the following information:

Private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

☐ Less than $100,000    ☐ $100,000 to $250,000    ☐ More than $250,000    ☐ Decline to State

## WAIVER OF ARBITRATION FEES
In certain states (e.g. California), the law provides that consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the respondent must pay 100% of the fees. Consumers must submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information. Note: this requirement is not applicable in all states.



# Demand for Arbitration Form (continued)

Instructions for Submittal of Arbitration to JAMS

## RESPONDENT #2 (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

RESPONDENT
NAME

ADDRESS

CITY | STATE | ZIP

PHONE | FAX | EMAIL

### RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

REPRESENTATIVE/ATTORNEY

FIRM/
COMPANY

ADDRESS

CITY | STATE | ZIP

PHONE | FAX | EMAIL

## RESPONDENT #3 (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

RESPONDENT
NAME

ADDRESS

CITY | STATE | ZIP

PHONE | FAX | EMAIL

### RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

REPRESENTATIVE/ATTORNEY

FIRM/
COMPANY

ADDRESS

CITY | STATE | ZIP

PHONE | FAX | EMAIL



# Demand for Arbitration Form (continued)
## Instructions for Submittal of Arbitration to JAMS

## CLAIMANT #2

| CLAIMANT NAME | |
| --- | --- |

| ADDRESS | |
| --- | --- |

| CITY | STATE | ZIP |
| --- | --- | --- |

| PHONE | FAX | EMAIL |
| --- | --- | --- |

CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | |
| --- | --- |

| FIRM/COMPANY | |
| --- | --- |

| ADDRESS | |
| --- | --- |

| CITY | STATE | ZIP |
| --- | --- | --- |

| PHONE | FAX | EMAIL |
| --- | --- | --- |

## CLAIMANT #3

| CLAIMANT NAME | |
| --- | --- |

| ADDRESS | |
| --- | --- |

| CITY | STATE | ZIP |
| --- | --- | --- |

| PHONE | FAX | EMAIL |
| --- | --- | --- |

CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | |
| --- | --- |

| FIRM/COMPANY | |
| --- | --- |

| ADDRESS | |
| --- | --- |

| CITY | STATE | ZIP |
| --- | --- | --- |

| PHONE | FAX | EMAIL |
| --- | --- | --- |

# EXHIBIT A

# EXHIBIT A

**EAGAN AVENATTI, LLP**
**520 Newport Center Drive, Suite 1400**
**Newport Beach, CA 92660**
**(949) 706-7000**

**February 27, 2018**

**ATTORNEY-CLIENT FEE CONTRACT**

This ATTORNEY-CLIENT FEE CONTRACT (this "Agreement") is the written fee contract that California law requires lawyers to have with their Client. It is between Eagan Avenatti, LLP; Avenatti & Associates, APC and Michael J. Avenatti, Esq. (collectively, the "Attorney") on the one hand and Stephanie Clifford aka Stormy Daniels (collectively, the "Clients" and each a "Client"), on the other.

**1.     CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Clients return a signed copy of this Agreement.

**2.     SCOPE OF SERVICES.** Clients are hiring Attorney to represent Clients in connection with (a) providing Clients with counsel and advice relating to Clients prior negotiation and execution of various alleged agreements concerning Clients' prior relationship with Donald Trump; (b) providing Clients with counsel and advice concerning various media appearances; and (c) assisting Clients with voiding various alleged agreements concerning Clients' prior relationship with Donald Trump. Attorney will provide those legal services reasonably required to represent Clients and take reasonable steps to inform Clients of progress and to timely respond to Clients' inquiries. In addition, Attorney may at any time and at its discretion retain outside and/or local counsel, whose legal fees will be deducted from the fees received by Attorney and will be the sole and exclusive responsibility of Attorney.

**3.     CLIENT'S DUTIES.** Clients agree to be truthful with Attorney, to cooperate, to keep Attorney informed of developments, to abide by this Agreement, and to pay bills for reasonably incurred costs on time.

**4.     LEGAL FEES, COSTS AND BILLING PRACTICES.** For legal services rendered, Attorney will receive (a) an one-time payment of $100.00 and (b) Attorneys' standard hourly fees and out-of-pocket costs if a legal defense fund is established to benefit Clients and has sufficient funds to pay such fees and costs. In addition, in the event Attorney assists Clients in finalizing any book or media opportunity that results in Clients being paid, Attorney and Client agree that Attorney shall be entitled to a reasonable percentage to be agreed upon between Clients and Attorney.

**5.     NEGOTIABILITY OF FEES.** The rates set forth above are not set by law, but were negotiated between Attorney and Clients.

**6.     INSURANCE COVERAGE.** Attorney maintains errors and omissions insurance coverage applicable to the services to be rendered to Clients and will provide a certificate of insurance evidencing such coverage upon request.

**7.     ARBITRATION. Any dispute arising under this Contract or in connection with Attorney's services hereunder, including any claim by Clients against Attorney for malpractice or other tort claim, shall be resolved by binding arbitration before JAMS located in Los Angeles, California. Such arbitration shall be conducted in accordance with the arbitration rules and procedures of JAMS then in effect. Clients acknowledges that they have been fully advised of all of the possible consequences of arbitration including but not limited to:**

**EXHIBIT**

**A**

a. If a malpractice action arises from this Agreement, neither the Clients nor Attorney will have the right to a jury trial.
b. All parties retain the right to retain counsel to prepare their respective claims and/or defenses for the arbitration hearing.
c. Clients can choose or hire an attorney who may not request or whose retainer agreement does not contain an arbitration provision.

**8.   RELATED UNKNOWN MATTERS.** Clients represent that Clients do not know of any related legal matters that would require legal services to be provided under this Agreement. If such a matter arises later, Clients agree that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Clients desire Attorney to perform that additional legal work.

**9.   DISCHARGE AND WITHDRAWAL.** Clients may discharge Attorney at any time, upon written notice to Attorney, and Attorney will immediately after receiving such notice cease to render additional services in a manner that avoids foreseeable prejudice to Clients.

Attorney may withdraw from representation of Clients (a) with Clients' consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Clients.

**10.   CONCLUSION OF SERVICES.** After Attorney's services conclude, Attorney will, upon Clients' request, deliver Clients' entire file to Clients, along with any Client funds or property in Attorney's possession.

**11.   DISCLAIMER OF GUARANTEE.   Nothing in this Agreement and nothing in Attorney's statements to Clients before or after the signing of this Agreement will be construed as a promise or guarantee about the outcome of Clients' matter.   Attorney makes no such promises or guarantees. There can be no assurance that Clients will recover any sum or sums in this matter. Attorney comments about the likely outcome of Clients' claims are expressions of opinion only.**

**12.   EFFECTIVE DATE.** This Agreement will take effect when Clients have performed the conditions stated in Paragraph 1. The date at the beginning of this Agreement is for reference only.

"Attorney"

EAGAN AVENATTI, LLP; AVENATTI & ASSOCIATES, APC; MICHAEL J. AVENATTI

_____
Michael J. Avenatti

I have read and understood the foregoing terms and agree to them. By signing this Agreement, I further acknowledge receipt of a fully executed duplicate of this Agreement.

"Clients"

STEPHANIE CLIFFORD AKA STORMY DANIELS

_____
Stephanie Clifford aka Stormy Daniels

-2-

# EXHIBIT B

# EXHIBIT B

## RELEASE OF ALL CLAIMS AND INDEMNITY AGREEMENT

This is a release of all claims and an agreement to defend and indemnify entered into by Stephanie Clifford, also known as Stormy Daniels ("Plaintiff"), for and in consideration of the payment of **FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00)** made by the City of Columbus, Ohio. The terms of this Release and Agreement are more specifically described as follows.

## RECITALS AND TERMS

1.     The Incident. On July 11, 2018, Plaintiff was arrested at Sirens Gentlemen's Club by members of the Columbus Division of Police ("CPD") and charged with three counts of violating O.R.C. 2907.40(C)(2) Illegal Sexually Oriented Activity in a Sexually Oriented Business. The involved officers were Shana Keckley, Whitney Lancaster, Mary Praither, and Steven Rosser. Plaintiff was handcuffed, transported from the scene of the arrest, and slated at the Franklin County Jail following identification processing at CPD headquarters. She was released from custody on July 12, 2018 and her charges were dismissed that same day. These facts and circumstances ("the Incident") are more fully described in Plaintiff's First Amended Complaint filed in the lawsuit captioned *Stephanie Clifford v. Shana M. Keckley, et al.*, United States District Court Case No. 2:19-cv-00119 pending in the Southern District of Ohio ("the Lawsuit"). In the Lawsuit, Plaintiff alleges, among other things, that: (a) she was arrested and charged without probable cause in violation of her Fourth and Fourteenth Amendment rights; (b) the policy and practice of the City of Columbus was the moving force behind her arrest; and (c) she suffered damages. Plaintiff alleges that all sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Plaintiff alleges that these damages include

payment for the physical injuries, pain and suffering complained of in the Complaint during her arrest and detention including, but not limited to, observable bodily harm in the form of cuts and bruises to her wrists inflicted during the arrest and detention.

2.  <u>Payment</u>. For purposes of effecting a settlement with Plaintiff, and in consideration of the terms set forth in this Release and Agreement, the City of Columbus has agreed to deliver settlement proceeds in the total amount of **FOUR HUNDRED FIFTY THOUSAND DOLLARS ($450,000.00)**, without interest, in full settlement of all claims or potential claims that Plaintiff may have against any person in connection with the Incident. The settlement check will be delivered to Plaintiff's counsel, Sabol & Mallory, LLC. The settlement check will be made payable to Stephanie Clifford and Brewster & De Angelis, PLLC.

3.  <u>Subject to Columbus City Council Approval</u>.  Plaintiff understands and expressly agrees that this Release and Agreement is contingent upon the approval of Columbus City Council.

4.  <u>Dismissal and release</u>. Upon delivery of the aforementioned payment as described in Paragraph 2 of this Release and Agreement, Plaintiff shall dismiss with prejudice all claims she has made in the Lawsuit with the parties bearing their own costs. Additionally, Plaintiff releases, discharges, and by these presents does for herself, her heirs, executors, administrators and assigns, releases, acquits, and forever discharges the City of Columbus and any of its employees, agents, and officials, including, but not limited to, Shana Keckley, Whitney Lancaster, Terry Moore, Mary Praither, and Steven Rosser, and any other CPD officers involved in the Incident in any way whatsoever, and any and all other persons, firms, and corporations, whether herein named or referred to or not, of and from any and all past, present, future actions, causes of actions, claims, demands, damages, costs, attorney's fees, loss of services, loss of employment, loss of benefits, expenses, compensation, third party actions, suits of law or in equity, including claims for suits for

contributions and/or indemnity of whatever nature, and all consequential damage on account of or in any way growing out of the Incident.

5.    Duty to Defend and Indemnify. Plaintiff agrees that the City of Columbus and its employees, agents, and officials, including, but not limited to, Columbus Police Officers Shana Keckley, Whitney Lancaster, Terry Moore, Mary Praither, and Steven Rosser, and any other CPD officers involved in the Incident, are released and discharged from liability to all lien-holders of Plaintiff in connection with claims for damages relating to the Incident and that all such liens will be satisfied and discharged from the proceeds of this settlement by Plaintiff. Plaintiff agrees to defend, indemnify, and hold harmless the City of Columbus and any of its employees, agents, and officials, including, but not limited to, Columbus Police Officers Shana Keckley, Whitney Lancaster, Terry Moore, Mary Praither, and Steven Rosser, and any other CPD officers involved in the Incident, from all liens or derivative claims asserted against or through Plaintiff for damages by third parties relating to the Incident, including, but not limited to, attorney's liens, Medicare liens, Medicaid liens, Social Security liens, ERISA liens, Public Aid liens, Ohio Bureau of Workers Compensation liens, any subrogation claims that may be presented for payment of expenses for medical treatment incurred, and any claims by relatives or next-of-kin.

6.    No Admission of Liability. Plaintiff understands and agrees that this settlement is a compromise of disputed claims, and that the City of Columbus' payment is not to be construed as an admission of liability on the part of the City of Columbus, Columbus Police Officers Shana Keckley, Whitney Lancaster, Terry Moore, Mary Praither, or Steven Rosser, any other CPD officers involved in the Incident, or any other employee, agent, or official of the City of Columbus by whom liability is expressly denied.

7. Breach and Enforcement. Plaintiff agrees that any violation of the terms of this Release and Agreement may entitle the City of Columbus to injunctive relief for violation of the same. Any such violation may result in irreparable injury to the City of Columbus, for which there is no adequate remedy at law.

8. Miscellaneous. Plaintiff understands and expressly agrees that this Release and Agreement has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Release and Agreement, have been made by any person to induce or otherwise influence her to enter into this Release and Agreement. Plaintiff acknowledges that she has had the opportunity to seek the advice and benefit of legal counsel and have received such advice and benefit prior to executing this Release and Agreement.

9. Choice of Law/Forum. This Agreement shall be construed, enforced and governed in accordance with the laws of the State of Ohio. Any dispute pertaining to this Release and Agreement or its terms shall be litigated exclusively in the Franklin County, Ohio Court of Common Pleas.

10. Full Agreement. This Release and Agreement constitutes the entire agreement of Plaintiff and the City of Columbus, and may not be contradicted by evidence of any prior agreement, whether oral or written, or by any contemporaneous oral agreement. This Release and Agreement is a complete and exclusive statement of the terms of the agreement which may not be explained or supplemented by evidence of inconsistent additional terms.

4

Executed this ___17___ day of ___October___, 2019.

_____

Stephanie Clifford

**SWORN TO BEFORE ME** and subscribed in my presence this __17__ day of

___October___ 2019.

```
MARIELOU T RAY
Notary Public
State of Louisiana
Jefferson Parish
Statewide Jurisdiction
Notary ID # 86505
My Commission is for Life
```

_____

Notary Public

My Commission Expires: ___LIFE___

2 copies of
Entire
Agreement

**EAGAN AVENATTI, LLP**
**520 Newport Center Drive, Suite 1400**
**Newport Beach, CA 92660**
**(949) 706-7000**

**February 27, 2018**

**ATTORNEY-CLIENT FEE CONTRACT**

This ATTORNEY-CLIENT FEE CONTRACT (this "Agreement") is the written fee contract that California law requires lawyers to have with their Client. It is between Eagan Avenatti, LLP; Avenatti & Associates, APC and Michael J. Avenatti, Esq. (collectively, the "Attorney") on the one hand and Stephanie Clifford aka Stormy Daniels (collectively, the "Clients" and each a "Client"), on the other.

1. **CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Clients return a signed copy of this Agreement.

2. **SCOPE OF SERVICES.** Clients are hiring Attorney to represent Clients in connection with (a) providing Clients with counsel and advice relating to Clients prior negotiation and execution of various alleged agreements concerning Clients' prior relationship with Donald Trump; (b) providing Clients with counsel and advice concerning various media appearances; and (c) assisting Clients with voiding various alleged agreements concerning Clients' prior relationship with Donald Trump. Attorney will provide those legal services reasonably required to represent Clients and take reasonable steps to inform Clients of progress and to timely respond to Clients' inquiries. In addition, Attorney may at any time and at its discretion retain outside and/or local counsel, whose legal fees will be deducted from the fees received by Attorney and will be the sole and exclusive responsibility of Attorney.

3. **CLIENT'S DUTIES.** Clients agree to be truthful with Attorney, to cooperate, to keep Attorney informed of developments, to abide by this Agreement, and to pay bills for reasonably incurred costs on time.

4. **LEGAL FEES, COSTS AND BILLING PRACTICES.** For legal services rendered, Attorney will receive (a) an one-time payment of $100.00 and (b) Attorneys' standard hourly fees and out-of-pocket costs if a legal defense fund is established to benefit Clients and has sufficient funds to pay such fees and costs. In addition, in the event Attorney assists Clients in finalizing any book or media opportunity that results in Clients being paid, Attorney and Client agree that Attorney shall be entitled to a reasonable percentage to be agreed upon between Clients and Attorney.

5. **NEGOTIABILITY OF FEES.** The rates set forth above are not set by law, but were negotiated between Attorney and Clients.

6. **INSURANCE COVERAGE.** Attorney maintains errors and omissions insurance coverage applicable to the services to be rendered to Clients and will provide a certificate of insurance evidencing such coverage upon request.

7. **ARBITRATION. Any dispute arising under this Contract or in connection with Attorney's services hereunder, including any claim by Clients against Attorney for malpractice or other tort claim, shall be resolved by binding arbitration before JAMS located in Los Angeles, California. Such arbitration shall be conducted in accordance with the arbitration rules and procedures of JAMS then in effect. Clients acknowledges that they have been fully advised of all of the possible consequences of arbitration including but not limited to:**

**EXHIBIT**

**A**

a. **If a malpractice action arises from this Agreement, neither the Clients nor Attorney will have the right to a jury trial.**
b. **All parties retain the right to retain counsel to prepare their respective claims and/or defenses for the arbitration hearing.**
c. **Clients can choose or hire an attorney who may not request or whose retainer agreement does not contain an arbitration provision.**

8. **RELATED UNKNOWN MATTERS.** Clients represent that Clients do not know of any related legal matters that would require legal services to be provided under this Agreement. If such a matter arises later, Clients agree that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Clients desire Attorney to perform that additional legal work.

9. **DISCHARGE AND WITHDRAWAL.** Clients may discharge Attorney at any time, upon written notice to Attorney, and Attorney will immediately after receiving such notice cease to render additional services in a manner that avoids foreseeable prejudice to Clients.

Attorney may withdraw from representation of Clients (a) with Clients' consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Clients.

10. **CONCLUSION OF SERVICES.** After Attorney's services conclude, Attorney will, upon Clients' request, deliver Clients' entire file to Clients, along with any Client funds or property in Attorney's possession.

11. **DISCLAIMER OF GUARANTEE. Nothing in this Agreement and nothing in Attorney's statements to Clients before or after the signing of this Agreement will be construed as a promise or guarantee about the outcome of Clients' matter. Attorney makes no such promises or guarantees. There can be no assurance that Clients will recover any sum or sums in this matter. Attorney comments about the likely outcome of Clients' claims are expressions of opinion only.**

12. **EFFECTIVE DATE.** This Agreement will take effect when Clients have performed the conditions stated in Paragraph 1. The date at the beginning of this Agreement is for reference only.

**"Attorney"**

EAGAN AVENATTI, LLP; AVENATTI & ASSOCIATES, APC; MICHAEL J. AVENATTI

_____
Michael J. Avenatti

I have read and understood the foregoing terms and agree to them. By signing this Agreement, I further acknowledge receipt of a fully executed duplicate of this Agreement.

**"Clients"**

STEPHANIE CLIFFORD AKA STORMY DANIELS

_____
Stephanie Clifford aka Stormy Daniels

**EAGAN AVENATTI, LLP**
**520 Newport Center Drive, Suite 1400**
**Newport Beach, CA 92660**
**(949) 706-7000**

**February 27, 2018**

**ATTORNEY-CLIENT FEE CONTRACT**

This ATTORNEY-CLIENT FEE CONTRACT (this "Agreement") is the written fee contract that California law requires lawyers to have with their Client.  It is between Eagan Avenatti, LLP; Avenatti & Associates, APC and Michael J. Avenatti, Esq. (collectively, the "Attorney") on the one hand and Stephanie Clifford aka Stormy Daniels (collectively, the "Clients" and each a "Client"), on the other.

**1.      CONDITIONS.**  This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Clients return a signed copy of this Agreement.

**2.      SCOPE OF SERVICES.**  Clients are hiring Attorney to represent Clients in connection with (a) providing Clients with counsel and advice relating to Clients prior negotiation and execution of various alleged agreements concerning Clients' prior relationship with Donald Trump; (b) providing Clients with counsel and advice concerning various media appearances; and (c) assisting Clients with voiding various alleged agreements concerning Clients' prior relationship with Donald Trump.  Attorney will provide those legal services reasonably required to represent Clients and take reasonable steps to inform Clients of progress and to timely respond to Clients' inquiries.  In addition, Attorney may at any time and at its discretion retain outside and/or local counsel, whose legal fees will be deducted from the fees received by Attorney and will be the sole and exclusive responsibility of Attorney.

**3.      CLIENT'S DUTIES.**  Clients agree to be truthful with Attorney, to cooperate, to keep Attorney informed of developments, to abide by this Agreement, and to pay bills for reasonably incurred costs on time.

**4.      LEGAL FEES, COSTS AND BILLING PRACTICES.**  For legal services rendered, Attorney will receive (a) an one-time payment of $100.00 and (b) Attorneys' standard hourly fees and out-of-pocket costs if a legal defense fund is established to benefit Clients and has sufficient funds to pay such fees and costs.  In addition, in the event Attorney assists Clients in finalizing any book or media opportunity that results in Clients being paid, Attorney and Client agree that Attorney shall be entitled to a reasonable percentage to be agreed upon between Clients and Attorney.

**5.      NEGOTIABILITY OF FEES.**  The rates set forth above are not set by law, but were negotiated between Attorney and Clients.

**6.      INSURANCE COVERAGE.**  Attorney maintains errors and omissions insurance coverage applicable to the services to be rendered to Clients and will provide a certificate of insurance evidencing such coverage upon request.

**7.   ARBITRATION.  Any dispute arising under this Contract or in connection with Attorney's services hereunder, including any claim by Clients against Attorney for malpractice or other tort claim, shall be resolved by binding arbitration before JAMS located in Los Angeles, California. Such arbitration shall be conducted in accordance with the arbitration rules and procedures of JAMS then in effect.  Clients acknowledges that they have been fully advised of all of the possible consequences of arbitration including but not limited to:**

EXHIBIT

A

   a. **If a malpractice action arises from this Agreement, neither the Clients nor Attorney will have the right to a jury trial.**
   b. **All parties retain the right to retain counsel to prepare their respective claims and/or defenses for the arbitration hearing.**
   c. **Clients can choose or hire an attorney who may not request or whose retainer agreement does not contain an arbitration provision.**

**8. RELATED UNKNOWN MATTERS.** Clients represent that Clients do not know of any related legal matters that would require legal services to be provided under this Agreement. If such a matter arises later, Clients agree that this Agreement does not apply to any such related legal matters, and a separate Agreement for provision of services and payment for those services will be required if Clients desire Attorney to perform that additional legal work.

**9. DISCHARGE AND WITHDRAWAL.** Clients may discharge Attorney at any time, upon written notice to Attorney, and Attorney will immediately after receiving such notice cease to render additional services in a manner that avoids foreseeable prejudice to Clients.

Attorney may withdraw from representation of Clients (a) with Clients' consent, or (b) upon court approval, or (c) if no court action has been filed, upon reasonable notice to Clients.

**10. CONCLUSION OF SERVICES.** After Attorney's services conclude, Attorney will, upon Clients' request, deliver Clients' entire file to Clients, along with any Client funds or property in Attorney's possession.

**11. DISCLAIMER OF GUARANTEE.** Nothing in this Agreement and nothing in Attorney's statements to Clients before or after the signing of this Agreement will be construed as a promise or guarantee about the outcome of Clients' matter. Attorney makes no such promises or guarantees. There can be no assurance that Clients will recover any sum or sums in this matter. Attorney comments about the likely outcome of Clients' claims are expressions of opinion only.

**12. EFFECTIVE DATE.** This Agreement will take effect when Clients have performed the conditions stated in Paragraph 1. The date at the beginning of this Agreement is for reference only.

   **"Attorney"**

   EAGAN AVENATTI, LLP; AVENATTI & ASSOCIATES, APC; MICHAEL J. AVENATTI

   _____
   Michael J. Avenatti

I have read and understood the foregoing terms and agree to them. By signing this Agreement, I further acknowledge receipt of a fully executed duplicate of this Agreement.

   **"Clients"**

   STEPHANIE CLIFFORD AKA STORMY DANIELS

   _____
   Stephanie Clifford aka Stormy Daniels