**IN THE UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE CLIFFORD | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-00119 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| SHANA M. KECKLEY, ET AL. | : | |
| | : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| STEPHANIE CLIFFORD | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-mc-00047 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| DONALD J. TRUMP | : | |
| | : | |
| Defendant. | : | |

**JUDGMENT CREDITOR DONALD J. TRUMP'S RESPONSE TO**
**PLAINTIFF STEPHANIE CLIFFORD'S NOTICE TO THE COURT (DOC. 57)**

Judgment Creditor Donald J. Trump ("Judgment Creditor") submits the following Response to Plaintiff Stephanie Clifford's ("Ms. Clifford") *Notice to the Court* (Doc. 57), filed on April 10, 2020:

The Central District of California Clerk's April 10, 2020 Notice states that Judge Otero's December 11, 2019 Order awarding Judgment Creditor a total of $293,052.33 in attorneys' fees and sanctions against Ms. Clifford (the "Attorneys' Fees Order") is a minute order that "cannot be certified as a judgment." Judgment Creditor submits that the Clerk's conclusion is erroneous. The Attorney's Fees Order is a valid, final judgment against Ms. Clifford that is registrable with

this Court for among other reasons, the reasons stated in *Judgment Creditor Donald J. Trump's Response To Plaintiff Stephanie Clifford's Brief At The Request Of Court Re: Attorney Fees* (Doc. 55 in *Clifford v. Keckley*, Case No. 19-cv-00119), incorporated by reference as if fully rewritten herein.

All that is required to duly register a foreign judgment is (i) a judgment (ii) that has become final by appeal or expiration of the time for appeal. 28 U.S.C. § 1963. These requirements have been satisfied because, under well-settled law, the Attorneys' Fees Order is a valid judgment. Federal Rule of Civil Procedure 58, as amended in 2002, sets forth the procedures for entry of judgment and provides that a judgment for attorneys' fees need not be set out in a separate document. Fed. R. Civ. Proc. 58(a)(3). "[S]ince 2002, Rule 58(a)(3) has provided that no separate document is required 'for an order disposing of a motion for attorney's fees under Rule 54.'" *Feldman v. Olin Corp.*, 673 F.3d 515, 516 (7th Cir. 2012). The *Feldman* Court further explained that the "no separate document" rule is not limited to attorneys' fees specifically awarded pursuant to Federal Rule of Civil Procedure 54. Further, the Attorneys' Fees Order is final because the time to appeal has expired. The Central District of California Clerk's stated "clerical error" does not change the validity of the judgment or any of the propositions of law cited in *Judgment Creditor Donald J. Trump's Response To Plaintiff Stephanie Clifford's Brief At The Request Of Court Re: Attorney Fees* (Doc. 55 in *Clifford v. Keckley*, Case No. 19-cv-00119).

Despite Ms. Clifford's arguments, the Central District of California Clerk cannot de-certify a certified final judgment by stating it was a clerical error. Further, in Ms. Clifford's *Notice To The Court* she asserts that on March 19, 2020, she filed a Motion with the Central District of California asserting that the CIVIL MINUTE ORDER was not a final money

judgment and the clerk's certification was in error (the "Motion"). Ms. Clifford fails to attach a copy of the Motion, **which was never ruled upon** by Judge Otero or the new presiding judge: Judge Josephine L. Staton. The Central District of California Clerk does not have judicial authority to rule upon the Motion. Such a determination is contrary to the power of the judiciary and could only be made by Judge Otero or Judge Staton.

Accordingly, and notwithstanding the fact that it was not the Central District of California Clerk's original Certification that made the Attorneys' Fees Order a final judgment, Judgment Creditor intends to file a motion with the Central District of California to certify that Judgment Creditor possesses a valid and enforceable judgment against Ms. Clifford. Judgment Creditor respectfully requests that the Court stay the release of any of the funds it is holding in this matter until said motion is decided. In the alternative, and if this Court is not willing to wait on a judicial ruling from Central District of California, Judgment Creditor respectfully requests that the parties be permitted to formally and fully brief the issues with this Court, prior to the release of any of the funds.

Respectfully submitted,

*/s/ Dan J. Binau*
DAN J. BINAU (0025376), *Trial Attorney*
Harris, McClellan, Binau & Cox P.L.L.
37 West Broad Street, Suite 950
Columbus, Ohio 43215
Telephone: (614) 464-2572
Facsimile: (614) 464-2245
E-Mail: dbinau@hmbc.com
Counsel for Judgment Creditor, Donald J. Trump

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed through the Court's CM/EFC filing system this 13th day of April, 2020, which shall serve a copy of the document upon all registered counsel of record.

*/s/ Dan J. Binau*
DAN J. BINAU (0025376)
Counsel for Judgment Creditor, Donald J. Trump
