# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a. STORMY DANIELS, an individual, | : : : : | Civil Action No. 2:19-CV-00119 |
| | | Judge: Michael H. Watson |
| Plaintiff, | : : | Magistrate Judge: Elizabeth P. Deavers |
| v. | : : | |
| SHANA M. KECKLEY, et. al. | : : : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| STEPHANIE CLIFFORD AKA STORMY DANIELS | : : : | Civil Action No. 2:19-MC-47-MHW-KAJ |
| Plaintiff, | : : | Judge: Michael H. Watson |
| v. | : : | Magistrate Judge: Kimberly A. Jolson |
| DONALD J. TRUMP | : : : | |
| Defendant. | : | |

_____

## PLAINTIFF CLIFFORD'S REPLY TO TRUMP'S RESPONSE TO PLAINTIFF'S NOTICE TO THE COURT

_____

Plaintiff Stephanie Clifford replies to Donald J. Trump's Response (Dkt. 58) to her Notice to the Court (Dkt. 57). In her notice, Ms. Clifford had advised this Court that following her motion to the Central District of California to annul its Court Clerk's Certification of Judgment, the Clerk, within days of that motion, *sua sponte* filed a Notice of Clerical Error. The Notice of Clerical Error rescinded the Court Clerk's prior certification of the CIVIL MINUTE ORDER that Mr. Trump sought to have registered in this district as a money judgment. The C.D. of California Court Clerk made clear that the order Mr. Trump was calling a judgment is "not a judgment. Therefore, it cannot be certified as a judgment." Dkt. 57-1.

In his response, Mr. Trump essentially claims that, even without a certified judgment, this Court can ignore 28 U.S.C. §1963's clear words and register and enforce a minute order awarding attorney fees and costs as a "final judgment." Second, he also claims that the Court Clerk's decision and conclusion to rescind certification of the order are erroneous and this Court should essentially ignore them. Finally, he claims that the Court Clerk's actions do not have the imprimatur of the C.D. of California, thus are invalid.

Mr. Trump's arguments lack merit and are unmoored from the salient facts and procedural posture of this proceeding. To begin with, Mr. Trump sought to register the CIVIL MINUTE-ORDER GENERAL in this district under 28 U.S.C. §1963, the registration of judgments statute. "We begin, as usual, with the statutory text." *Maslenjak v. United States*, 137 S. Ct. 1918, 1924 (2017). Section 1963 provides that a judgment can be registered only in another federal judicial district "by filing **a certified copy of the judgment** . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. §1963 (emphasis added). If, as here, "the language of the statute is clear, the court applies the statute as written." *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017).

1

The C.D. of California Court Clerk rescinded the prior certification because it was as a result of a clerical error. *See* Dkt. 57-1. With that rescission, the prior certification was effectively abrogated and canceled. *See*, *Rescind*, *Black's Law Dictionary* 1562 (11th 2019). There is, thus, no certified judgment (or otherwise) to trigger registration under 28 U.S.C. §1963. The C.D. of California Court Clerk also confirmed that the order Mr. Trump sought to register in this district is not a final judgment. *See* Dkt. 57-1.

Mr. Trump's claims that the Court Clerk's actions where done without the C.D. of California's approval or acquiescence lack merit. As noted, the C.D. of California Court Clerk, within days of Ms. Clifford's motion challenging the propriety of her certification of a minute order as a final judgment, *sua sponte* filed a Notice of Clerical Error. The Court Clerk's actions have received the District Judge's imprimatur because after reviewing Ms. Clifford's motion and the Court Clerk's actions, the district court judge determined that Plaintiff's grievance and motion about the propriety of the Court Clerk's certification were moot. *See* Order of C.D. of California Denying as Moot Motion to Annul or Vacate Court Clerk's Certification, enclosed as Exhibit A.

Thus, without a certified final judgment, Mr. Trump cannot satisfy 28 U.S.C. §1963. That is reason enough for this Court not to register (or enforce as a valid judicial lien in this district) the minute order. More so when, as here, the issuing court does not even consider the minute order a final registrable judgment. *See* Dkt. 57-1; *see also* Ex. A. In fact, this is a fitting juncture to apply "the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — [which] counsels [this Court] to go no further." *PDK Labs. Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment).

Simply put, there is no underlying judgment that this Court may register as a foreign judgment. As a result, the plain language of 28 U.S.C. §1963 excludes the erroneous registering of any order that lacks certification as a judgment by the issuing clerk.

Mr. Trump was wrong to attack the actions of the C.D. Court Clerk in this Court. Whether the C.D. of California or its Court Clerk are wrong about the status of the minute order at issue are not questions this Court has subject-matter jurisdiction to review. We are unaware of any subject-matter jurisdiction that exists for one federal judge from one district to review (and essentially entertain an appeal) of an order from another federal judge *under these circumstances*. Cf. *Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) (unpublished) (dismissing for lack of subject-matter jurisdiction a lawsuit against a district court judge for dismissing a case brought before another district court judge in the same district).

In sum, there being no adverse party here with a valid judicial lien on the settlement proceeds, this Court should release those proceeds deposited with the Court to Ms. Clifford and her counsel.

          Respectfully Submitted,

          /s/ *Chase A. Mallory*_____
          Chase A. Mallory (0084728)
          Chase@SabolMallory.com
          SABOL MALLORY, LLC
          743 South Front Street
          Columbus, Ohio 43206
          phone: (614) 300-5088
          fax: (614) 636-4545

          /s/ *Daniel J. Sabol*
          Daniel J. Sabol (0081403)
          Dan@SabolMallory.com
          SABOL MALLORY, LLC
          743 South Front Street
          Columbus, Ohio 43206
          phone: (614) 300-5088

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Admitted Pro Hac)
Guy A. Fortney - OBA #17027 (Admitted Pro Hac)
Mbilike Mwafulirwa OBA# 31164 (Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 17, 2020 a true and exact copy of the above and foregoing document was served via the Court's CM/ECF filing system to all registered counsel of record.

*/s/ Guy A. Fortney*

4