# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE CLIFFORD a.k.a.<br>STORMY DANIELS, an individual, | : | Civil Action No. 2:19-CV-00119 |
| | : | Judge:  Michael H. Watson |
| Plaintiff, | : | Magistrate Judge: Elizabeth P. Deavers |
| v. | : | |
| SHANA M. KECKLEY, et. al. | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| STEPHANIE CLIFFORD<br>AKA STORMY DANIELS | : | Civil Action No. 2:19-MC-47-MHW-KAJ |
| Plaintiff, | : | Judge: Michael H. Watson |
| v. | : | Magistrate Judge: Kimberly A. Jolson |
| DONALD J. TRUMP | : | |
| Defendant. | : | |

_____

## PLAINTIFF CLIFFORD'S OPPOSITION TO A STAY

### (Dkt. No. 61)

_____

## **PLAINTIFF STEPHANIE CLIFFORD'S OPPOSITION TO A STAY**

Plaintiff Stephanie Clifford files this responsive pleading to oppose Donald J. Trump's request for a stay (Dkt. 61 p. 2). As detailed below, Mr. Trump has failed to show a strong likelihood of success or that he will suffer irreparable harm if the Court refuses to issue a stay. Thus, this Court should deny a stay and expeditiously move to release the settlement funds.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). Instead, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Even so, the district court does not have unbridled discretion to stay proceedings. *Nken v. Holder*, 556 U.S. 418, 434 (2009) ("The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion.'"). A party seeking a stay must satisfy four elements: (1) the movant must make a "strong showing" of likelihood for success; (2) that absent a stay, the movant will suffer irreparable harm; (3) whether the court's issuance of a stay will harm the non-movant or other parties to the proceeding; and (4) where the public interest lies. *Id.*

Those factors are the same as those applicable to preliminary injunctions. *Id*; *see also State of Ohio ex rel. Celebrezze v. Nuclear Reg. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). Understood in that sense, "*[t]he single most important prerequisite* for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is *likely to suffer irreparable harm before a decision on the merits can be rendered*." 11A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure § 2948.1* (April 2020 Update) (emphasis added). The Supreme Court has confirmed as much. *Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

1

Economic harm, however substantial, does not constitute irreparable harm. *Id.* at 90. The Sixth Circuit has also repeatedly made the same point. *State ex rel. Celebrezze*, 812 F.2d at 291. ("[M]ere economic loss does not constitute irreparable injury."); *accord Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). The limited exception is for economic damages that threaten the existence of the movant's business or "financial ruin." *Performance Unlimited, Inc. v. Questar Pub., Inc.*, 52 F.3d 1373, 1382–83 (6th Cir. 1995).

As applied here, Mr. Trump's request for a stay should fail two-fold: (1) he cannot show that he will suffer irreparable harm or (2) a strong likelihood for success. Addressing first, irreparable harm. Mr. Trump can't show irreparable harm. At worst, Mr. Trump only stands to suffer economic harm if the decision to release the settlement funds is erroneous. But, as noted, economic harm, however substantial, does not constitute irreparable harm. *Sampson*, 415 U.S. at 90. The Sixth Circuit has also made the same point. *State ex rel. Celebrezze*, 812 F.2d at 291. ("[M]ere economic loss does not constitute irreparable injury."). Moreover, Mr. Trump—a self-proclaimed billionaire—cannot show that depriving him of the $293,052.33 will cause him financial ruin. *See Performance Unlimited*, 52 F.3d at 1382–83 (economic harm that would cause financial ruin can satisfy irreparable harm). Because Mr. Trump cannot show irreparable harm, that is reason enough to deny a stay. *Mount Clemens Inv. Grp., L.L.C. v. Borman's Inc.*, No. 10–12679, 2010 WL 3998095, at *3 (E.D. Mich. Oct. 12, 2012) (reasoning that district court need not evaluate other factors where failure to demonstrate irreparable harm is fatal to movant's motion).

Mr. Trump also cannot succeed for a second reason: he cannot show likelihood of success. Mr. Trump cannot satisfy the statutory requirements for registration under 28 U.S.C. §1963. Trump sought to register the CIVIL MINUTE ORDER GENERAL in this district under 28 U.S.C. §1963, the registration of judgments statute. "We begin, as usual, with the statutory text."

2

*Maslenjak v. United States*, 137 S. Ct. 1918, 1924 (2017). Section 1963 provides that a judgment can be registered only in another federal judicial district "by filing a certified copy of the judgment . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. §1963 (emphasis added). If, as here, "the language of the statute is clear, the court applies the statute as written." *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017).

The C.D. of California Court Clerk rescinded the prior certification because it was as a result of a clerical error. *See* Dkt. 57-1. With that rescission, the prior certification was effectively abrogated and canceled. *See*, Rescind, *Black's Law Dictionary* 1562 (11th 2019). There is, thus, no certified judgment (or otherwise) to trigger registration under 28 U.S.C. §1963. The C.D. of California Court Clerk also confirmed that the order Mr. Trump sought to register in this district is not a final judgment. *See* Dkt. 57-1. Simply put, there is no underlying certified judgment that this Court may register as a foreign judgment. As a result, the plain language of 28 U.S.C. §1963 excludes the erroneous registering of any order that lacks certification as a judgment by the issuing clerk. Whether the clerk of that other federal court (and the judge who let her actions stand) was wrong to do is a question that this Court could surely not address.[1] We are unaware, as noted in our prior filings, of any jurisdictional basis for such a far-reaching inquiry, where one federal district court essentially entertains an appeal of another federal district court's actions.

In conclusion, this Court should deny Mr. Trump's request for a stay and expeditiously move to release the settlement funds to Plaintiff and her attorneys.

---

[1] We note that Mr. Trump filed a notice with this Court attaching the motion he filed with the Central District of California federal court. That motion, among other things, seeks to undo the rescission of his certification of judgment. Ms. Clifford plans to fully oppose that motion. Thus, notwithstanding any claimed merits of Mr. Trump's motion, because he cannot show irreparable harm here, this Court should refuse to issue a stay.

3

Respectfully Submitted,

/s/ *Chase A. Mallory*
Chase A. Mallory (0084728)
Chase@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088
fax: (614) 636-4545

/s/ *Daniel J. Sabol*
Daniel J. Sabol (0081403)
Dan@SabolMallory.com
SABOL MALLORY, LLC
743 South Front Street
Columbus, Ohio 43206
phone: (614) 300-5088

/s/ *Guy A. Fortney*
Clark O. Brewster - OBA #1114 (Pro Hac)
Guy A. Fortney - OBA #17027 (Pro Hac)
Mbilike Mwafulirwa OBA# 31164 (Pro Hac)
BREWSTER & DE ANGELIS
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021 - Telephone
(918) 742-2197 - Facsimile

*Attorneys for the Plaintiff*

4

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2020 a true and exact copy of the above and foregoing document was served via the Court's CM/ECF filing system to all registered counsel of record.

*/s/ Guy A. Fortney*