# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Stephanie Clifford,**

       **Plaintiff,**

    **v.**                                **Civil Action 2:19-cv-119**

                                            **Judge Michael H. Watson**

**Shana M. Keckley, *et al.*,**

                                            **Magistrate Judge Deavers**

       **Defendants.**

## <u>OPINION AND ORDER</u>

Stephanie Clifford ("Plaintiff") and the City of Columbus[1] entered into a settlement agreement which fully resolves the underlying dispute in this case. Since settlement, things have become more complicated because multiple parties claim entitlement to a portion of Plaintiff's settlement award.

## I.    FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff's former attorney, Michael Avenatti ("Avenatti"), filed a Notice of Attorney Lien and sought to collect from the settlement award for unpaid attorney's fees.   ECF No. 40.   Avenatti subsequently withdrew that notice because he and Plaintiff are arbitrating the contested fees, but he asks the Court to stay any payout of the settlement funds to Plaintiff until the arbitration is resolved.[2]  *See* ECF No. 45.   Even though Avenatti withdrew the Notice of

---

[1] The City of Columbus has deposited the funds with the Clerk of Court and is no longer an active participant in this case.  *See* ECF No. 53.

[2] Plaintiff moved to strike Avenatti's Notice of Attorney Lien, but because Avenatti's

Attorney Lien, Plaintiff subsequently moved for sanctions under Rule 11 against Avenatti for that filing and for his request of a stay.   ECF No. 49.

Donald J. Trump ("Trump"), in his individual capacity, also filed a Notice of Interested Party and Notice of Registered Foreign Judgment, contending that a judgment awarded to him and against Plaintiff in a separate lawsuit in California entitles him to a portion of the settlement funds in this case.   ECF Nos. 42, 43. Plaintiff moved to vacate Trump's registered judgment, ECF No. 47, and subsequently has filed a Notice indicating that Trump did not receive a valid certificate of judgment against her because the Clerk for the California court has since rescinded the certification as having been issued in error.   ECF No. 57. Thereafter, Trump filed a Notice indicating that a hearing in the United States District Court for the Central District of California is currently scheduled for July 17, 2020, to determine whether to certify the attorney's fee award as a judgment. ECF No. 61.   Trump seeks a stay until that matter is resolved.

Finally, Plaintiff's current attorneys in this lawsuit seek to collect their attorney's fees before either Avenatti or Trump can collect their purported shares of the settlement proceeds.

The Court initially had asked the parties to brief only the issue of whether Plaintiff's current attorneys could collect their fees from the settlement award

---

Notice has been withdrawn, the Court **DENIES as MOOT** Plaintiff's motion to strike. ECF No. 41.

prior to deciding whether any of the interested parties were entitled to a portion of the settlement funds. But it appears the parties could not separate out the issue of payment priority from the issue of whether Trump and Avenatti have a valid, enforceable interest in the settlement funds at all. Indeed, one of Plaintiff's arguments as to why her current attorneys should be paid first is that Trump and Avenatti do not have any valid legal claims to the settlement funds. *See* ECF No. 54. Given the parties' briefings and the subsequent filings in this case, resolution of Trump's and Avenatti's purported interest negates the need to decide the original issue.

## II.    ANALYSIS

### A. Avenatti's Interest in the Settlement Funds

As it currently stands, Avenatti has withdrawn his Notice of Attorney Lien; as a result, he has no valid, enforceable interest in a share of the settlement funds. *See* ECF No. 45. Nevertheless, he argues that the Court should stay this case until he and Plaintiff complete arbitration, presumably because he could have an enforceable interest in the future. ECF Nos. 45, 52, 56.

Although Avenatti argues that he is entitled to a portion of the settlement funds "under California law," he fails to cite to any legal support justifying his request for a stay of this case until he and Plaintiff finish arbitration. *See* Resp. 2, ECF No. 56 (citing *Flannery v. Prentice*, 26 Cal. 4th 572, 588–89 (Cal. 2001) (finding that an attorney can still be entitled to fees absent a written fee

agreement); *Hendricks v. Superior Court of San Francisco*, 197 Cal. App. 2d 586, 589 (1961) (no mention of arbitration, only holds that in an attorney fee dispute, "[c]ompensation must be sought in an independent action by the attorney against the client, and not by application to the court in which the litigation is pending."); *see also Carroll v. Interstate Brands Corp.*, 99 Ca. App. 4th 1168, 1173 (2002) (similarly holding that "[a]fter the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it.")). None of those cases support his argument that a stay of *this* litigation is required while the separate action to determine the attorney lien is pending.

Accordingly, because Avenatti has withdrawn his Notice of Attorney Lien and has not supported his request to stay the payout of funds to Plaintiff, the Court **DENIES** Avenatti's request for a stay pending the outcome of arbitration.

The Court also **DENIES** Plaintiff's request for Rule 11 sanctions against Avenatti because the primary basis for the motion was Avenatti's Notice of Attorney Lien, which he withdrew during the safe harbor period before Plaintiff filed her Rule 11 motion. ECF No. 49.

### B. Trump's Interest in the Settlement Funds

Trump likewise does not have a certified, enforceable judgment against Plaintiff. Trump indicated that he had a judgment against Plaintiff, from a prior lawsuit in the Central District of California, for attorney's fees in the amount of

$293,052.33, in Case Number 18-cv-06893-SJO. ECF No. 43. He also attached a "Clerk's Certification of a Judgment to Be Registered in Another District" which certified that the Central District of California had entered a judgment in Trump's favor against Plaintiff. *See* ECF No. 43-1. Plaintiff filed a motion to vacate that registered judgment, arguing that the award was contained in the California District Court's Civil Minute Entry, which did not constitute a valid judgment. ECF No. 47.

On April 10, 2020, Plaintiff filed a Notice of Clerical Error with this Court from the Clerk of Court for the Central District of California. ECF No. 57. That notice stated:

> The attached Clerk's Certification of a Judgment to be Registered in Another District was issued in error by the Clerk. The document referenced in the Certification was a Minute Order (dkt. # 46), entered on 12/11/2018, not a judgment. Therefore, it cannot be certified as a judgment."

ECF No. 57-1.

Trump argues that the "Clerk's conclusion is erroneous," Resp. 1, ECF No. 58, and he has notified this Court that he has moved to certify the attorney's fees order for registration in the underlying Central District of California case. ECF No. 61. He likewise seeks a stay in this Court until his motion is resolved in that case. Notice, ECF No. 61. Plaintiff opposes the request for a stay. Obj., ECF No. 62.

"In the federal system, Congress has enacted 28 U.S.C. § 1963 which

permits a party to register certain federal judgments in other federal districts where they may be enforced." *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 707–08 (E.D. Ky. 2006). The statute provides in relevant part that:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be **registered by filing a certified copy of the judgment** in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (emphasis added).

Here, the plain language of the statute dictates the outcome. Trump argues that "[t]he Attorney's Fee Order is a valid, final judgment" that can nonetheless be registered with this Court pursuant to 28 U.S.C. § 1963 because "[a]ll that is required to duly register a foreign judgment is (i) a judgment (ii) that has become final by appeal or expiration of the time for appeal." Resp. 2, ECF No. 58. But Trump is glossing over a key requirement—how to register the foreign judgment in the first place. *See* 18 Moore's Federal Practice – Civil § 130.32 (2020) ("To register the judgment [under 28 U.S.C. § 1963], a person presents a *certified copy of the judgment* to the court clerk in the district for filing." (emphasis added)). Because the Central District of California's Clerk of Court

has rescinded its certification of judgment, there is no judgment to register under § 1963.   The Court will not enforce a judgment that has been rescinded.

To the extent Trump argues that the Central District of California Clerk of Court's rescission is erroneous or outside the scope of his authority, that is not for *this* Court to decide.   All that matters for this Court's review is whether the necessary steps to register a foreign judgment under § 1963 have been met. Because they have not, the Court cannot enforce an uncertified judgment.

Moreover, the Court finds that a stay is not warranted.   Trump currently has no certified, enforceable judgment against Plaintiff, and he offers no argument or caselaw to support his request for a stay. [3]   The Court will not grant a stay simply because a party requests one.

### III.    CONCLUSION

Having concluded that neither Avenatti nor Trump currently have an enforceable interest in the settlement funds and that a stay to determine if they will in the future is not warranted, the Court hereby **DIRECTS** the Clerk of Court to **RELEASE** the funds deposited pursuant to this Court's Order in ECF No. 50 to

---

[3] Trump asks in the alternative for more briefing on this issue, but he has made his position known in numerous filings, including: ECF Nos. 43, 55, 58, 60, 61.   The Court does not need additional briefing.   Although it is true that the Court had initially limited the scope of briefing, the parties did not fully adhere to the Court's parameters, and instead, briefed multiple issues others than the issue on which the Court initially requested briefing.   Thus, Trump had ample opportunity to provide the Court with some legal justification for a stay.   In any event, given the lack of enforceable judgment, the Court is disinclined to permit additional briefing regarding the stay, as it would be futile.

Plaintiff and her attorneys.   The Clerk is further **DIRECTED** to **TERMINATE** all pending motions and close this case.

**IT IS SO ORDERED.**


____/s/ Michael H. Watson_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**